UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                              Civil Nos. 03-CV-72701/72858-DT
                                         HONORABLE ARTHUR J. TARNOW
v.                                          UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE EX PARTE MOTION TO SHOW CAUSE AND THE JUSTIFIED MOTION FOR OPINION AND ORDER FINDING RESPONDENT'S AGENT IN CONTEMPT OF COURT

    Michael Charles Ward, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, previously filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading. Petitioner sought enforcement of this Court's order of September 13, 2004 which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordered that these two convictions be expunged from his record. On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment.

On October 23, 2007, this Court denied petitioner's motion for reconsideration. On December 7, 2007, the Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*. On December 27, 2007, this Court denied

1

*Ward v. Wolfenbarger,* 03-72701/72858

petitioner's motion for reconsideration of the Court's order denying him a certificate of appealability.

Petitioner has now filed an emergency "ex parte" motion to show cause the respondents why they should not be held in contempt of court and a related justified motion for an opinion and order finding respondent's agent to be in contempt of court. Petitioner again seeks enforcement of this Court's order of September 13, 2004.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006).

In the present case, petitioner has again failed to show that respondent failed to comply with the Court's order that petitioner's 1971 convictions be expunged from the records. Petitioner has offered this Court nothing other than conclusory allegations that the Parole Board has used his prior 1971 convictions as the basis for denying him release on parole.

Regardless of how petitioner characterizes these motions, these motions are merely an attempt to get this Court to reconsider its prior orders to deny petitioner permission to re-open his petition. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if

2

*Ward v. Wolfenbarger,* 03-72701/72858

the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motions will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court rejected petitioner's original motions to re-open the case and for summary judgment. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

**ORDER**

Based upon the foregoing, IT IS ORDERED that the emergency *ex parte* motion to show cause [Dkt. # 84] and the justified motion for opinion and order finding respondent's agent to be in contempt of court [Dkt. # 85] are **DENIED.**

                        S/Arthur J. Tarnow
                        Arthur J. Tarnow
                        United States District Judge

Dated: April 18, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 18, 2008, by electronic and/or ordinary mail.

                        S/Catherine A. Pickles
                        Judicial Secretary