UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,　　　　　　　　　　　　　Civil Nos. 03-CV-72701/72858-DT
　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE ARTHUR J. TARNOW
v.

HUGH WOLFENBARGER,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING PETITIONER'S RENEWED MOTION TO RE-OPEN THE CASE AND THE MOTION FOR RECONSIDERATION</u>**

Michael Charles Ward, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading, in which he sought enforcement of this Court's 2004 order which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordered that these two convictions be expunged from his record. On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment.

On October 23, 2007, this Court denied petitioner's motion for reconsideration. On December 7, 2007, the Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*. On December 27, 2007, this Court denied

1

*Ward v. Wolfenbarger,* 03-72701/72858

petitioner's motion for reconsideration of the Court's order denying him a certificate of appealability.

Petitioner subsequently filed an emergency "ex parte" motion to show cause the respondents why they should not be held in contempt of court and a related justified motion for an opinion and order finding respondent's agent to be in contempt of court, in which he again sought enforcement of this Court's 2004.  On April 18, 2008, this Court denied petitioner's ex parte motion to show cause and justified motion for opinion and order finding respondent's agent in contempt of court.  On March 12, 2010, this Court denied petitioner's motion for reconsideration of that decision.

On August 17, 2009, the Sixth Circuit affirmed this Court's decision denying petitioner permission to re-open his habeas petition. *See Ward v. Wolfenbarger,* 342 Fed. Appx. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010).           Petitioner filed another motion to re-open the petition for writ of habeas corpus, in which he yet again sought the issuance of an unconditional writ of habeas corpus, based upon respondent's alleged failure to comply with the Court's conditional writ.  Petitioner also filed a motion for reconsideration of the Court's March 12, 2010 order denying his earlier motion for reconsideration.  On September 20, 2010, this Court denied the motions. *Ward v. Wolfenbarger*, No. 2010 WL 3733984 (E.D. Mich. September 20, 2010).

Petitioner subsequently filed two notices of appeal from his consolidated habeas case. *See* U.S.C.A. Nos. 10-2287/2313 (6th Cir.).  On December 28, 2010, this Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis.*

*Ward v. Wolfenbarger,* 03-72701/72858

Petitioner has now filed a renewed motion to re-open the case, along with a motion for reconsideration of the Court's order denying him a certificate of appealability. For the reasons stated below, the motions are DENIED.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 Fed. Appx. at 137 (*quoting McKitrick v. Jeffreys*, 255 Fed.Appx. 74, 76 (6th Cir. 2007)).

Petitioner has once again failed to show that respondent failed to comply with the Court's order that petitioner's 1971 convictions be expunged from the records. Petitioner has yet again offered this Court "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his shot at parole. *Ward*, 342 Fed. Appx. at 137. Petitioner's self-serving affidavit that he was told by a parole board member that the Michigan Parole Board used his expunged 1971 convictions to deny him parole is an insufficient basis to grant an unconditional writ of habeas corpus. The other evidence offered by petitioner is almost identical to the evidence that he offered in his previous motions to re-open the

*Ward v. Wolfenbarger,* 03-72701/72858

habeas case. As mentioned by the Court in its previous decision, to the extent that petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition. Accordingly, the motion to re-open the habeas petition is DENIED.

The Court will also deny petitioner's motion for reconsideration. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner a certificate of appealability.

*Ward v. Wolfenbarger,* 03-72701/72858

## ORDER

Based upon the foregoing, IT IS ORDERED that the renewed motion to re-open the case [Dkt. # 106], and the motion for reconsideration [Dkt. # 110] are **DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  August 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 29, 2011, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary