UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

       Petitioner,

                                      CASE NO.  03-cv-727701/72858-DT
v.                                     HONORABLE ARTHUR J. TARNOW
                                      UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER, Warden,

       Respondent.
                                     /

**Amended[1] Answer to Petitioner's Renewed Request for
Enforcement of the Writ of Habeas Corpus**

**Introduction**

Petitioner Michael Ward is an inmate of the Michigan Department of Corrections serving a life sentence on a 1981 conviction for possession with intent to deliver over 650 grams of a mixture containing cocaine.  In 2003, Petitioner filed a petition for habeas corpus relief, contending that his 1971 convictions for possession of marijuana and possession of lysergic acid diethylamide (LSD) were preventing his release on parole (R 3; Petition filed 7/21/03). Respondent filed a response in March 2004 (R 15; Response filed 3/30/04).

In June 2004, this Court granted habeas relief (R 23; Opinion and Order filed 6/30/04). Subsequently, in September 2004, this Court ordered Petitioner's 1971 convictions expunged (R 40; Opinion and Order filed 9/14/04).  Respondent filed a notice of appeal (R 26; Notice of Appeal filed 7/29/04).  On November 11, 2004, the Michigan Parole Board granted Petitioner

---

[1] This amended answer corrects several typographical errors, all of which occurred on page 8.

parole and, therefore, the appeal was deemed moot and was dismissed on June 1, 2005 (R 44; Certified Order from the Sixth Circuit Court of Appeals entered 6/10/05).

On July 15, 2005, Petitioner was arrested and charged with one count of accosting children for immoral purposes, three counts of indecent exposure, three counts of furnishing alcohol to a minor, and one count of malicious destruction of a building. Petitioner was placed in the Huron County jail and held on the stated charges and as a parole violator. During his incarceration, Petitioner was housed with a man named Stephen Cline, who was charged with abusing his handicapped wife. Petitioner was able to gather information from Cline and use it to his advantage by offering to testify against Cline in exchange for the dismissal of the July 2005 charges (R 67; Response filed 3/6/07 and entered on 4/2/07). All criminal charges were dismissed and the arrest records expunged.

The July 2005 charges had resulted from Petitioner's arrest in a motel room, in which he was "partying" with three teenagers – who were 14, 15, and 16 years of age, respectively. Petitioner was reportedly nude from the waist down, watching pornographic videos and drinking and providing alcohol. Although these criminal charges were dismissed, Petitioner was nonetheless charged with violating the terms of his parole and was re-incarcerated on his 1981 conviction for possession with intent to deliver over 650 grams of a mixture containing cocaine.

In May 2006, Petitioner filed an emergency motion to reopen his previously decided habeas case, alleging that the State of Michigan failed to comply with the District Court's September 14, 2004 order expunging Petitioner's 1971 convictions (R 46; Emergency Motion filed 5/25/2006). In February 2007, this Court ordered Respondent to show cause for failing to comply with the District Court's September 14, 2004 order that granted Petitioner an unconditional writ of habeas corpus (R 57; Order filed 2/13/07). Respondent filed a response to

2

this Court's show-cause order (R 67; Response filed 3/6/07 and entered on 4/2/07). In March 2007, this Court denied Petitioner's motion to reopen his previously decided habeas case (R 66; Opinion and Order filed 3/29/07). Petitioner then filed a motion for reconsideration (R 68; Motion filed 4/9/07). In October 2007, this Court denied Petitioner's motion for reconsideration (R 76; Opinion and Order filed 10/23/07).

Petitioner filed a notice of appeal (R 77; Notice of Appeal filed 11/6/07). In April 2008, pursuant to Fed. R. App. P. 22(b), the Sixth Circuit granted Petitioner a certificate of appealability on whether this Court properly denied Petitioner's motion to reopen his prior habeas corpus action and to enforce this Court's grant of the writ of habeas corpus (R 86; Order from the Sixth Circuit filed 4/9/08).

