UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER, Warden, et al.,

    Respondents.
_____/

Case Nos. 03-cv-72701/72858 (consolidated)

HONORABLE ARTHUR J. TARNOW

ON REMAND FROM CA6

FILED
JUN 26 2012
CLERK'S OFFICE
DETROIT

PETITIONER'S "SUPPLEMENT"
OF NEWLY DISCOVERED EVIDENCE
SHOWING "STATES" CURRENT/CONTINUED 6/18/12 CONTEMPT
OF DISTRICT COURT EXPUNGEMENT ORDER

IN SUPPORT OF PENDING PETITIONER PLEADINGS (POST-REMAND)

May it Please the Court:

    Pending disposition before this Court are numerous motions and supplements thereto. In further support of those motions/supplements, particularly Petitioner's "Motion for Judgment on the Pleadings, etc.," dated 4/30/12; "Motion for Leave to Supplement and to Strike Respondent's 3/5/12 **Affidavit** from Diana Judge; Opposing & Objecting to Respondent's 3/8/12 Affidavit Submission," dated 3/12/12; "Traverse (Reply) in Opposition to Respondents Answer to Court's Op/Ord of 11/2/11," dated 12/9/11, is the <u>newly discovered evidence</u> of the State's <u>present</u> (as of 6/18/12), flagrant "contempt"; evidence which belies the lack of credibility to be given the State's disingenuous "affidavit," of Diana Judge, having sworn to this Court that <u>all documents bearing</u> a citation to the two 1971 convictions ordered to be expunged by this Court, have in fact, been expunged (redacted). See, attached EXHIBIT "A". [1/]

    In October of 2011, a panel of the Sixth Circuit Court of Appeals, in CA6: 10-2287/10-2313 (consolidated) <u>retained jurisdiction</u>, and <u>REMANDED</u> to the District Court, E.D. Mich. (Hon. A.J. Tarnow), for consideration of "new" documentation,

---

[1/] To "expunge" means to leave "no trace." Grandison v Warden, 423 F. Supp. 112, 116 (D. Md. 1976) cited in Ward v Wolfenbarger, 340 F. Supp 2d 773 (E.D. Mich. 2004).

-1-

showing the State (Respondents) continue to generate/<u>create</u> documents citing to the two 1971 convictions that Dist Ct Judge Tarnow ordered to be "expunged" back in 2004. As of date, this District Court has <u>taken NO ACTION</u>. Other appeals <u>pending</u> on the same subject matter are: CA6 11-1284; 11-2043; 11-2367/11-2399 (consolidated).

Petitioner Ward has been incarcerated for some 34 years now on a non-violent cocaine possession case out of Washtenaw County, Michigan; was paroled 11/11/04, and sent back to prison as an alleged "technical" (parole) rule violator for an alleged incident occurring 7/15/05 (some 7 yrs ago). The alleged rule violation was an alleged "indecent exposure" that if criminally prosecuted is a "misdemeanor" and carries a maximum of 12 <u>months in the county jail</u>, MCLA 750.335a.

The State and its counsel(s) are well aware of the expungement order; and have been repeatedly instructed by both this Court, and a panel of the Sixth Circuit Court of Appeals, to <u>expunge</u>; yet flagrantly continue to create documents citing the expunged convictions. Surely, the State (and its agencies/agents) are in "contempt," and Petitioner Ward is, at this point, entitled to an order from this Court, of unconditional and immediate release upon a writ of habeas corpus. Petitioner has cited case law in his briefing. The State, as of date, has not opposed on the merits of Petitioner's claims.

<u>ATTACHED</u>: as <u>EXHIBIT</u> "A", is a document dated 6/18/12, titled "VERIFICATION OF INCARCERATION," on official letterhead with the names of the Dept of Corrections Director, and Michigan Governor. Petitioner requests this Court take this document into consideration, and thereafter issue a new opinion/order on the merits of the issue at hand.

