**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

    Petitioner,                                Civil Nos. 03-CV-72701/72858-DT
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE *EX PARTE* MOTION FOR**
**CORRECTION AND ISSUANCE OF AN AMENDED OPINION AND ORDER**

      On September 11, 2012, this Court granted petitioner's motion for a certificate of appealability, his motions to file supplemental pleadings, and denied his motions for judgment on the pleadings and to strike the affidavit, after the case had been remanded back to this Court from the United States Court of Appeals for the Sixth Circuit to reconsider its earlier decision to deny petitioner a certificate of appealability. Petitioner's consolidated appeal remains pending before the Sixth Circuit. *See* U.S.C.A. Nos. 10-2287/2313 (6th Cir.).

      Petitioner has now filed a motion for correction and issuance of an amended opinion and order, claiming that this Court's September 11, 2012 opinion contains typographical errors.

      F.R.C.P. 60(a) indicates that:

*Ward v. Wolfenbarger,* 03-CV-72701/03-72858

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Once appeal has been docketed with Court of Appeals, a district court must obtain permission from the appellate court before correcting any clerical errors. *See Hartis v. Chicago Title Ins. Co.,* 694 F. 3d 935, 950 (8th Cir. 2012); *Thomas v. iStar Financial, Inc.,* 652 F. 3d 141, 151 (2nd Cir. 2011)*; Zenith Electronics Corp. v. United States,* 884 F. 2d 556, 561 (Fed. Cir. 1989). If petitioner wishes to correct these alleged clerical errors, he must first seek leave to do so from the Sixth Circuit pursuant to F.R.A.P. 10(e). *See Crumpacker v. Crumpacker,* 516 F. Supp. 292, 297 (N.D. Ind. 1981). Only if that motion is granted by the Sixth Circuit will this Court have the authority to enter the desired corrections. *Id.*

*Ward v. Wolfenbarger,* 03-CV-72701/03-72858

Based on the foregoing, the *ex parte* motion for correction and issuance of an amended opinion and order [Dkt. # 112 in Case #  03-72858][Dkt. # 157 in Case # 03-72701] is DENIED**.**

       S/Arthur J. Tarnow
       Arthur J. Tarnow
       Senior United States District Judge

Dated: August 28, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 28, 2013, by electronic and/or ordinary mail.

       S/Catherine A. Pickles
       Judicial Assistant