UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

Petitioner,                                         Civil Nos. 03-CV-72701/72858-DT
                                                    HONORABLE ARTHUR J. TARNOW
v.                                                  UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,
Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE**

This habeas case is on remand from the United States Court of Appeals from the Sixth Circuit. Counsel has been appointed to represent petitioner and several extensions of time have been given to the parties to file supplemental briefs.

Petitioner has filed an emergency motion for a show cause order. Petitioner claims that prison authorities have improperly placed him in administrative or protective segregation. Petitioner also requests a transfer from the Oaks Correctional Facility to a facility closer to his counsel in Detroit, Michigan. This Court previously denied petitioner's motion for a transfer. (See Dkt. # 198). For the reasons that follow, the motion is denied without prejudice.

Petitioner's challenge to his placement in segregation cannot be maintained in a habeas action, but must be brought in a separate civil rights

1

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 complaint filed under 42 U.S.C. § 1983.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims which challenge the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id., See also Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Petitioner's challenge to his placement in segregation cannot be maintained in the present habeas action because it involves a challenge to the conditions of his confinement. *See Cohen v. Lappin,* 402 F. App'x. 674, 676 (3d Cir. 2010)(federal prisoner's challenge to his security designation and custody classification could not be brought under federal general habeas statute, since they did not challenge basic fact or duration of his imprisonment, and would be more appropriately brought in a *Bivens* action); *McCall v. Ebbert*, 384 F. App'x. 55, 575-58 (3d Cir. 2010)(federal prisoner's challenge to security classification involved a condition of confinement which was non-cognizable in § 2241 habeas

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 petition); *Levi v. Ebbert*, 353 F. App'x. 681, 682 (3d Cir. 2009)(prison inmate's claims, that his custody classification score was wrongly calculated and that he should be transferred to prison camp or low-security prison, did not challenge the fact or length of his sentence or confinement, did not lie at the "core of habeas," and were thus not cognizable in habeas petition); *Frazier v. Hesson*, 40 F. Supp. 2d 957, 964-65 (W.D. Tenn. 1999)(confinement of inmate to segregation, transfers, and increased security classifications are not "custody" within the meaning of habeas corpus statute; they do not directly lengthen the duration of imprisonment). Petitioner should thus file a separate civil rights complaint challenging his placement in administrative or protective segregation.

Petitioner has also again requested to be transferred back to a prison that is located in the Eastern District of Michigan.

Fed. R.App. P. 23(a) states:

"Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

Relief for a violation of Fed.R.App. P. 23(a), however, is available only if a habeas petitioner establishes that a transfer resulted in prejudice to the

3

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 prosecution of a pending habeas action. *See Shabazz v. Carroll*, 814 F. 2d 1321, 1324 (9th Cir. 1987), *vacated in part on other grounds*, 833 F. 2d 149 (9th Cir. 1987); *Hammer v. Meachum*, 691 F. 2d 958, 961 (10th Cir. 1982). In addition, a habeas petitioner who opposes transfer must establish that "the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation." *See Strachan v. Army Clemency Parole Bd.,* 151 F. 3d 1308, 1313 (10th Cir. 1998)(*quoting Ward v. United States Parole Comm'n*, 804 F. 2d 64, 66 (7th Cir. 1986)).

The Court denies petitioner's renewed transfer request, because petitioner has again failed to show that his placement in a prison in the Western District of Michigan has deprived this Court of jurisdiction over his case or has otherwise prejudiced him.

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the emergency motion for an order to show cause [Dkt. # 201] is **DENIED.**

|  |  |
|---|---|
| | S/Arthur J. Tarnow |
| | Arthur J. Tarnow |
| Dated: September 9, 2016 | Senior United States District Judge |

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 9, 2016, by electronic and/or ordinary mail.

    S/Catherine A. Pickles
    Judicial Assistant