**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

Petitioner,                                          Civil Nos. 03-CV-72701/72858-DT
                                                     HONORABLE ARTHUR J. TARNOW
v.                                                   UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

Respondent,

_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION
[Dkt. # 221], THE AMENDED MOTION FOR RECONSIDERATION [Dkt. # 222],
THE MOTION TO ALTER THE NUMBER OF INTERROGATORIES [Dkt. # 223],
THE PRO PER SUPPLEMENTAL BRIEF IN SUPPORT OF THE MOTION FOR
RECONSIDERATION [Dkt. # 224], THE MOTION TO STRIKE [Dkt. # 226], THE
MOTION FOR DISCOVERY [Dkt. # 227], THE MOTION FOR JOINDER [Dkt. #
228], THE MOTION FOR A DISCOVERY CONFERENCE [Dkt. # 229], THE
MOTION FOR A SETTLEMENT CONFERENCE [Dkt. # 230], AND THE
MOTION FOR A SPECIAL MASTER [Dkt. # 232], AND GRANTING THE
MOTION FOR AN EXTENSION OF TIME TO FILE A BRIEF [Dkt. # 220] AND
THE MOTION TO EXPAND THE RECORD [Dkt. # 231].**

On July 14, 2014, this case was remanded by the United States Court of

Appeals from the Sixth Circuit for a determination of whether petitioner's 1971

convictions, which this Court had ordered expunged, were still being used by the

Michigan Department of Corrections (M.D.O.C.) to classify petitioner and to

determine his parole eligibility on his 1981 conviction.  On July 18, 2014, the

Federal Defender Office was appointed to represent petitioner and briefing

deadlines were set.

1

On December 7, 2015, the Court granted the motion for discovery and ordered the M.D.O.C. to turn over all parole board and other correctional records pertaining to petitioner so that counsel could determine whether petitioner's expunged 1971 convictions are being used to either classify petitioner or determine his parole eligibility.  On November 13, 2015, petitioner's counsel received 6,632 pages of material from the M.D.O.C.  The M.D.O.C., however, refused to turn over certain documents which they claim are exempt from disclosure under Michigan law.  This Court ordered that the M.D.O.C. turn over this information to petitioner's counsel.  Petitioner's counsel received a CD-Rom of this additional information subsequent to the order.

Petitioner's counsel filed a second motion for discovery, which this Court denied on October 27, 2016.

Petitioner's counsel has now filed two motions for reconsideration. Petitioner has also filed several *pro se* motions for discovery or to submit interrogatories, a motion for a discovery conference, and a motion for a settlement conference, which are construed as motions for reconsideration of the Court's previous order to deny additional discovery.  Petitioner has also filed a motion to strike, a motion for joinder of parties, and a motion for a special master. The Court denies these motions.  Petitioner has also filed motions for an extension of time to file his brief and to expand the record.  These motions will be granted.

The Court will deny petitioner's motions for reconsideration of the order denying additional discovery.  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

Petitioner's motions for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's request for additional discovery.

Petitioner has also filed a motion to strike the respondent's pleadings as scandalous because they contain false and misleading information that petitioner's parole was revoked "for a mix of alcohol, children, nudity, and pornography."

Fed. R. Civ. P. 12(f) indicates that pleadings can be stricken if they contain "immaterial, impertinent, or scandalous matter."  The Parole Board's reasons for revoking petitioner's parole may be relevant to resolution of petitioner's claim that the Parole Board is using his expunged criminal convictions to deny him parole,

3

thus, the Court denies the motion to strike the pleadings.

Petitioner has filed a motion to join the State of Michigan, the Michigan Parole Board, and the Department of Corrections as parties to this petition.

The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. See *Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See also Rule 2(a), 28 foll. U.S.C. § 2254. Petitioner's warden is already named as the respondent in this action. It is unnecessary to add the additional parties to the case. The motion for joinder is denied.

Petitioner has also filed a motion for the appointment of a special master. 28 U.S.C. § 2243 does not authorize the appointment of a Special Master in habeas corpus cases. *See Payne v. Wingo*, 442 F.2d 1192 (6th Cir.1971). The motion to appoint a special master is denied.

Petitioner filed a motion for an extension of time to file his supplemental brief. In light of the additional time needed to adjudicate the motions herein, the Court grants petitioner an additional 60 days to file his supplemental brief.

Petitioner has also filed a motion to expand the record.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of

4

additional materials relevant to the determination of the merits of the petition."  A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).  The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008).

In the present case, petitioner asks the Court to expand the record to include materials which may support his claims.  Because this evidence may help resolve any factual disputes in this case, the Court will permit the court record to be expanded to include the exhibits that petitioner and his counsel filed with his various motions.

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the motion for reconsideration [Dkt. # 221], the amended motion for reconsideration [Dkt. # 222], the motion to alter the number of interrogatories [Dkt. # 223], the pro per motion brief in support of the motion for reconsideration [Dkt. # 224], the motion to strike [Dkt. # 226], the motion for discovery [Dkt. # 227], the motion for joinder [Dkt. # 228], the motion for a discovery conference [Dkt. # 229], the motion for a settlement conference [Dkt. # 230], and the motion for a special master [Dkt. #

5

232] are **DENIED**.

     **IT IS FURTHER ORDERED** that the motion for an extension of time to file

a reply brief [Dkt. # 220] and the motion to expand the record [Dkt. # 231] are

**GRANTED**.


        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: November 17, 2016

I hereby certify that a copy of the foregoing document was served upon counsel
of record on November 17, 2016, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Assistant