Date: 1/2/19

*To: Court Clerk to be filed*

Re: Ward v Wolfenbarger, et al.
    Case#: 03-cv-72701 (AJT)

**LETTER OF RECORD**
Re: REMOVAL OF PETITIONER'S COUNSEL

CERTIFICATE OF SERVICE
ON LAST PAGE

*FILED*
*JAN - 7 2019*
*CLERK'S OFFICE*
*DETROIT*

Honorable Arthur J. Tarnow:

I reluctantly report to you, <u>with service on the Clerk and party counsel's</u>, so that all is out in the open and hopefully corrective measures are promptly implemented.                    e this missive as being appropriate and informative.  If you feel this matter should be aired out in an open forum, then please schedule a prompt in court hearing, with issuance of a "writ" to have me brought to court to participate; or alternatively, schedule a prompt video or phone conference, where I and party counsel's can all participate in discussion.

As stated in my prior pleadings in response to prior appointed counsel's, starting with the federal defender attorney(s) Shanker and Robinson, I have been plagued with a string of attorney's who are either outright incompetent, lack time to devote to this case, uncaring if they win or lose, at the expense and peril of the client; and/or covertly conspiring with opposing counsel in the AG's office to ruin this case's chance of obtaining an unconditional writ of habeas release from custody; a release I have more than earned and believe I deserve.

Starting with the federal defender's office, Miriam Seifer (or whomever has been picking the attorney's from the CJA list), it appears prejudicial delay and incompetence is the norm; all prior attorney's having conspired with opposing counsel (Respondents) in this case, to <u>DELAY</u>, and not competently handle DISCOVERY methods; permitting the State (agents/agencies) to continue their charade of immunity from being held accountable, and in furtherance of unaccountability, to perpetrate a <u>fraud</u> upon Your Honor, this Court, and my person, by asserting they have not and are not considering the ordered to be expunged 1971 convictions and "all of their effects" in any decision making process relating to my person, as well as their documented vindictive retaliation against my person for pursuing this <u>Wolfenbarger</u> case and related litigation.  Discovery which has been, and remains, critical to the fact-finding process and outcome of this case, but which all prior appointed counsels, including the most recent Atty Mihas, have been extremely lax, reluctant and/or incompetent in pursuing.

It is my belief that all prior counsels appointed to represent me in this case have worked with opposing counsel's interest, and NOT my best interest, by repeatedly, over the years, obtaining STIPULATIONS from opposing counsel for extensions of time, OVER MY NOTED OBJECTIONS.  It is further my belief that opposing counsel

(Respondents) thru delay, hope to gain a STRATEGIC advantage, thinking that if they delay long enough, they are hoping you Judge Tarnow, given your age (right up there with me), will become ill, or for some other health related reason leave the bench, and pass this case onto another judge wholly unfamiliar with the long term convoluted case history. That is opposing counsel's bad faith STRATEGY. You are a wise and learned senior judge, whom has earned great respect. Without saying so, I believe your gut tells you the same thing I am preaching here. I trust you will get to the bottom of it all before it is too late, and severely sanction/reprimand all counsel's who have been, and are currently, acting in bad (or corrupt) ill will faith. I trust you will agree that the smell of foul play is strong, and will take action on your own terms.

PRESENT APPOINTED COUNSEL (MIHAS):

1. Has never won a 2254 habeas action; and has no federal 2254 habeas corpus or federal habeas discovery discovery skills; thus leaving me high and dry to be fed to the feral hyena's, unconscionably, on a silver platter;

2. To date, has not familiarized himself with the specifics (fact and law) of both federal defender 5/9/18 brief or my 10/4/18 pro-per supplemental brief, or attendant volumes of supporting documents/exhibits.
   a) MORESO, present counsel Mihas, to date, has refused to discuss in any way whatsoever, the briefs and documents in support, even though I have asked numerous times that he either come see me (which he has not), or discuss over the phone.

3. I encourage you Judge Tarnow to subpoena all prison phone conversations and kiosk JPay e.mails to and from Mihas and myself, that will fully corroborate my position. In his e.mails to me, he beats around the bush, avoids, and returns a short message that is non-productive, and only a couple times may take my phone call, ONLY to be able to tell Your Honor that he IS communicating. However, the QUALITY of his sparce communication is basically meaningless.

