**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

      Petitioner,                Civil Nos. 03-CV-72701-DT
                                  HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

      Respondent,

_____/

## <u>OPINION AND ORDER ON REMAND MODIFYING THE TERMS OF THE GRANT OF THE WRIT OF HABEAS CORPUS AND RESOLVING PETITIONER'S PENDING MOTIONS (Doc. 347, 349, 350)</u>

This matter is on remand from the United States Court of Appeals for the Sixth Circuit.  Petitioner seeks enforcement of this Court's order of September 13, 2004 granting petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordering that these two convictions be expunged from his record.

For the reasons that follow, the Court modifies the terms and conditions of the original grant of the petition for writ of habeas corpus.

### I. Background

On June 30, 2004, this Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth

1

Amendment right to appellate counsel on his 1971 convictions, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

Petitioner filed a motion for reconsideration and/or clarification of the Court's opinion and order. On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). This Court believed that it erred in granting a conditional writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light of the prejudice that Petitioner would suffer from any further delays in adjudicating his claims in the state appellate courts. Petitioner had been deprived of his Sixth Amendment right to the assistance of counsel on appeal when he was not advised on the record by the state trial court of his right to appeal or his right to the appointment of appellate counsel. Thirty three years had elapsed since the time of Petitioner's conviction. Because of the substantial delay, this Court determined that there was no way that granting Petitioner a new appeal of right

with the Michigan Court of Appeals would vitiate any prejudice arising from the denial of Petitioner's right to appeal his 1971 convictions. *Id.* at 775-76.

The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Ward,* 340 F. Supp. 2d at 776-77. The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

Petitioner has several times come before this Court, claiming that respondent failed to fully comply with the terms of the writ. Petitioner specifically claimed that his 1971 convictions were being used to deny him parole on his 1981 conviction for possession with intent to deliver 650 or more grams of cocaine, contrary to M.C.L.A. 333.7401 (1) and (2)(a)(i). This Court several times denied Petitioner permission to reopen his case, concluding that Petitioner presented insufficient evidence to show that the Michigan Parole Board (MPB)

was using these 1971 convictions to deny parole to Petitioner.

In 2009, the Sixth Circuit affirmed one of the Court's decisions to deny Petitioner permission to reopen his habeas petition. *See Ward v. Wolfenbarger,* 342 F. App'x. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010). The Sixth Circuit concluded at that time that Petitioner had offered "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his shot at parole. *Id.,* at 137.

Nonetheless, on July 14, 2014, after this Court had again denied Petitioner's request to enforce the writ, this case was remanded by another panel of the United States Court of Appeals from the Sixth Circuit for a determination of whether Petitioner's 1971 convictions, which this Court had ordered expunged, were still being used by the Michigan Department of Corrections (M.D.O.C.) to classify Petitioner and to determine his parole eligibility on his 1981 conviction. *Ward v. Wolfenbarger,* No. 10-2287/2313, 11-2043 (6th Cir. July 14, 2014)(ECF 162). The Sixth Circuit noted that both parties had presented evidence to that court involving several documents from the M.D.O.C. concerning Petitioner's current incarceration on his 1981 conviction. These documents still listed Petitioner's 1971 convictions and also list Petitioner as having a "B" prefix, suggesting that the M.D.O.C. is still using the 1971 convictions against Petitioner in establishing his security classification. *Id.* at * 3-4 (ECF 162, Pg ID 22478-79).

4

The Sixth Circuit then noted the following:

> We will not consider new facts in the first instance on appeal and deny the motions to supplement the record on appeal. See Fed. R. App. P. 10(a); *United States v. Husein*, 478 F.3d 318, 335-36 (6th Cir. 2007). Nonetheless, these documents raise unanswered factual questions about whether Ward is still being classified based on the expunged 1971 convictions and whether his eligibility for parole has been adversely affected by the expunged convictions. The problem, as we see it, stems in part from the wording of the district court's order in *Ward II* [340 F. Supp. 2d 773 (E.D. Mich. 2004], which did not explicitly instruct the State of Michigan to remove references to the expunged convictions in any document that might be used against Ward or instruct the State to reclassify him without using the expunged convictions. However, although the State of Michigan was not specifically ordered to remove the notation from documents viewable by the MPB [Michigan Parole Board], the State was certainly on notice that it was expected to do so and that it was under a duty to ensure that Ward suffered no collateral consequences from the expunged convictions. See *Ward III* [342 F. App'x.] at 136-37.
>
> *Id.* at * 4 (ECF 162, Pg ID 2579).

