7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v.

HUGH WOLFENBARGER, et al.,

    Respondents.

CASE NO. 03-CV-72701

HON. ARTHUR J. TARNOW
Senior USDJ



FILED
NOV - 8 2019
CLERK'S OFFICE
DETROIT

## PETITIONER'S OBJECTIONS & MOTION TO STRIKE RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT

    Petitioner, MICHAEL WARD, <u>pro-se</u>, enters his objections and pursuant to FRCP 12(f), moves the Court to <u>strike</u> Respondent's 10/30/19 Motion for Relief from Judgment, for reason as follows:

    1. Respondent at pg.2 (falsely) claims to have attached "3 kites" allegedly written by Petitioner, as <u>EXHIBIT</u> A. In fact <u>NO EXHIBITS WERE ATTACHED</u> or sent to Petitioner; rather, on 11-4-19 he received and signed for at the prison only the 4 page pleading, with a 1 page certificate of service. There were NO EXHIBITS (kites) attached to the pleading.

    a) Petitioner suffers actual <u>prejudice</u>, as without the "kites" he cannot properly respond; rather, only <u>speculate</u> what the body of the kites might entail. As a matter of <u>DUE PROCESS</u>, Petitioner is entitled to the cited 3 kites, <u>Exh.</u> A. Compare, <u>Anderson</u> v <u>Johnson</u>, 371 F 2d 84, 94 (CA6 1966)("If affidavits are admitted, any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits.")

    1) Petitioner has absolutely no idea what "kites"

Respondent's counsel is referring to; however, speculating, at best they would be only kite's to the Macomb Corr Fac Records Office <u>inquiring</u> whether or not the 1971 conviction references had been completely removed from his institutional (records office), and counselor files. <u>Petitioner is within his RIGHT to make such inquiry</u>, now and into the future.

    A) Petitioner's "kite" (or other) <u>inquiries</u>, or requests to review his files, in search of references to the 1971 convictions has absolutely nothing to do with this Court's 8/7/19 Op/Ord, and Respondent's counsel well knows this. To date, Petitioner has never complained about "documents he himself has <u>created</u>" (such as letters or kites he has written); rather, only documents that the MDOC/Parole Authorities themselves create, disseminate, and consider in decision making concerning the 1971's and this Petitioner.

    2. Respondent's counsel has <u>made it a habit</u> of referencing <u>Exhibits</u> in his pleadings, and NOT SENDING PETITIONER A COPY. <u>Example</u>: Respondent's "Supplemental Brief," (Dkt# 325), cites to EXHIBITS (2 affidavits, and several parole board case summary reports), <u>BUT NEVER FILED OR SERVED PETITIONER WITH A COPY OF ANY EXHIBIT CITED!</u> <u>See</u>, Petitioner's "Reply Brief," (Dkt# 334); "Motion for Reconsideration," (Dkt# 357).

    3. Contrary to Respondent's counsel's averment/statement at pg. 2 of its 10/30/19 pleading, the "State" has NOT COMPLIED with this Court's order (8/7/19) as amended, (Dkt# 364). <u>See</u>, Petitioner's "OBJECTIONS," (Dkt# 370); and "Supplement of Documents" in support of "Objections," (Dkt# 374).

    4. If this Court "amends" or "clarifies" it's Op/Ord of 8/7/19,

it should be in accord with that specified and supported by the record, evidence and case law, within Petitioner's Motion for Reconsideration, (Dkt# 357), as supplemented (Dkt#'s 361, 362, 363, 366, 367, 371, 372).

5. The MDOC/Parole Authorities <u>do have a</u> (continuing, never ending) <u>DUTY</u> and obligation to Petitioner and this Court, "going forward to prevent references to the 1971 ordered to be expunged convictions from entering (Petitioner Ward's) files (hard copy and electronic), which the MDOC, Parole Authorities, or other "State" agency/agent may create or cause to have been created.

6. The <u>constitutional</u> problem has always been, and continues to be, NOT letters/kites Petitioner creates and sends to MDOC/Parole Authority agents <u>inquiring</u> or trying to <u>verify</u> the continuing existence of references to the 1971 convictions remaining in his several and various files, but <u>RATHER</u>, the fact that the 1971 convictions have been in the files for the past 15 years (after the expungement order of 2004), and <u>considered</u>, at least in part, as <u>reason</u> for 1) initiating and pursuing a parole revocation by the parole officer; 2) in revoking his parole; 3) in the past 14 year period of several parole denials (no-interest decisions); and 4) in the parole board's recommendation that the Governor deny his commutation application, wherein he asked the Governor to commute his life sentence to a reasonable "term of years." As argued on pending motion for reconsideration, as supplemented, the <u>DAMAGE HAS BEEN DONE, IRREVOCABLY</u>. "Future" references to the 1971 convictions, at this point, being irrelevant to the "<u>INFECTION</u>" and constitutional <u>IRREVOCABLE DAMAGE</u> already been done. See, <u>Palmer</u> v