The Sixth Circuit issued an unpublished opinion on August 17, 2009, affirming this Court's denial of Petitioner's motion to reopen the habeas case:

> In later assessing Ward's enforcement motion—brought after Ward had been granted parole and later rearrested—the court was not convinced that the State was still impermissibly considering the now-expunged convictions. And we agree with the district court that Ward offered "nothing other than speculation" that the Parole Board was taking into account the vacated 1971 convictions in a way that would prejudice his shot at parole. Ward did not show that the Huron County Clerk had failed to expunge the records, as specified in the *Ward II* order. Nor did he show that he was still suffering from what the court had earlier described as "the effects stemming from" the 1971 convictions.
>
> Although Ward submits Department of Corrections documents that reference the 1971 convictions, we have no evidence of any adverse consequences, direct or collateral, as a result of the persistent notation of the 1971 convictions on certain forms. To the contrary, Ward's parole was revoked *because of* his "no contest plea" and not because the Parole Board looked anew at the 1971 expunged convictions. By contrast, the State presented evidence that Ward's expunged 1971 convictions were no longer a factor in its assessment of his parole eligibility: it had *granted* Ward's parole after the *Ward II* order; the State maintained (in response to the court's show cause order) that the "Michigan Department of Corrections is not using [Ward's] convictions from 1971 to adversely affect his parole status or his placement in prison programs;" and a Department of Corrections parole after the *Ward II* order; the State maintained (in response to the court's show cause order) that the "Michigan Department of

3

> Corrections is not using [Ward's] convictions from 1971 to adversely affect his parole status or his placement in prison programs;" and a Department of Corrections Records Administrator's memorandum explained that expunged documents are "*not* accessible to anyone other than the Records Office Supervisor or Records Administrator" and should not "be used for classification or parole consideration towards any records that were not expunged."
>
> We therefore find that the district court reasonably interpreted the terms of the conditional writ it had issued, and, in light of the State's efforts and the intervening parole revocation for events unrelated to his 1971 convictions, concluded that Ward was not entitled to enforcement of the habeas order. Accordingly, we AFFIRM.

*Ward v. Wolfenbarger*, 342 Fed. Appx. 134 (6th Cir. 2009).

Again, Petitioner filed a motion to reopen the habeas actions. (R 94; Motion to Reopen Case; 1/28/10). This Court again denied the motion (R 103; Order Denying Motion to Reopen, 9/20/10) and denied Petitioner a certificate of appealability (R 107; Order Denying Certificate of Appealability, 12/28/10). Petitioner again sought relief in the Sixth Circuit Court of Appeals. On October 28, 2010, the Sixth Circuit issued an order on October 28, 2011 stating the following:

> . . . Ward recently submitted a letter dated September 22, 2011, addressed to the district court to which he appended a copy of a Michigan Department of Corrections basic information sheet that includes information that pertains to his 1971 convictions. However, these documents are not part of the district court record, and cannot be considered by this court in this first instance. *See* Fed. R. App. P. 10(a); *United States v. Bonds*, 12 F.3d 540, 552 (6th Cir. 1993).
>
> Upon consideration, this case is remanded to the district court so that it may reconsider its denial of a certificate of appealability in these cases in light of Ward's September 22, 2011, letter and appended copy of a Michigan Department of Corrections basic information sheet.

(R 125; Order, *Ward v. Wolfenbarger*, Nos. 10-2287/2313).

This Court's Opinion and Order requesting a response followed.

**Argument**

I. **Petitioner's assertion that he is entitled to release due to an alleged reference to his 1971 convictions for possession of marijuana and LSD in his Michigan Department of Corrections record is not only not substantiated/authenticated, but even if this allegation is true, the facts of this matter remain unchanged since the Sixth Circuit issued its opinion in 2009, and therefore the relief sought by Petitioner is barred under the doctrine of law of the case.**

On remand from the Sixth Circuit, Petitioner again alleges that the State of Michigan has failed to comply with this Court's September 14, 2004 order, which granted Petitioner an unconditional writ of habeas corpus and directed that Petitioner's 1971 convictions for possession of marijuana and LSD be expunged from his record. Specifically, Petitioner contends that the State has allowed a document referring to Petitioner's 1971 convictions to remain in his file and—as proof—has provided what he claims is a Basic Information Sheet from the Michigan Department of Corrections records (purportedly dated September 15, 2011) which cites to the expunged 1971 convictions. He claims that this document, along with his "affidavit" where Petitioner avers that his parole officer told him that that his supervisor ordered him to continue considering the 1971 convictions despite the expungement order, that this same parole officer stated that the convictions are still cited on the "Parole Violation Worksheet and Decision," and that Parole Board member Artina Hardman told him that she represented the Board, that the Board's position that it would continue to disregard this Court's expungement order, and continue to use as "cause" the 1971 convictions to justify incarcerating Petitioner beyond 2007, all indicate that state authorities are not complying with this Court's 2004 expungement order. Moreover, Petitioner claims that "but for" the MDOC/parole authorities continued consideration of the expunged 1971 convictions, the authorities would not have elected to revoke his parole, would not have coerced him into pleading no-contest to the allegations supporting parole

5

revocation, and his parole would not have been revoked, and he would not now continue to be incarcerated.