It is Petitioner's position (uncontested by the State), that the "reason" he has been incarcerated so long, and not reinstated to parole, is because the Parole Authority has and continues to date, viewed him as a <u>repeat drug law offender</u>; and

using the two expunged convictions continues to view him as a "B" prefix (commitment), whereas if expunged his prefix would/should read "A" (i.e., the present Washtenaw County life sentence for possession of > 650 grams-cocaine); and as identified on the attached 6/18/12 document at the left hand side (see, #'s 1, 2, 3), those numbers represent the number of convictions/times received by the Dept of Corrections.

    WHEREFORE, in the interest of justice, and preserving the integrity of both the Court of Appeals, this District Court, and Petitioner himself, it is prayed this Court include the attached document in the record; and order an unconditional writ of habeas corpus issue for his immediate release from State confinement.

Date: 6/22/12

Respectfully submitted,

*Michael Ward*

Michael Ward #128267
Carson City Corr Fac
10274 Boyer Road
Carson City, MI 48811-9746

Petitioner/Pro-se





**RICK SNYDER**
GOVERNOR

State of Michigan
DEPARTMENT OF CORRECTIONS
LANSING

**Daniel H. Heyns**
DIRECTOR

DATE:   06/18/2012

TO:   WHOM IT MAY CONCERN

SUBJECT:   **VERIFICATION OF INCARCERATION**

**B-128267 - Ward, Michael**   DOB: **04/05/1951**

The above named offender is currently incarcerated with the Michigan Department of Corrections. The offender is currently serving on the charge(s) listed below, that do not have a termination date.

|   | **Term** | **Charge** | **Sentence Date** | **Termination Date** |
|---|---|---|---|---|
| 3 | Life to Life | Controlled Substance | 05/08/81 |  |
| 2 | 2y6m-4y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 ✓ |
| 1 | 2y6m-10y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 ✓ |

For further information regarding this offender you may log in to the MDOC OTIS website at http://www.michigan.gov/corrections. This website will provide further details regarding the offender including location, earliest release and maximum dates, alias names, identifiers, as well as an offender photo.

If further information is required once in the OTIS website, click on the name of the offender's location to link to the facility information. This will display the facility address and telephone number for further information.

Michigan Department of Corrections

Exh. "A"

6/22/12

Re: Ward v Wolfenbarger, #'s 03-CV-72701/72858 (Hon. A.J. Tarnow)
    ON REMAND FROM CA6 [10-2287/10/2313 (consolidated)

Dear Clerk:

   PLEASE INSURE THIS DOCUMENT IS PLACED ON BOTH docket shts 72701 and 72858; and the extra copy forwarded to Judge Tarnow for his consideration.

   ENCLOSED for filing are one original and an extra judge's copy of:

PETITIONER'S "SUPPLEMENT" OF NEWLY DISCOVERED EVIDENCE SHOWING "STATES" CURRENT/CONTINUED 6/18/12 CONTEMPT OF DISTRICT COURT EXPUNGEMENT ORDER.

Thank you for your time and assistance.

Sincerely,

/s/ Michael Ward
Michael Ward #128267
Carson City Corr Fac
10274 Boyer Road
Carson City, MI 48811-9746

Petitioner/Pro-se

## CERTIFICATE/PROOF OF SERVICE

   I, MICHAEL WARD certify and declare under penalty of perjury that on 6/22/12, I placed a copy of the above identified "Supplement ..." w/attached exhibit document, in the U.S. Mail, 1st class postage prepaid, addressed to: MICHIGAN ATTORNEY GENERAL, Attn: John S. Pallas, Asst Atty Gen., Appellate Division, P.O. Box 30217, Lansing, MI 48909.

/s/ Michael Ward
Michael Ward #128267
Affiant



Prisoner Name: Michael Ward
Prisoner Number: 128267
CARSON CITY CORRECTIONAL FACILITIES
10274 Boyer Road
Carson City, MI 48811

Clerk of the Court
U.S. District Court, E.D. Mich
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., 5th Floor
Detroit, MI 48226

FILED
JUN 26 2012
CLERK'S OFFICE
DETROIT