4. On 1/1/19 Mihas e.mailed me asking WHY I ask for his opinion of the briefs that have been filed. He refuses to speak about the MERITS of the briefs or supporting documents at all. Mihas states in his e.mail that he takes the position that: HE REMAINS MY ATTORNEY OF RECORD ONLY to attempt to be a conduit in attempted settlement negotiations with opposing counsel  Simply put, as a prisoner, despite my intelligence, I am prejudicially limited to the basics; however, the basics do not win cases, where (as here) a case is worthy of a win. In short, as a prisoner, I cannot engage the various methods of discovery that are necessary to the fact-finding outcome of this case; noting the CA6 remanded for fact-finding. Such discovery methods being, but not limited to:  FOIA, deposition, subpoena, interrogatories, requests for admissions and documents, etc. Moreso, a competent investigator is needed in this case; given the AG's office (Respondent's counsel), MDOC, parole board authorities/staff, and others, have not been at all cooperative;

rather have consistently avoided, contested and erected barriers against ferreting out the <u>truth</u> of matters relevant and material to the fact-finding process in this case.

a) Moreso, Atty Mihas takes the position that Your Honor stayed his motion to withdraw, RELIEVING HIM OF HIS NORMAL ADVOCACY as an attorney; and is limited to attempted settlement negotiations. Apparently he is incompetent with regard to the meaning of the term "<u>STAY</u>."

b) Mihas has not been aggressive in settlement negotiations. He permits opposing counsel to dictate NONSENSE in counter offers. NOTING: Opposing counsel does NOT <u>suggest</u> to his clients (Respondents MDOC/Parole Board) that they agree to my several justified, realistic and reasonable settlement proposals; rather opposing counsel feeds back with a so called counter offer stating in sum that:

<u>IF I DISMISS WITH PREJUDICE THIS CASE, THEY WILL SPEED UP THE</u> <u>"INTERVIEW" STAGE OF THE LIFER PROCESS, (AND THE INTERVIEW MAY NOT BE</u> <u>"IN PERSON"), WITH NO GUARANTEES MY CASE WILL BE MOVED FORWARD TOWARD</u> <u>RELEASE/REINSTATEMENT TO PAROLE.  THAT THEY WILL "NOT" GIVE ME ANY</u> <u>"REASONS" OR "RECOMMENDATIONS TO FACILITATE RELEASE"</u>, and <u>THUS SELF</u> <u>SERVING REMAIN UNACCOUNTABLE</u>.  In short, opposing counsel (Banghart-Linn) is making a sham and mockery of this Court, by telling Your Honor that they are acting in good faith settlement negotiations. They give/offer NOTHING, and want everything (my life) in return!

5. Attorney Mihas has REFUSED to engage in any type of DISCOVERY, and continues to refuse as of 1/1/19; again taking the position his representation is LIMITED to attempt to settle.  Soecifically, on 10/15/18 the parole board/commutation committee received my COMMUTATION APPLICATION, wherein I reasonably ask that my draconian life term for a non-violent drug possessory offense of 1979, be commuted to a TERM OF YEARS, (to avoid the unaccountable arbitrary lifer process), after having served approx. 40 yrs to date.  The parole board/commutation committee make a RECOMMENDATION to the Governor's executive clemency board (a recommendation generally followed); noting the parole board/committee <u>uses/CONSIDERS THE SAME</u> <u>1971 conviction information (explicit, "B" prefix, "3" sentences</u> <u>served) that is riddled throughout my various files, and remains in</u> <u>those files to date</u>.  The information Your Honor ordered expunged in 2004!  The same information that makes out the body of the two briefs filed by myself and federal defender.

a) On 11/30/18 the parole board and its commutation committee forwarded my commutation application with their RECOMMENDATION to the Governor's Office.

b) The Governor's office refuses to tell me, upon the inquiry of both my brother and myself, what the parole board's recommendation was.  Likewise the parole board/commutation committee refuses (in writing) to tell me what their "recommendation" was.  Like their usage of the 1971 convictions, they have and continue to remain <u>hush-</u> <u>hush secret</u>; especially in light of this <u>Wolfenbarger</u> case overshadowing the way they may be forced to be accountable and conduct their business, given the outcome of this case, should Your Honor ultimately find to my favor and write a strong chastising

deterrent opinion, that is published.

　　　　1) ALONG THIS LINE, I SPECIFICALLY ASKED, AND ATTY MIHAS HAS REFUSED, TO <u>CONDUCT ANY TYPE OF "DISCOVERY,"</u> (deposition, subpoena, interrogatory, request for admissions/documents, etc.), in attempt to learn of the commutation RECOMMENDATION, files and specific information used/considered in arriving at the recommendation (i.e., 1971 conviction information).

　　　　2) Specifically, Mihas told me just the other day in a JPay e.mail that the "<u>COMMUTATION PROCESS HAS NOTHING TO DO WITH THIS LAWSUIT</u>," even though I correctly informed him of the process, starting with the parole board and related Board's commutation committee.  That statement goes to show Mihas is either working with opposing counsel to benefit Respondent State authorities, or is simply incompetent.