The Sixth Circuit remanded the matter to this Court for further findings of

fact. The Sixth Circuit concluded:

> The district court may also consider granting relief in the form of a modified *Ward II* order explicitly instructing the State of Michigan to remove all references to the 1971 convictions from records that may be presented to the MPB and, if necessary, ordering that Ward be reclassified without consideration of the expunged convictions. The relief ordered should be designed to finally resolve this matter with clarity.
>
> *Id.* at * 4.

The matter is now before this Court. Petitioner's first counsel filed a brief

on petitioner's behalf. (ECF 277).  Petitioner has also filed an extensive *pro per* supplemental brief on his own behalf, after his last counsel had been permitted to withdraw. (ECF 302).  Respondent has filed a response to the brief. (ECF 325).

Petitioner has presented evidence through his numerous pleadings that several documents from the M.D.O.C. concerning Petitioner's current incarceration still list Petitioner's 1971 convictions and also classify Petitioner as having a "B" prefix, which suggests that the M.D.O.C. is still using the 1971 convictions against Petitioner in establishing his security classification.

Respondent in his answer admits that Petitioner has submitted numerous documents from the M.D.O.C. which still list his expunged 1971 convictions and also give Petitioner a "B" prefix on his security classification.  The Court will accept the factual allegations contained within Petitioner's briefs and supporting documents concerning the continued references to his expunged 1971 convictions by the M.D.O.C., because the respondent has not disputed these factual allegations in his answer. *See Cristini v. McKee,* 526 F. 3d 888, 894, n. 1 (6th Cir. 2008)("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations"); *Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002)(same).

A federal district court retains jurisdiction to determine whether a party has

6

complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 F. App'x. at 137 (*quoting McKitrick v. Jeffreys*, 255 Fed.Appx. 74, 76 (6th Cir. 2007)). A court can also modify the conditions of a writ of habeas corpus if there is significant change either in the factual conditions or in the law. *See Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008).

The Court has reviewed the pleadings and exhibits filed by the parties. The Court declines to order Petitioner's release because he has not shown that respondent failed to comply with the Court's order from 2004 *as written* when the M.D.O.C. failed to remove all references to Petitioner's 1971 convictions from their records. As the Sixth Circuit pointed out in its remand order, at the time this Court granted the unconditional writ on September 13, 2004, the Court only ordered the expungement of these convictions but did not explicitly order that these expunged 1971 convictions could not be referred to in Petitioner's parole

file, considered by the Michigan Parole Board, or be used for Petitioner's security classification. Thus, any continued references did not specifically violate the terms of the 2004 order.

That said, common sense would dictate that an order expunging a habeas petitioner's conviction would suggest that all references to that conviction should be removed from all records pertaining to that petitioner, including his or her prison and parole records. The State of Michigan was certainly on notice by the time of Petitioner's 2009 appeal that continued references to the expunged 1971 convictions in Petitioner's parole or institutional records might be problematic. Judge Jeffrey S. Sutton in his concurring opinion stated the following:

> I join Judge Martin's opinion in full because, as he correctly observes, the remaining references to Ward's expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am "not insensitive to the challenges faced" by the Department in "attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock*, 549 U.S. 199, 224, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But Ward's suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department's expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way.

> *Ward v. Wolfenbarger*, 342 F. App'x at 138 (Sutton, J., concurring).

This Court agrees with Judge Sutton's assessment: All of the parties would have been better off had all references to Petitioner's 1971 convictions been eliminated from his records. The Sixth Circuit in its remand order suggested that this Court modify the original terms of the writ of habeas corpus and "explicitly instruct[ing] the State of Michigan to remove all references to the 1971 convictions from records that may be presented to the MPB [Michigan Parole Board] and, if necessary, ordering that Ward be reclassified without consideration of the expunged convictions." *Ward v. Wolfenbarger,* No. 10-2287/2313, 11-2043, * 4. This Court believes that this would be the most equitable option to the parties.

Accordingly, the Court modifies the terms of the grant of the writ of habeas corpus to include the following conditions: The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order. *Ward v. Wolfenbarger*, 340 F. Supp. 2d at 777.

Petitioner also has before this Court three pending motions.