-3-

<u>Judge & Dist. Atty. General</u>, 411 F Supp 1029, 1034 (WD Tenn. 1976), citing <u>U.S. ex rel Hill</u> v <u>Deegan</u>, 268 F Supp 580, 584 (S.D.N.Y. 1987)("The fact that a state may finally be ready to move when the federal court raises its hand in a habeas corpus proceeding is <u>no cure for the INFECTION and potentially irreparable injury wreaked by the delay.</u>"). "The mere correction of the record, without any evidence that there was a genuine reconsideration of the decision based upon that record, constitutes a <u>denial of DUE PROCESS</u>." <u>Tunks</u> v <u>Sigler</u>, 427 F Supp 455, 456-57 (CD Calif. 1976). <u>See</u>, Petitioner's 10/4/19 (Dkt# 372) "Supplement to Pending Motion for Reconsideration Offering a Realistic & Equitable Solution." [1]

WHEREFORE, Petitioner requests this Honorable Court to:

1. Grant the relief prayed for in Petitioner's pending Motion for Reconsideration, as supplemented; which would render Respondent's present motion for relief from judgment "MOOT"; or,

2. Grant the relief prayed for in Petitioner's "Supplement to Pending Motion for Reconsideration Offering a Realistic & Equitable Solution," which would render Respondent's motion for relief from judgment "MOOT"; or,

3. STRIKE Respondent's motion for relief from judgment, for reason Respondent's counsel DID NOT provide Petitioner with the "kite" EXHIBITS (3) referenced/cited in it's pleading; thereby

---

[1] As of date, Respondent's MDOC/Parole Board <u>have NOT "reconsidered" its/their prior decision to take no-interest (deny re-parole), or hold a public hearing;</u> thereby denying Petitioner "Due Process". A mere alleged "correction of the record," (i.e., removing all references to the 1971 convictions), is IRRELEVANT, without holding a current and prompt parole INTERVIEW, and parole reconsideration; and also making the recommendation to the Governor to grant Petitioner a commutation of his draconian life sentence, in "reconsideration" of its prior decisions, having considered, at least in part, the 1971 convictions.

depriving Petitioner Ward DUE PROCESS (notice & opportunity to be heard); or,

4. Minimally, and only in the last alternative, hold <u>in abeyance</u>, a ruling on Respondent's motion for relief from judgment, and ORDER Respondent's either "withdraw" that motion, OR send Petitioner a copy of the "3 kites" referenced/cited as <u>Exhibit</u> "A". If the Exhibit "kites" are provided, that the Court allow Petitioner an opportunity to review the "kites" and respond appropriately.

## V E R I F I C A T I O N

Pursuant to 28 U.S.C. § 1746, I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that the foregoing is true, based upon my knowledge, information and/or belief. Specifically, I certify and declare under penalty of perjury, that on 11/4/19 I did NOT receive ANY exhibits. In fact there were NO ATTACHMENTS ("kites") to Respondent's motion for relief from judgement - Exhibit A.

Date: 11/5/19

Respectfully submitted,

*(signature)*
Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lennox Twp., MI 48048

Petitioner/Pro-per

Date: 11/5/19

Re: Ward v Wolfenbarger, et al.
    Case#: 03-cv-72701 (AJT)

Dear Clerk & Judge Tarnow:

    ENCLOSED for filing and the Court's consideration is one (1) original of the below pleading. On this date, by way of separate mailing I have mailed a "judge's copy" to Judge Tarnow's chambers.

    1. PETITIONER'S OBJECTIONS & MOTION TO STRIKE RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT; and,

    2. Certificate/Proof of Service - See herein below.

---

    Thank you for your time and assistance in processing this matter.

Sincerely,

*/s/ Michael Ward*
Michael Ward #128267
Macomb Corr Fac
34625 26 Mile Rd
Lennox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE

    I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that on 11/5/19, I placed a copy of the above identified "PETITIONER'S OBJECTIONS & MOTION TO STRIKE RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT, (with Certificate/Proof of Service), in the U.S. Mail, 1st class postage prepaid, addressed to the presiding judge, and opposing counsel of record: HONORABLE Arthur J. Tarnow, Senior USDJ, U.S. District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O. Box 30217, Lansing, MI 48909.

28 USC § 1746

*/s/ Michael Ward*
Michael Ward #128267
Affiant/Petitioner

Name: Michael Ward   # 128267
MACOMB CORRECTIONAL FACILITY
34625 26 Mile Road
New Haven, MI 48048

RECEIVED
NOV 08 2019
CLERKS OFFICE
U.S. DISTRICT COURT

CLERK of the Court
U.S. District Court, E.D. Mich.
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

48226-271839

U.S. POSTAGE >> PITNEY BOWES
$ 000.65
ZIP 48048
02 4W
0000341095

METROPLEX
MI 480
06 NOV '19
PM 2 L