These claims do not entitle Petitioner to any relief or even the grant of a certificate of appealability. There are two significant reasons why Petitioner is entitled to no relief. First, because his claims continue to be unsubstantiated/unauthenticated. Second, the doctrine of "law of the case" prevents relief from being granted to Petitioner where the facts and law have not changed since the Sixth Circuit ruled on these same claims in 2009.

### A. The MDOC Basic Information Sheet attached to Petitioner's letter of 9/22/11 is not self-authenticating and does not establish that, of this date, the MDOC has not complied with this Court's 2004 order or that the Parole Board has used the 1971 expunged convictions to deny Petitioner parole.

Petitioner claims that the Basic Information Sheet attached to his letter dated September 22, 2011 was created on August 29, 2011, and then distributed to the Parole Board and housing unit files, and that it is evidence that the MDOC/Parole Board is using the expunged 1971 convictions (in violation of this Court's 2004 order) to deny him parole.

First, Petitioner has not established the authenticity of this document. The document itself is certainly not self-authenticating. Petitioner has provided no evidence, i.e. an affidavit or averment from anyone other than himself that this this document is a "true copy" of a Basic Information Sheet currently on file with the MDOC/Parole Board.

However, even if the document is authentic, his claim that it has been widely distributed (i.e. to the Parole Board) and is being used to deny him parole is completely unsupported by anything other than his own claims that it is so. There is no basis for this Court to grant Petitioner any further relief based on claims that are simply unsupported and—as this Court has stated in the past—are simply speculative.

6

### B. The Sixth Circuit's 2009 decision on Petitioner's previous motion to reopen his habeas matter is law of the case.

Further, the Sixth Circuit's 2009 decision in this case, affirming this Court's denial of Petitioner's previous motion to reopen his habeas matter, and which squarely decided the issues on these same facts, bars a different result under the doctrine of "law of the case."

In 2009, the Sixth Circuit affirmed this Court's denial of Petitioner's motion to reopen his habeas matter as follows:

> Although Ward submits Department of Corrections documents that reference the 1971 convictions, we have no evidence of any adverse consequences, direct or collateral, as a result of the persistent notation of the 1971 convictions on certain forms. To the contrary, Ward's parole was revoked *because of* his "no contest plea" and not because the Parole Board looked anew at the 1971 expunged convictions. By contrast, the State presented evidence that Ward's expunged 1971 convictions were no longer a factor in its assessment of his parole eligibility: it had *granted* Ward's parole after the *Ward II* order; the State maintained (in response to the court's show cause order) that the "Michigan Department of Corrections is not using [Ward's] convictions from 1971 to adversely affect his parole status or his placement in prison programs;" and a Department of Corrections parole after the *Ward II* order; the State maintained (in response to the court's show cause order) that the "Michigan Department of Corrections is not using [Ward's] convictions from 1971 to adversely affect his parole status or his placement in prison programs;" and a Department of Corrections Records Administrator's memorandum explained that expunged documents are "*not* accessible to anyone other than the Records Office Supervisor or Records Administrator" and should not "be used for classification or parole consideration towards any records that were not expunged."
>
> We therefore find that the district court reasonably interpreted the terms of the conditional writ it had issued, and, in light of the State's efforts and the intervening parole revocation for events unrelated to his 1971 convictions, concluded that Ward was not entitled to enforcement of the habeas order. Accordingly, we AFFIRM.

*Ward v. Wolfenbarger*, 342 Fed. Appx. 134 (6th Cir. 2009) (emphasis original).

Petitioner's claims concerning the failure of the State to comply with this Court's 2004 order, including the claims delineated in his recent letters to this Court (i.e. regarding the Parole Board member Artina Hardman, Basic Information Sheets referencing the 1971 convictions, the

7

Parole Board using the convictions to deny him parole) were addressed by the Sixth Circuit Court of Appeals in its opinion dated August 17, 2009.