_____

　　In my particular case, the federal defender high level individuals such as Miriam Seifer (or other) whom has been making the <u>CJA choices</u> has been corrupted, and I believe have not, and can no longer, be professionally impartial in assigning attorney's from the CJA panel list.

　　THEREFORE, given my needs and limitations as a prisoner, and the importance of this case, may I suggest:

　　1. Your Honor promptly schedule a hearing where I am present, and permitted to freely speak;

　　2. Find Respondent's opposing counsel has been acting (by act and omission) in BAD FAITH, by forcing upon the Court and my person a CORRUPT strategy;

　　3. Promptly deny opposing counsel's motion to extend time to file Respondent's brief (noting they have had the <u>same 4+ yrs that the federal defender</u> had to deal with this case; and, STIPULATED to federal defender extensions ONLY to profit in the long run thru inordinate DELAY prejudicial to my person);

　　4. Find opposing counsel has ABUSED ITS/HIS STATION; and thereon promptly rule on the MERITS of the combined federal defender and my pro per supplemental brief(s), as GOING <u>UNOPPOSED</u>.

　　5. Finally, I ask that Your Honor APPOINT NEW SUBSTITUTE COUNSEL, and permit so called "hybrid representation," under <u>Smith</u> v <u>Rivard</u>; new counsel to be appointed NOT FROM THE "CJA" PANEL list, NOR an appointment choice made by any person connected with the FEDERAL DEFENDER OFFICE. Rather, a new appointment to be made by a SPECIAL PANEL put to this task by Your Honor.

　　I need an attorney who is experienced and skilled in: 1) 2254 habeas corpus; 2) INVESTIGATION;  3) DISCOVERY;  4) EVIDENTIARY HEARING examination and cross exam; 5) who has the time and experience to buckle down and dedicate to this case. An Atty who is in it to win it.

There are a few good attorney's out there who would fit this
bill, such as **JAMES S. LAWRENCE**, but not limited to that person;
noting Atty Lawrence at one point was attorney of record in the
<u>Satterlee</u> v <u>Wolfenbarger</u> case cited in my brief.

In closing, I apologize for being lengthy here, but what I say
here is only the tip of the ice berg of what I have had to deal with
over the past several years in regard to bogus assignments of so-
called legal counsel's by the federal defender office.

I AM IN THIS TO WIN IT; thus far, the appointed attorney's
have NOT BEEN IN IT TO WIN IT.  The State needs to be severely
sanctioned/reprimanded for the way they have <u>UNCONSTITUTIONALLY</u>
mistreated me; and this is the case to be used and written to purge
the State's (agents/agencies) unconstitutional transgressions; or at
least bring them to public light and close scrutiny.  This case in
its final outcome is worthy of holding the State fully accountable;
that which to date, to my knowledge, has yet to be done.  In my eyes,
the FEDERAL Court's and U.S. CONSTITUTION should take control over
disparaged activities (acts and omissions) of the State and its
agencies/agents.

In closing I thank you for your time and any consideration you
may give to this informative letter.  I REMAIN AT YOUR HONOR'S AND
THE COURT'S MERCY, with continued great respect, faith and hope.

Respectfully yours,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
New Haven, MI 48048

Petitioner

<u>CERTIFICATE/PROOF OF SERVICE</u>

I, MICHAEL WARD, Petitioner herein above captioned, certify and
declare under penalty of perjury that on 1/2/19 I placed a copy of
the above "LETTER OF RECORD" in the U.S. Mail, 1st class postage
prepaid addressed to:  CLERK of the Court, U.S. District Court,
Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 564,
Detroit, MI 48226; HONORABLE ARTHUR J. TARNOW, Senior U.S. District
Court Judge, U.S. District Court, ED MI, Theodore Levin U.S.
Courthouse, 231 W. Lafayette Blvd., Rm 124, Detroit, MI 48226;
HARALAMBOS D. MIHAS, Counsel for Petitioner, 467 Eureka Rd., Ste. #1,
Wyandotte, MI 48192; LINUS BANGHART-LINN, Asst Mich. Attorney
General, Counsel for Respondents, Criminal Appellate Division, P.O.
Box 30217, Lansing, MI 48909.

Michael Ward #128267
Affiant/Petitioner

-5-

Michael Ward #128257
Macomb Correctional Facility
34625  26 Mile Rd.
New Haven, MI 48048

METROPLEX
MI 480
03 JAN 19
PM 7 L

U.S POSTAGE >> PITNEY BOWES

ZIP 48045
02 4W
0000341862

$ 000.68°

48226-271829

CLERK of the Court
U.S. DISTRICT COURT, E.D. of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

RECEIVED
JAN 07 2019
CLERK'S OFFICE
US DISTRICT COURT