Petitioner has filed a motion to reopen any docket entries concerning prior *pro per* motions that had been stricken because petitioner had previously been represented by counsel. (Doc 347). In a prior order dated February 26, 2019, (Doc. 333), this Court allowed Petitioner to resume filing *pro se* pleadings on his part after his third counsel was permitted to withdraw. Petitioner's current motion will be granted and the Court rescinds any orders striking Petitioner's previous *pro se* motions.

Petitioner also filed a motion to compel the prison librarian to make copies of the Federal Court Rules for Petitioner to use in court should oral argument or evidentiary hearings be required. (Doc. 349). This Court is granting Petitioner relief without the need for an evidentiary hearing; Petitioner will not need to bring any court rules to Court. The motion is denied as moot.

Petitioner has lastly filed a motion to compel the M.D.O.C. to provide him with the names and other information of the people who were involved in attempts to settle this case.

At a telephonic conference on October 30, 2018, this Court urged the parties to try and reach an out of court settlement in this case. Petitioner is serving a parolable life sentence for possession with intent to deliver 650 or more grams of cocaine, contrary to Mich. Comp. Laws § 333.7401 (1) and (2)(a)(i). Petitioner was sentenced in 1981 and has served almost thirty eight years in

prison for this offense, minus a brief time on parole.  Petitioner is sixty eight years old and suffers from a number of health problems.  Effective March 1, 2003, the Michigan's Controlled Substances Act was amended pursuant to 2002 P.A. 665 to provide for different penalty schemes.  This law eliminated the mandatory life sentence provision for possession with intent to deliver over 650 grams of cocaine, reflecting a general consensus that the old sentencing regime that petitioner was sentenced under was too harsh.

At least one federal judge has noted "the possible value of promoting settlement negotiations in habeas corpus actions." *Washington v. Sobina*, 471 F. Supp. 2d 511, 518 (E.D. Pa. 2007).  This judge believed that a settled negotiation of a habeas corpus would offer the same benefits to the parties that are afforded through the plea bargaining process in criminal cases. *Id.* (Citing to Anup Malani, *Habeas Settlements*, 92 VA. L.REV. 1, 18-19 (2006)).  Judges should "provide a much needed stimulus, or at least plant the settlement seed in" the minds of the parties to a habeas case. *Id.*

This Court believed that a settled negotiation of this case between the Michigan Department of Corrections, the Michigan Parole Board, the Michigan Attorney General, and Petitioner, would have been in the best interests of the parties and the citizens of the State of Michigan.  This Court still believes that to be the case.

On April 18, 2019, this Court gave the parties 120 days to attempt to settle the case. The parties have now filed updates to the settlement status. (ECF 351-54). It does not appear that the parties will be able to reach a settlement on this case that is agreeable to both parties.

Petitioner in his current motion is attempting to pressure the M.D.O.C. and the Michigan Attorney General into settling the case. This Court, while sympathetic to Petitioner, and of the belief that his continued incarceration does nothing to advance the public safety of the State of Michigan or its citizens, does not have the power to force respondent to settle the case and grant Petitioner parole. "Although judges should encourage and aid early settlement, however, they should not attempt to coerce that settlement." *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993). Indeed, "while settlement can and should be both encouraged and facilitated by a court it cannot be forced upon the parties." *In re Dow Corning Corp.*, 211 B.R. 545, 576 (Bankr. E.D. Mich. 1997). A "district court is under no obligation to force the parties to settle." *Blue v. Coca-Cola Enterprises, Inc.*, 43 F. App'x. 813, 816 (6th Cir. 2002). Accordingly, Petitioner's motion to obtain information regarding the names of the parties involved in the settlement negotiations (Doc. 350) is denied.

Finally, to the extent that Petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for

12

possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition.

## ORDER

**IT IS ORDERED THAT The terms and conditions of the writ of habeas corpus issued on September 13, 2004 are modified as follows: the Michigan Department of Corrections shall remove all references to the expunged 1971 convictions for possession of LSD and possession of marijuana from any records that are or will be submitted to the Michigan Parole Board.  The Michigan Department of Corrections is also ORDERED to remove any and all references to the expunged 1971 convictions from Petitioner's security and institutional classification.  The Michigan Department of Corrections shall change Petitioner's prefix to an "A".**

Petitioner's remaining motions are resolved in accordance with the terms of this opinion.

_s/Arthur J. Tarnow_____
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED: August 7, 2019