The law of the case doctrine—and its impact—was recently discussed by the Sixth Circuit as follows:

> The law of the case doctrine holds that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 2006). This doctrine renders a determination by the court of appeals binding upon the district court in subsequent stages of the same litigation. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). It thus generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved. *See In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002).

*Keith v. Bobby*, 618 F.3d 594 (6th Cir. 2010) (some parenthetical quotations and citations omitted). An exception to the law of the case doctrine exists where—for example—there is "substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (internal quotation marks omitted).

The law of the case doctrine squarely applies here and no exception applies. Petitioner is simply raising the same claims he has in the past and which the Sixth Circuit rejected on their merits in its opinion of August 17, 2009. There is no "substantially different evidence" presented now that was not before the Sixth Circuit in 2009. Even assuming arguendo that the Basic Information Sheet that Petitioner attaches to his letter of September 22, 2011 is authentic, he also referenced Basic Information Sheets citing the convictions during the appeal decided by the Sixth Circuit in 2009, and the Sixth Circuit *still* found that Petitioner was not entitled to enforcement of this Court's habeas order. Further, there has been no intervening authority that

works to undermine the Sixth Circuit's decision nor has Petitioner shown that the Sixth Circuit's opinion is a clearly erroneous decision that resulted in a manifest injustice.

In short, the Sixth Circuit's conclusion that Petitioner is not entitled to enforcement of the habeas order is binding on this Court under the doctrine of law of the case.

### C. Conclusion

This case comes before this Court much as it was before the Sixth Circuit in 2009. The facts remain virtually unchanged, except for the passage of time. The law remains unchanged as well. Yet, Petitioner again seeks habeas relief after both this Court and the Sixth Circuit have rejected his claims for such relief. Petitioner continues to make unsupported allegations concerning his record; including attaching an unauthenticated Basic Information Sheet to a letter he filed with this Court. However, even if that document is authentic, it would not change anything. It does not prove that the Parole Board has been denying him parole based on expunged convictions. It also does not prove that there has been continued, intentional violation of this Court's 2004 order. The Sixth Circuit had similar documents before it (and also had similar unsupported claims that Parole Board members were claiming that they were intentionally ignoring this Court's order regarding the expungement) yet it found that Petitioner was not entitled to further relief, a finding that is "law of the case."

Petitioner is entitled to no relief.

9

**A Certificate of Appealability Should Be Denied**

Effective December 1, 2009, newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. In the present case, the Court should deny issuance of a certificate of appealability.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a COA is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a COA or state the reasons why a COA shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In order to obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483-484 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack*, 529 U.S. at 483-484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order

may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S at 484.

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Slack,* 529 U.S at 484.

"The issuance of a COA must not be pro forma or a matter of course" and a habeas petitioner who seeks the issuance of a COA must show more than the absence of frivolity or the presence of good faith on his or her part in order to obtain a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 337-338 (2003). Finally, a habeas petitioner's conclusory assertion that jurists of reason would find his or her claims to be debatable is insufficient to warrant the issuance of a COA. See *Bagby v. Saffle*, 53 Fed. Appx. 25, 28 (10th Cir. 2002).

## Conclusion

For the reasons stated above, this Court should deny Petitioner further relief. The Court should also deny Petitioner any requested discovery, evidentiary hearings, bond, oral argument, any other relief he seeks in this action, and a certificate of appealability.

                                        Respectfully submitted,

                                        Bill Schuette
                                        Attorney General

                                        s/ <u>John S. Pallas</u>

                                        Assistant Attorney General
                                        Attorney for Respondent
                                        Appellate Division
                                        P.O. Box 30217
                                        Lansing, MI 48909
                                        pallasj@michigan.gov
                                        (517) 373-4875
                                        P42512

Dated:  December 2, 2011
Ward,Michael/Answer

**Certificate of Service**

I hereby certify that on December 2, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    HONORABLE ARTHUR J. TARNOW

and I hereby certify that Kimborly S. Musser has mailed by United States Postal Service the papers to the following non-ECF participant:

    #128267 MICHAEL WARD
    CARSON CITY CORRECTIONAL FACILITY
    10274 BOYER ROAD
    CARSON CITY, MI 48811-9746

    Bill Schuette
    Attorney General

    s/ John S. Pallas

    Assistant Attorney General
    Appellate Division
    P.O. Box 30217
    Lansing, MI  48909
    (517) 373-4875
    pallasj@michigan.gov
    P42512