UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO. 03-cv-72701

MICHAEL WARD,

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge

      Petitioner,

v.

HUGH WOLFENBARGER, et al., 1/

      Respondent's.

F I L E D
JAN - 2 2020
CLERK'S OFFICE
DETROIT

PETITIONER'S NOTICE OF RESPONDENT COUNSEL'S UNCLEAN HANDS,
RE: SUBORNATION OF PERJURY, AIDING & ABETTING, CONSPIRACY, FRAUD

NOW COMES Petitioner, MICHAEL WARD, pro-se, and submits for the record and Court's consideration, two attached grievances submitted to the Atty Griev. Comm'n., 12/26/19, against the two Respondent counsel's in this case, JOHN S. PALLAS (Amended AGC Griev.), and LINUS BANGHART-LINN (Orig. griev.).

The grievances are relevant and material to one or more issue(s) in this case; pending decision in Ward v Wolfenbarger, #03-cv-72701 (AJT)(pending Motion for Reconsideration (of 8/7/19 Op/Ord); 2/ and the companion habeas action of Ward v Warren, #19-cv-12543 (AJT). in #19-cv-12543

On 12/16/19, Petitioner submitted to this Court for filing his "Motion to Consolidate" habeas actions #03-cv-72701 & #19-cv-12543. That motion remains pending as well.

Respectfully submitted,

Date: 12/30/19

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

---

1/ Hugh Wolfenbarger was Warden at time of filing this habeas petition. The Acting Warden is currently "Willis Chapman".

2/ SEE, DKT #373 - PERJURY MOTION

State of Michigan
Attorney Grievance Commission
535 Griswold, Suite 1700
Detroit, MI 48226
REQUEST FOR INVESTIGATION [R/I] FORM

Please fill out the entire form in ink - sign at the bottom - and provide a copy of any relevant information.  In order to expedite the processing of your complaint, **please provide 2 copies of any supporting documents.**

Attorney information:

| | |
|---|---|
| **Name** (one attorney per R/I form):  LINUS BANGHART-LINN (P-73230) | |
| **Address** (number and street):  Office of Mich. Attorney General / Criminal Appellate Division / 525 W. Ottawa; P.O. Box 30217 | |
| **City:**   Lansing | **State:**   Michigan | **Zip Code:**   48909 |
| **Area code and Telephone Number:**  e.mail: banghart-linnl@michigan.gov  Ph#: (517) 335-7650 | **Is Atty for Respondents** (State of Mich.) / **Date attorney was hired/appointed:**  N/A |
| **Type of case** (divorce, criminal, estate, etc.):   Habeas Corpus | |
| **Name of court:**  U.S. District Court, ED Mich., Southern Div. | **Case#:**  03-cv-72701 (AJT) |
| **Is this your first complaint to this office about this attorney?**   Yes | **Date of previous complaint** (if applicable):   N/A |

STATEMENT OF FACTS
(Please provide details.  You may attach additional pages.)

**CHARGE**: Wilfull, knowing & intentional **AIDING & ABETTING**, and **CONSPIRING TO AID & ABET SUBORNATION OF PERJURY**; **FRAUD**; **MALPRACTICE** together and in concert with co-conspirator Asst Mich. Atty General JOHN S. PALLAS (P-42512), and their client(s).

See, attached pages for Continuance ...

I request the Attorney Grievance Commission investigate the above attorney:

| | |
|---|---|
| **Your Name** - print in ink:  Michael C. Ward #128267 | Mr./X/   Mrs./_/   Ms./_/ |
| **Your Signature** - in ink:  _Mike Ward_ | **Date:**   12/23/19 |
| **Address** (number and street):  Macomb Correctional Facility / 34625  26 Mile Rd. | |
| **City:**   Lenox Twp. | **State:**   Michigan | **Zip Code:**   48048 |
| **Area code and Telephone number:**   Prison Inst. Ph#: (586) 749-4900 | |

(AGC RI Form rev. May 31, 2011)

-1-

**PRELIMINARY PROOFS:** <u>Exh.</u> #1 (12/9/19 partial DOCKET SHEET, showing Atty's Pallas & Banghart-Linn Representing Respondents (State agencies/agents); <u>Exh.</u> #A (3/8/12, Notice of e.filing); <u>Exh.</u> #B (3/5/12, Affidavit of Diana Judge); <u>Exh.</u> #C (8/7/19, Op/Ord of USDC, Judge A.J. Tarnow)(reported at: 2019 <u>U.S. Dist. LEXIS</u> 13227 (ED MI)); <u>Exh.</u> #D (9/6/19, Cert. of Compliance, re: MAAG Linus Banghart-Linn); <u>Exh.</u> #E (10/10/19, Petitioner's MOTION for order finding & sanctioning/prosecuting respondent agent "perjury"); <u>Exh.</u> #F (10/11/19, Settlement Proposal document); <u>Exh.'s</u> #G,H,I,J = Example documents as perjury evidence).

**NOTE**: This aggrieved party grievant <u>RESERVES</u> the right to submit additional evidentiary/documentary proofs; and to REPLY to **L. BANGHART-LINN'S** response. In addition, this grievant requests a FULL, FAIR & IMPARTIAL/UNBIASED <u>INVESTIGATION</u>; and that the investigator also personally speak with this grievant, and MDOC Records Admin., Diana Judge.

**CRIMINAL STATUTES INVOLVED:** Liberally construe the appropriate "perjury," "subornation of perjury," "fraud," "aiding & abetting," and "conspiracy" federal and state statutes, for this lay-man, pro-se, grievant.

**MRPC's VIOLATED:** Preamble; 1.2(a); 3.3(a)(1, 2, 4)

**FACTS:** With deliberate indifference and intent to prejudice and cause grievant Michael C. Ward irreparable injury; from on or about 3/5/2012, to date present 12/23/2019, and continuing; Attorney's John S. Pallas and Linus Banghart-Linn did wilfully, knowingly and intentionally, perpetrate in each of their individual capacities; and did for purpose of self-gain in egotistical status, aid & abet, and conspire together and with one another in concert, to illegally, immorally, and unethically facilitate and SUBORN the PERJURY of their client DIANA JUDGE (Mich. Dept of Corrections (MDOC), Records Administrator); perpetrate a FRAUD upon the U.S. District Court, ED Mich. and grievant Michael C. Ward, in the case of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 (AJT)(case still pending), as further discussed and stated herein as follows:

This grievance revolves around specific acts/omissions of John S. Pallas (P-42512) as the principle, and secondary as his co-conspirator, aider & abettor, LINUS BANGHART-LINN, in the still pending case of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 (AJT)(USDC, ED Mich.), and Banghart-Linn's interaction with this grievant, the U.S. Dist. Court, and his/their clients (specifically MDOC then Records Admin., Diana Judge).

On 3/5/12, Mr. Pallas did procure, with Linus Banghart-Linn's knowledge, a sworn affidavit from Diana Judge (<u>Exh.</u> A, B), wherein Ms. Judge swears under penalty of perjury that she reviewed all MDOC files and records, and removed all references to two 1971 convictions, which in 2004 USDJ A.J. Tarnow ordered to be expunged. <u>Ward</u> v <u>Wolfenbarger</u>, 340 F Supp 2d 773 (ED Mich. 2004). This "Judge" affidevit (<u>Exh.</u> A) was submitted by Mr. Pallas to the USDC, #03-cv-72701, on 3/8/12; a document which Mr. Pallas (and Mr. Banghart-Linn) knew or should have known was or could have been outcome determinative, all to this grievant's substantial prejudice, causing him to lose his habeas case, and not be granted the

relief otherwise entitled.

NOTE: The graveman of the habeas case is that the MDOC & Mich. Parole Board had been (post 2004), with Pallas and Banghart-Linn knowledge, continuing to create, disseminate, and consider, adverse to this grievant's interests, in its decision making processes, the ordered to be expunged 1971 convictions, in contempt of the 2004 expungement order.

It is believed that Mr. Pallas (with Banghart-Linn's knowledge), instructed Ms. Judge to create and submit to Pallas her 3/5/12 affidavit as written (i.e., coaching her in the affidavit's language). It is further believed that Mr. Pallas (with Banghart-Linn's knowledge), instructed Ms. Judge to state, and swear under oath to, in her affidavit, that she reviewed all relevant files, and removed all references to the two 1971 convictions; Mr. Pallas (with Banghart-Linn's knowledge), knowing that in fact, Ms. Judge would not and did not review (page by page), all relevant files (electronic & hard copy) that she attested to.

It is believed that Ms. Judge would testify and support this grievant's herein affirmations/allegations.

It is further believed that in doing so, Mr. Pallas's (and Mr. Banghart-Linn's) intent was wilfull, malicious, deliberate, knowing and intentional; his/their intention being (without regard of the consequences, direct and/or collateral), to gain an unfair, malicious, advantage, by submitting to the USDC the "Judge" affidavit, and using that affidavit in arguing (as he and his associate, Linus Banghart-Linn did), that the State/Respondents had complied with the expungement order; that this habeas Petitioner (grievant Mr. Ward) suffered no prejudice; that the issue was moot, and Mr. Ward was therefore not entitled to habeas relief.

It is believed that the combined conspiratorial acts/omissions of "Pallas/Banghart-Linn/Judge" perpetrated a "FRAUD" upon both this grievant (Mr. Ward), and the USDC in #03-cv-72701; and that the fraud is continuing, wilfull, and deliberately indifferent, with disregard to adverse consequences attached to grievant Mr. Ward, and the outcome of his habeas case:

NOTE: Pallas's co-conspirator BANGHART-LINN, continues representing the State (MDOC/Parole Authorities), in the directly related/companion habeas action of Ward v Warren, #19-cv-12543 (AJT)(companion to #03-cv-72701).

In fact, contrary to the "Judge" affidavit, and written pleadings submitted to the USDC by Mr. Pallas, and his associate MAAG Linus Banghart-Linn, literally HUNDREDS of documents (electronic & hard copy), containing the 1971 convictions, critical to decisions made by the MDOC/Parole Authorities, have remained in Mr. Ward's MDOC/Parole files post 3/5/2012 affidavit of Ms. Judge, and have been, post 3/5/2012, cause, or cause in part, for the several Parole Authority decisions to deny this grievant re-parole, and to recommend the Governor deny his several commutations applications over the years.

It is a FACT FOUND by the USDC, and admission of MAAG Linus Banghart-Linn, that from 2004 to at least 9/6/2019, references to the 1971 convictions REMAINED in grievant's MDOC/Parole Board several files, to his prejudice. See, Exh.'s C, D. Examples of just a few of the

documents bearing the 1971 conviction references (created and/or remaining in the MDOC/Parole Board files, from 3/5/2012 to at least 9/6/2019), explicitly, in the form of "prefix," or # of sentences received, are provided to the AGC, as Exh.'s G, H, I, J.

On 10/10/19, this grievant, as Petitioner Ward in case# 03-cv-72701, filed a "MOTION for order finding & sanctioning/prosecuting respondent agent 'perjury,'" naming John S. Pallas and Diana Judge. Exh. E. A copy of that motion was served on Mr. Pallas's co-conspirator and partner, Linus Banghart-Linn. That motion remains PENDING as of submission of this grievance, 12/23/2019.

On 10/11/19 this grievant, as Petitioner Ward in case# 03-cv-72701 (AJT), mailed to Mr. Pallas's MAAG partner (Linus banghart-Linn), a "SETTLEMENT PROPOSAL," identifying grievant's PERJURY charge against Mr. Pallas and Ms. Judge. Exh. F

As of date, 12/23/19, neither Mr. Pallas or Mr. Banghart-Linn have replied to the 10/10/19 "perjury" motion, nor the 10/11/19 "settlement proposal"; and in fact have COMPLETELY FAILED TO TAKE ANY FORM OF "REMEDIAL ACTION," (or other corrective action) whatsoever, informing the USDC that the 3/5/12 "Judge" affidavit makes a "FALSE" representation, and should be stricken as such from the record in case# 03-cv-72701. Instead, Mr. Pallas (and co-conspirator Mr. Linus Banghart-Linn), continue to fraudulently represent their client, Ms. Judge, in deliberately avoiding and otherwise assisting in the "fraudulent" act of his/their person(s), and that of his/their client.

Mr. Pallas and Mr. Banghart-Linn continue to offer and present the "false" Diana Judge affidavit as material evidence, known to him/them to be "false."

-END-

Respectfully submitted,

*Mica Wond*

Michael Ward #128267
Grievant

-4-

Date: 12/23/19

<u>PLEASE RETURN TO ME</u>
<u>YOUR ASSIGNED AGC #.</u>

Dear AGC Grievance Administrator:

      Enclosed is a grievance against Asst Mich Atty General, LINUS BANGHART-LINN.  Please return to me your assigned AGC #.

      NOTE: Accompanying is ANOTHER grievance against Asst Mich Atty General, JOHN S. PALLAS, as I am charging Pallas and Banghart-Linn with aiding/abetting and conspiring with one another, as attorney's of record in the same case.

      Thank you for your time and processing.  If you have any questions, let me know.

Respectfully,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd.
Lenox Twp., MI 48048

Grievant

cc: file

State of Michigan
Attorney Grievance Commission
**AMENDED VERSION**      535 Griswold, Suite 1700      **AMENDED VERSION**
Detroit, MI 48226
REQUEST FOR INVESTIGATION [R/I] FORM

Please fill out the entire form in ink - sign at the bottom - and provide a copy of any relevent information.  In order to expedite the processing of your complaint, **please provide 2 copies of any supporting documents**.

Attorney information:

| Name (one attorney per R/I form): | JOHN S. PALLAS (P-42512) | | |
|---|---|---|---|
| Address (number and street): | Appellate Division; Office of Mich. Atty General 525 W. Ottawa; P.O. Box 30217 | | |
| City:   Lansing | State:   Michigan | | Zip Code:  48909 |
| Area code and   e.mail: pallasj@michigan.gov Telephone Number:  Ph#: (517) 335-7650 | | Is Atty for Respondents (State of Mich.) Date attorney was hired/appointed:  N/A | |
| Type of case (divorce, criminal, estate, etc.): | Habeas Corpus | | |
| Name of court:   U.S. District Court, ED Mich., Southern Div. | | Case#: 03-cv-72701 (AJT) | |
| Is this your first complaint to this office about this attorney?  Yes. (but see cvr letter) | | Date of previous complaint  N/A (But see enclos (if applicable):  cover letter in explanation) | |

## STATEMENT OF FACTS
(Please provide details.  You may attach additional pages.)

   **CHARGE**: Wilfull, knowing & intentional **SUBORNATION OF PERJURY; FRAUD; MALPRACTICE** and aiding & abetting, and conspiring to aid & abet subornation of perjury; fraud; malpractice, together and in concert with co-conspirator Asst Mich Atty General LINUS BANGHART-LINN (P-73230), and their client(s).

**See**, attached pages for **Continuance** ...

I request the Attorney Grievance Commission investigate the above attorney:

| Your Name - print in ink:   Michael C. Ward #128267 | Mr./X/  Mrs./ /  Ms./ / |
|---|---|
| Your Signature - in ink: | Date: 12/23/19 |
| Address (number and street): | Macomb Correctional Facility 34625  26 Mile Rd. |
| City:   Lenox Twp. | State:   Michigan | Zip Code: 48048 |
| Area code and Telephone number:  Prison Inst. Ph#: (586) 749-4900 | |

(AGC RI Form rev. May 31, 2011)

**PRELIMINARY PROOFS:** <u>Exh.</u> #1 (12/9/19 partial DOCKET SHEET, showing Atty's Pallas & Banghart-Linn Representing Respondents (State agencies/agents); <u>Exh.</u> #A (3/8/12, Notice of e.filing); <u>Exh.</u> #B (3/5/12, Affidevit of Diana Judge); <u>Exh.</u> #C (8/7/19, Op/Ord of USDC, Judge A.J. Tarnow)(reported at: 2019 U.S. Dist. LEXIS 13227 (ED MI)); <u>Exh.</u> #D (9/6/19, Cert. of Compliance, re: MAAG Linus Banghart-Linn); <u>Exh.</u> #E (10/10/19, Petitioner's MOTION for order finding & sanctioning/prosecuting respondent agent "perjury"); <u>Exh.</u> #F (10/11/19, Settlement Proposal document); <u>Exh.'s</u> #G,H,I,J = Example documents as perjury evidence).

**NOTE:** This aggrieved party grievant <u>RESERVES</u> the right to submit additional evidentiary/documentary proofs; and to REPLY to J.S. Pallas response.  In addition, this grievant requests a FULL, FAIR & IMPARTIAL/UNBIASED <u>INVESTIGATION</u>; and that the investigator also personally speak with this grievant, and MDOC Records Admin., Diana Judge.

**CRIMINAL STATUTES INVOLVED:** Liberally construe the appropriate "perjury," "subornation of perjury," "fraud," "aiding & abetting," and "conspiracy" federal and state statutes, for this lay-man, pro-se, grievant.

**MRPC's VIOLATED:** Preamble; 1.2(a); 3.3(a)(1, 2, 4)

<u>FACTS:</u>  With deliberate indifference and intent to prejudice and cause grievant Michael C. Ward irreparable injury; from on or about 3/5/2012, to date present 12/23/2019, and continuing; Attorney's John S. Pallas and Linus Banghart-Linn did wilfully, knowingly and intentionally, perpetrate in each of their individual capacities; and did for purpose of self-gain in egotistical status, aid & abet, and conspire together end with one another in concert, to illegally, immorally, and unethically facilitate and SUBORN the PERJURY of their client DIANA JUDGE (Mich. Dept of Corrections (MDOC), Records Administrator); perpetrate a FRAUD upon the U.S. District Court, ED Mich. and grievant Michael C. Ward, in the case of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 (AJT)(case still pending), as further discussed and stated herein as follows:

This grievance revolves around specific acts/omissions of John S. Pallas as the principle, end secondary as his co-conspirator, aider & abettor, LINUS BANGHART-LINN, in the still pending case of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 (USDC, ED Mich.), and Pallas's interaction with this grievant, the U.S. Dist. Court, and his/their clients (specifically MDOC then Records Admin., Diana Judge).

On 3/5/12, Mr. Pallas did procure, with Linus Banghart-Linn's knowledge, a sworn affidavit from Diana Judge (<u>Exh.</u> A, B), wherein Ms. Judge swears under penalty of perjury that she reviewed all MDOC files and records, and removed all references to two 1971 convictions, which in 2004 USDJ A.J. Tarnow ordered to be expunged.  <u>Ward</u> v <u>Wolfenbarger</u>, 340 F Supp 2d 773 (ED Mich. 2004).  This "Judge" affidavit (<u>Exh.</u> A) was submitted by Mr. Pallas to the USDC, #03-cv-72701, on 3/8/12; a document which Mr. Pallas (and Mr. Banghart-Linn) knew or should have known was or could have been outcome determinative, all to this grievant's substantial prejudice, causing him to lose his habeas case, and not be granted the

relief otherwise entitled.

NOTE: The graveman of the habeas case is that the MDOC & Mich. Parole Board had been (post 2004), with Pallas and Banghart-Linn knowledge, continuing to create, disseminate, and consider, adverse to this grievant's interests, in its decision making processes, the ordered to be expunged 1971 convictions, in contempt of the 2004 expungement order.

It is believed that Mr. Pallas (with Banghart-Linn's knowledge), instructed Ms. Judge to create and submit to Pallas her 3/5/12 affidavit as written (i.e., coaching her in the affidavit's language). It is further believed that Mr. Pallas (with Banghart-Linn's knowledge), instructed Ms. Judge to state, and swear under oath to, in her affidavit, that she reviewed all relevant files, and removed all references to the two 1971 convictions; Mr. Pallas (with Banghart-Linn's knowledge), knowing that in fact, Ms. Judge would not and did not review (page by page), all relevant files (electronic & hard copy) that she attested to.

It is believed that Ms. Judge would testify and support this grievant's herein affirmations/allegations.

It is further believed that in doing so, Mr. Pallas's (and Mr. Banghart-Linn's) intent was wilfull, malicious, deliberate, knowing and intentional; his/their intention being (without regard of the consequences, direct and/or collateral), to gain an unfair, malicious, advantage, by submitting to the USDC the "Judge" affidavit, and using that affidavit in arguing (as he and his associate, Linus Banghart-Linn did), that the State/Respondents had complied with the expungement order; that this habeas Petitioner (grievant Mr. Ward) suffered no prejudice; that the issue was moot, and Mr. Ward was therefore not entitled to habeas relief.

It is believed that the combined conspiratorial acts/omissions of "Pallas/Banghart-Linn/Judge" perpetrated a "FRAUD" upon both this grievant (Mr. Ward), and the USDC in #03-cv-72701; and that the fraud is continuing, wilfull, and deliberately indifferent, with disregard to adverse consequences attached to grievant Mr. Ward, and the outcome of his habeas case:

NOTE: Pallas's co-conspirator BANGHART-LINN, continues representing the State (MDOC/Parole Authorities), in the directly related/companion habeas action of Ward v Warren, #19-cv-12543 (AJT)(companion to #03-cv-72701).

In fact, contrary to the "Judge" affidavit, and written pleadings submitted to the USDC by Mr. Pallas, and his associate MAAG Linus Banghart-Linn, literally HUNDREDS of documents (electronic & hard copy), containing the 1971 convictions, critical to decisions made by the MDOC/Parole Authorities, have remained in Mr. Ward's MDOC/Parole files post 3/5/2012 affidavit of Ms. Judge, and have been, post 3/5/2012, cause, or cause in part, for the several Parole Authority decisions to deny this grievant re-parole, and to recommend the Governor deny his several commutations applications over the years.

It is a FACT FOUND by the USDC, and admission of MAAG Linus Banghart-Linn, that from 2004 to at least 9/6/2019, references to the 1971 convictions REMAINED in grievant's MDOC/Parole Board several files, to his prejudice. See, Exh.'s C, D. Examples of just a few of the

documents bearing the 1971 conviction references (<u>created</u> and/or remaining in the MDOC/Parole Board files, from 3/5/2012 to at least 9/6/2019), explicitly, in the form of "prefix," or # of sentences received, are provided to the AGC, as <u>Exh.'s G, H, I, J.</u>

    On 10/10/19, this grievant, as Petitioner Ward in case# 03-cv-72701, filed a "MOTION for order finding & sanctioning/prosecuting respondent agent 'perjury,'" naming John S. Pallas and Diane Judge. <u>Exh. E.</u> A copy of that motion was served on Mr. Pallas's co-conspirator and partner, Linus Banghart-Linn. That motion remains <u>PENDING</u> as of submission of this grievance, 12/23/2019.

    On 10/11/19 this grievant, as Petitioner Ward in case# 03-cv-72701 (AJT), mailed to Mr. Pallas's MAAG partner (Linus Banghart-Linn), a "SETTLEMENT PROPOSAL," identifying grievant's <u>PERJURY</u> charge against Mr. Pallas and Ms. Judge. <u>Exh. F</u>

    As of date, 12/23/19, neither Mr. Pallas or Mr. Banghart-Linn have replied to the 10/10/19 "perjury" motion, nor the 10/11/19 "settlement proposal"; and <u>in fact have COMPLETELY FAILED TO TAKE ANY FORM OF "REMEDIAL ACTION,"</u> (or other corrective action) whatsoever, informing the USDC that the 3/5/12 "Judge" affidavit makes a "FALSE" representation, and should be stricken as such from the record in case# 03-cv-72701. Instead, Mr. Pallas (and co-conspirator Mr. Linus Banghart-Linn), continue to fraudulently represent their client, Ms. Judge, in deliberately avoiding and otherwise assisting in the "fraudulent" act of his/their person(s), and that of his/their client.

    Mr. Pallas and Mr. Banghart-Linn continue to offer and present the "false" Diana Judge affidavit as material evidence, known to him/them to be "false."

-END-

Respectfully submitted,

Michael Ward #128267
Grievant

Date: 12/23/19

<u>PLEASE RETURN TO ME</u>
<u>YOUR ASSIGNED AGC #.</u>

Dear AGC Grievance Administrator:

As evidenced by the attached prison legal mail disbursement, and face page of the AGC grievance, on 11/20/19 I mailed to your office, a grievance against Asst Mich Atty General, JOHN S. PALLAS. As of date 12/23/19 I have NOT heard anything from the AGC, verifying receipt or assigning an AGC #.

Therefore, I am resubmitting, a slightly AMENDED version, upgrading the original, as new information came to my attention.

Please accept and process this AMENDED version, in lieu of the original that is dated 10/28/19, and was mailed to your old office on W. Congress St, on 10/28/19, but returned to me for "improper address," NOT forwardable. I then saw in the bar journal that your office had moved to present Griswold St.; and on 11/20/19, per the attached legal mail disbursement I remailed it to your office. AGAIN, I have not heard anything from your office since the mailing of 11/20/29.

AGAIN, please process the enclosed AMENDED version in lieu of the 11/20/19 mailing.

NOTE: Accompanying this mailing, is ANOTHER grievance against Mr. Pallas's partner, LINUS BANGHART-LINN, as an aider/abettor and co-conspirator to Mr. Pallas.

Thank you for your time and processing. If you have any questions, let me know.

Respectfully,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd.
Lenox Twp., MI 48048

Grievant

cc: file

# *** PUBLIC DOCKET ***

CLOSED,HABEAS,IFP,LR11.2_NOTICE,REOPENED

**U.S. District Court**
**Eastern District of Michigan (Detroit)**
**CIVIL DOCKET FOR CASE #: 2:03-cv-72701-AJT**

367 - 384

Ward v. Wolfenbarger
Assigned to: District Judge Arthur J. Tarnow
Demand: $0
Case in other court: USCA, 04-02029
             U.S. Court of Appeals - Sixth Circuit,
             07-02424
             U.S. Court of Appeals - Sixth Circuit,
             10-02287
             U.S. Court of Appeals - Sixth Circuit,
             10-02287/10-02313/11-00002
             U.S. Court of Appeals - Sixth Circuit,
             11-01032

Date Filed: 07/21/2003
Date Terminated: 08/07/2019
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**

**Michael Ward**
                      represented by   **Michael Ward**
                                     128267
                                     MACOMB CORRECTIONAL
                                   FACILITY
                                   34625 26 MILE ROAD
                                   LENNOX TWP., MI 48048
                                   PRO SE

                                   **Federal Community Defender**
                                   Federal Defender Office
                                   613 Abbott
                                   5th Floor
                                   Detroit, MI 48226
                                   313-967-5542
                                   *TERMINATED: 02/26/2019*
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Haralambos D. Mihas**
                                   Haralambos D. Mihas, Attorney at Law
                                   467 Eureka Road
                                   Suite 1
                                   Wyandotte, MI 48192

#1

       

*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Hugh Wolfenbarger**
*Warden*

represented by **Brenda E. Turner**
Michigan Department of Attorney
General
Public Administration Division
P.O. Box 30736
Lansing, MI 48909
517-335-3922
Fax: 517-241-7987
Email: habeasdivision@michigan.gov
*TERMINATED: 12/02/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janet Van Cleve**
Michigan Department of Attorney
General
Habeas Corpus Division
P.O. Box 30217
Lansing, MI 48909-7717
517-373-4875
*TERMINATED: 12/02/2011*
*ATTORNEY TO BE NOTICED*

**John S. Pallas**
Michigan Department of Attorney
General
Appellate Division
P.O. Box 30217
Lansing, MI 48909
517-335-7650
Fax: 517/373-4916
Email: pallasj@michigan.gov
*ATTORNEY TO BE NOTICED*

**Linus R. Banghart-Linn**
Michigan Department of Attorney
General
525 W. Ottawa
P.O. Box 30217
Lansing, MI 48909
517-335-7650
Email: banghart-linnl@michigan.gov
*ATTORNEY TO BE NOTICED*

**Other Documents**
2:03-cv-72701-AJT Ward v. Wolfenbarger **CASE CLOSED on 06/30/2004**
CLOSED, APPEAL, HABEAS, IFP

## U.S. District Court

### Eastern District of Michigan

**Notice of Electronic Filing**

The following transaction was entered by Pallas, John on 3/8/2012 at 11:08 AM EST and filed on 3/8/2012

**Case Name:**      Ward v. Wolfenbarger
**Case Number:**    2:03-cv-72701-AJT
**Filer:**          Hugh Wolfenbarger
**WARNING: CASE CLOSED on 06/30/2004**
**Document Number:** 145

Docket Text:
**EXHIBIT - *Diane Judge Affidavit regarding 128267 Ward* re [137] Answer (Free) by Hugh Wolfenbarger (Pallas, John)**

**2:03-cv-72701-AJT Notice has been electronically mailed to:**

John S. Pallas     pallasj@michigan.gov, moodyl@michigan.gov, musserk@michigan.gov

**2:03-cv-72701-AJT Notice will not be electronically mailed to:**

Michael Ward
128267
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
P O BOX 5000
CARSON CITY, MI 48811

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047317467 [Date=3/8/2012] [FileNumber=4805321-0]
[193821831ae868c98bfbf4efacccacafbc6aab86527e3384cd481ca807cf11e48302
c1303206a719f1e205a387446885d876e23f0e7e4bdf9a35af0010ba8836]]

Exh. A

*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Hugh Wolfenbarger**
*Warden*

represented by  **Brenda E. Turner**
Michigan Department of Attorney
General
Public Administration Division
P.O. Box 30736
Lansing, MI 48909
517-335-3922
Fax: 517-241-7987
Email: habeasdivision@michigan.gov
*TERMINATED: 12/02/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janet Van Cleve**
Michigan Department of Attorney
General
Habeas Corpus Division
P.O. Box 30217
Lansing, MI 48909-7717
517-373-4875
*TERMINATED: 12/02/2011*
*ATTORNEY TO BE NOTICED*

**John S. Pallas**
Michigan Department of Attorney
General
Appellate Division
P.O. Box 30217
Lansing, MI 48909
517-335-7650
Fax: 517/373-4916
Email: pallasj@michigan.gov
*ATTORNEY TO BE NOTICED*

**Linus R. Banghart-Linn**
Michigan Department of Attorney
General
525 W. Ottawa
P.O. Box 30217
Lansing, MI 48909
517-335-7650
Email: banghart-linnl@michigan.gov
*ATTORNEY TO BE NOTICED*

10/7/2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD, #128267

        Petitioner,

v.

HUGH WOLFENBARGER, Warden,

        Respondent.

_____/

CASE NO.  03-cv-727701/72858-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## AFFIDAVIT OF DIANA JUDGE

I, Diana Judge, being first duly sworn, depose and state as follows.

1.    That I am the Records Administrator for the Michigan Department of Corrections.

2.    That, pursuant to a request from John S. Pallas, Assistant Attorney General, I was directed to review the Michigan Department of Corrections records for Michael Charles Ward, Prisoner # 128267, to determine if any references remained to the prisoner's convictions for possession of marijuana and possession of LSD from 1971.

3.    That the Records Administration staff spent approximately 100 hours reviewing all of Petitioner's Michigan Department of Corrections files over which I have authority beginning approximately on November 22, 2011, and ending on approximately February 23, 2012.

4.    The files reviewed include the prisoner's Central Office file, his Record Office File, his Counselor file, his Audit file, his Education file and his Medical file.

5.    The sum total of files reviewed stood approximately six (6) feet high.

6.    That Records Administration staff conducted a systematic and thorough review of these files.

7.    That any references in these records to the prisoner's expunged 1971 convictions that were observed during this review were redacted using a black felt-tip pen.

**Exhibit to Amended Answer to Petitioner's Renewed
Request for Enforcement of the Writ of Habeas Corpus**



8. It is my good-faith belief, based on the review completed on February 23, 2012, that there are no longer any references to the prisoner's expunged 1971 convictions in the above-named files.

CALLEEN D. CAVENDER
NOTARY PUBLIC, STATE OF MI
COUNTY OF JACKSON
MY COMMISSION EXPIRES Aug 3, 2013
ACTING IN COUNTY OF

Diana Judge
Records Administrator
Michigan Department of Corrections

STATE OF MICHIGAN    )
                     )ss
COUNTY OF INGHAM     )

Subscribed and sworn to before me
this 5th day of March, 2012.

Notary Public
Jackson County, Michigan
My commission expires: 8/3/13

B'

**Exhibit to Amended Answer to Petitioner's Renewed**
**Request for Enforcement of the Writ of Habeas Corpus**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL CHARLES WARD,

      Petitioner,

v.

HUGH WOLFENBARGER,

      Respondent,

_____/

Civil Nos. 03-CV-72701-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER ON REMAND MODIFYING THE TERMS OF THE GRANT OF THE WRIT OF HABEAS CORPUS AND RESOLVING PETITIONER'S PENDING MOTIONS (Doc. 347, 349, 350)

This matter is on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner seeks enforcement of this Court's order of September 13, 2004 granting petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordering that these two convictions be expunged from his record.

For the reasons that follow, the Court modifies the terms and conditions of the original grant of the petition for writ of habeas corpus.

## I. Background

On June 30, 2004, this Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth

1

*Ward v. Wolfenbarger,* 03-72701

Amendment right to appellate counsel on his 1971 convictions, because the state

trial court failed to advise Petitioner that he had a right to appeal and had a right

to the appointment of appellate counsel if he was indigent. *See Ward v.*

*Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court

conditioned the granting of the writ upon respondent taking immediate action to

afford Petitioner an appeal of right to the Michigan Court of Appeals with the

assistance of appellate counsel. *Id.*

Petitioner filed a motion for reconsideration and/or clarification of the

Court's opinion and order. On September 14, 2004, the Court granted

Petitioner's motion for reconsideration and ordered that an unconditional writ of

habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d

773 (E.D. Mich. 2004). This Court believed that it erred in granting a conditional

writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light

of the prejudice that Petitioner would suffer from any further delays in adjudicating

his claims in the state appellate courts. Petitioner had been deprived of his Sixth

Amendment right to the assistance of counsel on appeal when he was not

advised on the record by the state trial court of his right to appeal or his right to

the appointment of appellate counsel. Thirty three years had elapsed since the

time of Petitioner's conviction. Because of the substantial delay, this Court

determined that there was no way that granting Petitioner a new appeal of right

2

*C¹*

*Ward v. Wolfenbarger,* 03-72701

with the Michigan Court of Appeals would vitiate any prejudice arising from the denial of Petitioner's right to appeal his 1971 convictions. *Id.* at 775-76.

The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Ward,* 340 F. Supp. 2d at 776-77.   The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.*  The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

Petitioner has several times come before this Court, claiming that respondent failed to fully comply with the terms of the writ.  Petitioner specifically claimed that his 1971 convictions were being used to deny him parole on his 1981 conviction for possession with intent to deliver 650 or more grams of cocaine, contrary to M.C.L.A. 333.7401 (1) and (2)(a)(i).  This Court several times denied Petitioner permission to reopen his case, concluding that Petitioner presented insufficient evidence to show that the Michigan Parole Board (MPB)

*Ward v. Wolfenbarger,* 03-72701

was using these 1971 convictions to deny parole to Petitioner.

In 2009, the Sixth Circuit affirmed one of the Court's decisions to deny Petitioner permission to reopen his habeas petition. *See Ward v. Wolfenbarger,* 342 F. App'x. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010).  The Sixth Circuit concluded at that time that Petitioner had offered "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his shot at parole. *Id.,* at 137.

Nonetheless, on July 14, 2014, after this Court had again denied Petitioner's request to enforce the writ, this case was remanded by another panel of the United States Court of Appeals from the Sixth Circuit for a determination of whether Petitioner's 1971 convictions, which this Court had ordered expunged, were still being used by the Michigan Department of Corrections (M.D.O.C.) to classify Petitioner and to determine his parole eligibility on his 1981 conviction. *Ward v. Wolfenbarger,* No. 10-2287/2313, 11-2043 (6th Cir. July 14, 2014)(ECF 162).  The Sixth Circuit noted that both parties had presented evidence to that court involving several documents from the M.D.O.C. concerning Petitioner's current incarceration on his 1981 conviction.  These documents still listed Petitioner's 1971 convictions and also list Petitioner as having a "B" prefix, suggesting that the M.D.O.C. is still using the 1971 convictions against Petitioner in establishing his security classification. *Id.* at * 3-4 (ECF 162, Pg ID 22478-79).



4

*Ward v. Wolfenbarger,* 03-72701

The Sixth Circuit then noted the following:

> We will not consider new facts in the first instance on appeal and deny
> the motions to supplement the record on appeal. See Fed. R. App. P.
> 10(a); *United States v. Husein,* 478 F.3d 318, 335-36 (6th Cir. 2007).
> Nonetheless, these documents raise unanswered factual questions
> about whether Ward is still being classified based on the expunged
> 1971 convictions and whether his eligibility for parole has been
> adversely affected by the expunged convictions. The problem, as we
> see it, stems in part from the wording of the district court's order in
> *Ward II* [340 F. Supp. 2d 773 (E.D. Mich. 2004], which did not explicitly
> instruct the State of Michigan to remove references to the expunged
> convictions in any document that might be used against Ward or
> instruct the State to reclassify him without using the expunged
> convictions. However, although the State of Michigan was not
> specifically ordered to remove the notation from documents viewable
> by the MPB [Michigan Parole Board], the State was certainly on notice
> that it was expected to do so and that it was under a duty to ensure that
> Ward suffered no collateral consequences from the expunged
> convictions. See *Ward III* [342 F. App'x.] at 136-37.



*Id.* at * 4 (ECF 162, Pg ID 2579).

The Sixth Circuit remanded the matter to this Court for further findings of

fact.  The Sixth Circuit concluded:

> The district court may also consider granting relief in the form of a
> modified *Ward II* order explicitly instructing the State of Michigan to
> remove all references to the 1971 convictions from records that may be
> presented to the MPB and, if necessary, ordering that Ward be
> reclassified without consideration of the expunged convictions. The
> relief ordered should be designed to finally resolve this matter with
> clarity.

*Id.* at * 4.

The matter is now before this Court.  Petitioner's first counsel filed a brief

5



*Ward v. Wolfenbarger,* 03-72701

on petitioner's behalf. (ECF 277).  Petitioner has also filed an extensive *pro per*

supplemental brief on his own behalf, after his last counsel had been permitted to

withdraw. (ECF 302).  Respondent has filed a response to the brief. (ECF 325).

Petitioner has presented evidence through his numerous pleadings that

several documents from the M.D.O.C. concerning Petitioner's current

incarceration still list Petitioner's 1971 convictions and also classify Petitioner as

having a "B" prefix, which suggests that the M.D.O.C. is still using the 1971

convictions against Petitioner in establishing his security classification.

Respondent in his answer admits that Petitioner has submitted numerous

documents from the M.D.O.C. which still list his expunged 1971 convictions and

also give Petitioner a "B" prefix on his security classification.  The Court will

accept the factual allegations contained within Petitioner's briefs and supporting

documents concerning the continued references to his expunged 1971

convictions by the M.D.O.C., because the respondent has not disputed these

factual allegations in his answer. *See Cristini v. McKee,* 526 F. 3d 888, 894, n. 1

(6th Cir. 2008)("When a state's return to a habeas corpus petition fails to dispute

the factual allegations contained within the habeas petition, it essentially admits

these allegations"); *Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich.

2002)(same).

A federal district court retains jurisdiction to determine whether a party has

*Ward v. Wolfenbarger*, 03-72701

complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 F. App'x. at 137 (*quoting McKitrick v. Jeffreys,* 255 Fed.Appx. 74, 76 (6th Cir. 2007)). A court can also modify the conditions of a writ of habeas corpus if there is significant change either in the factual conditions or in the law. *See Harvest v. Castro,* 531 F.3d 737, 748 (9th Cir. 2008).

The Court has reviewed the pleadings and exhibits filed by the parties. The Court declines to order Petitioner's release because he has not shown that respondent failed to comply with the Court's order from 2004 *as written* when the M.D.O.C. failed to remove all references to Petitioner's 1971 convictions from their records. As the Sixth Circuit pointed out in its remand order, at the time this Court granted the unconditional writ on September 13, 2004, the Court only ordered the expungement of these convictions but did not explicitly order that these expunged 1971 convictions could not be referred to in Petitioner's parole

7



*Ward v. Wolfenbarger,* 03-72701

file, considered by the Michigan Parole Board, or be used for Petitioner's security classification. Thus, any continued references did not specifically violate the terms of the 2004 order. *+ case law*

That said, common sense would dictate that an order expunging a habeas petitioner's conviction would suggest that all references to that conviction should be removed from all records pertaining to that petitioner, including his or her prison and parole records. The State of Michigan was certainly on notice by the time of Petitioner's 2009 appeal that continued references to the expunged 1971 convictions in Petitioner's parole or institutional records might be problematic. 

Judge Jeffrey S. Sutton in his concurring opinion stated the following:

> I join Judge Martin's opinion in full because, as he correctly observes, the remaining references to Ward's expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am "not insensitive to the challenges faced" by the Department in "attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock,* 549 U.S. 199, 224, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But Ward's suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department's expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way.  

*Ward v. Wolfenbarger,* 342 F. App'x at 138 (Sutton, J., concurring).

8

*Ward v. Wolfenbarger*, 03-72701

This Court agrees with Judge Sutton's assessment: All of the parties would have been better off had all references to Petitioner's 1971 convictions been eliminated from his records. The Sixth Circuit in its remand order suggested that this Court modify the original terms of the writ of habeas corpus and "explicitly instruct[ing] the State of Michigan to remove all references to the 1971 convictions from records that may be presented to the MPB [Michigan Parole Board] and, if necessary, ordering that Ward be reclassified without consideration of the expunged convictions." *Ward v. Wolfenbarger*, No. 10-2287/2313, 11-2043, * 4. This Court believes that this would be the most equitable option to the parties.

Accordingly, the Court modifies the terms of the grant of the writ of habeas corpus to include the following conditions: The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order. *Ward v. Wolfenbarger*, 340 F. Supp. 2d at 777.

Petitioner also has before this Court three pending motions.

9

*Ward v. Wolfenbarger,* 03-72701

Petitioner has filed a motion to reopen any docket entries concerning prior *pro per* motions that had been stricken because petitioner had previously been represented by counsel. (Doc 347). In a prior order dated February 26, 2019, (Doc. 333), this Court allowed Petitioner to resume filing *pro se* pleadings on his part after his third counsel was permitted to withdraw. Petitioner's current motion will be granted and the Court rescinds any orders striking Petitioner's previous *pro se* motions.

Petitioner also filed a motion to compel the prison librarian to make copies of the Federal Court Rules for Petitioner to use in court should oral argument or evidentiary hearings be required. (Doc. 349). This Court is granting Petitioner relief without the need for an evidentiary hearing; Petitioner will not need to bring any court rules to Court. The motion is denied as moot.

Petitioner has lastly filed a motion to compel the M.D.O.C. to provide him with the names and other information of the people who were involved in attempts to settle this case.

At a telephonic conference on October 30, 2018, this Court urged the parties to try and reach an out of court settlement in this case. Petitioner is serving a parolable life sentence for possession with intent to deliver 650 or more grams of cocaine, contrary to Mich. Comp. Laws § 333.7401 (1) and (2)(a)(i). Petitioner was sentenced in 1981 and has served almost thirty-eight years in

40 (since 3/21/79)

10

*Ward v. Wolfenbarger,* 03-72701

prison for this offense, minus a brief time on parole.  Petitioner is sixty eight years old and suffers from a number of health problems.  Effective March 1, 2003, the Michigan's Controlled Substances Act was amended pursuant to 2002 P.A. 665 *Not retroactive* to provide for different penalty schemes.  This law eliminated the mandatory life sentence provision for possession with intent to deliver over 650 grams of cocaine, reflecting a general consensus that the old sentencing regime that petitioner was sentenced under was too harsh.

At least one federal judge has noted "the possible value of promoting settlement negotiations in habeas corpus actions." *Washington v. Sobina,* 471 F. Supp. 2d 511, 518 (E.D. Pa. 2007).  This judge believed that a settled negotiation of a habeas corpus would offer the same benefits to the parties that are afforded through the plea bargaining process in criminal cases. *Id.* (Citing to Anup Malani, *Habeas Settlements,* 92 VA. L.REV. 1, 18-19 (2006)).  Judges should "provide a much needed stimulus, or at least plant the settlement seed in" the minds of the parties to a habeas case. *Id.*

This Court believed that a settled negotiation of this case between the Michigan Department of Corrections, the Michigan Parole Board, the Michigan Attorney General, and Petitioner, would have been in the best interests of the parties and the citizens of the State of Michigan.  This Court still believes that to be the case.

11

*Ward v. Wolfenbarger,* 03-72701

On April 18, 2019, this Court gave the parties 120 days to attempt to settle the case.  The parties have now filed updates to the settlement status. (ECF 351-54).  It does not appear that the parties will be able to reach a settlement on this case that is agreeable to both parties.

Petitioner in his current motion is attempting to pressure the M.D.O.C. and the Michigan Attorney General into settling the case.  This Court, while sympathetic to Petitioner, and of the belief that his continued incarceration does nothing to advance the public safety of the State of Michigan or its citizens, does not have the power to force respondent to settle the case and grant Petitioner parole.  "Although judges should encourage and aid early settlement, however, they should not attempt to coerce that settlement." *In re NLO, Inc.,* 5 F.3d 154, 157 (6th Cir. 1993).  Indeed, "while settlement can and should be both encouraged and facilitated by a court it cannot be forced upon the parties." *In re Dow Corning Corp.,* 211 B.R. 545, 576 (Bankr. E.D. Mich. 1997).  A "district court is under no obligation to force the parties to settle." *Blue v. Coca-Cola Enterprises, Inc.,* 43 F. App'x. 813, 816 (6th Cir. 2002).  Accordingly, Petitioner's motion to obtain information regarding the names of the parties involved in the settlement negotiations (Doc. 350) is denied.

Finally, to the extent that Petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for

*Ward v. Wolfenbarger*, 03-72701

possession with intent to deliver over 650 grams of cocaine, he should challenge

that parole denial by means of a separate habeas petition.

### ORDER

IT IS ORDERED THAT The terms and conditions of the writ of habeas

corpus issued on September 13, 2004 are modified as follows: the Michigan

Department of Corrections shall remove all references to the expunged

1971 convictions for possession of LSD and possession of marijuana from

any records that are or will be submitted to the Michigan Parole Board.  The

Michigan Department of Corrections is also ORDERED to remove any and

all references to the expunged 1971 convictions from Petitioner's security

and institutional classification.  The Michigan Department of Corrections

shall change Petitioner's prefix to an "A".

Petitioner's remaining motions are resolved in accordance with the terms of

this opinion.

 s/Arthur J. Tarnow
HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

DATED: August 7, 2019

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

      Petitioner,

                              No. 2:03-cv-72701

v.

                              HON. ARTHUR J. TARNOW

PAT WARREN,[1]

      Respondent.

---

### CERTIFICATE OF COMPLIANCE

On August 7, 2019, this Court ordered the State to "remove all references to the expunged 1971 convictions for possession of LSD and possession of marijuana from any records that are or will be submitted to the Michigan Parole Board," to "remove any and all references to the expunged 1971 convictions from Petitioner's security and institutional classification," and to "change Petitioner's prefix to an 'A.'" (Dkt. 355, Order at 13, PageID #6245.) The State has fully complied with this Court's order.

The Michigan Parole Board has access to Ward's central office file. This file is made up of 16 folders filled with documents. Typically, only

---

[1] Ward is housed at the Macomb Correctional Facility, and his warden is Pat Warren. The caption should be amended to reflect the change.

the most recent folder would be provided to the Parole Board for review.
If a Parole Board member requested, however, that member could
receive and review the entire file.  Because the entire file is potentially
available to the Parole Board, the State determined that compliance
with this Court's order required examination of the entire file.  To that
end, two assistant attorneys general and one paralegal employed by the
Office of the Attorney General combed through each page of the file,
redacting any reference to the expunged convictions.

Macomb Correctional Facility, where Ward is housed, has both the
file that is used when making Ward's security classification as well as
the file that is used when making Ward's institutional classification.
The same three employees of the Attorney General's Office traveled to
Macomb CF, and again combed through both files, redacting any
reference to the expunged convictions.

And finally, Ward's prefix has been changed to an "A."  (Ex. A,
Basic Information Sheet.)

The State has thus complied with this Court's order.

Respectfully submitted,


DANA NESSEL
Attorney General

s/Linus Banghart-Linn

Assistant Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI  48909
banghart-linnl@michigan.gov
(P73230)

Dated:  September 6, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I electronically filed the foregoing with the Court using the ECF system, which will send notification to the following:

DISTRICT JUDGE ARTHUR J. TARNOW

and I hereby certify that Kari Edgecomb has mailed by United States Postal Service the papers to the following non-ECF participant:

MICHAEL WARD, #128267
MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
LENOX TOWNSHIP, MI   48048

DANA NESSEL
Attorney General

s/Linus Banghart-Linn

Assistant Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517)  335-7650
Banghart-linnl@michigan.gov
(P73230)

D³

MICHIGAN DEPARTMENT OF CORRECTIONS

**BASIC INFORMATION SHEET**

CSX-117
Rev 09/01

| Message |
|---|
| New BIS created to correct Prefix and Record Number per Court Order dated 08/07/19.  S. Buck/TCU  08/16/19 |

**Date Received**
03/30/1990

| Client Number | Client Name | | Commit Status | Commitment Reason | | Curr Loc |
|---|---|---|---|---|---|---|
| A-128267 | Ward, Michael | | R-05 | New Commitment (Reception Center Only) | | MRF |

| FBI Number | SID Number | SSN | Birthdate | Race | Sex | Height | Weight | Hair | Eyes | Complexion | Build | Marital |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 95867T3 | 0661454H | 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 | 04/05/1951 | W | M | 5' 9" | 164 | BRN | BRN | MED | MED | N |

| Adult Jail Term | Adult Prison | Adult Escapes | Adult Probation | Sex Offense | Juv. Commits | Juv. Probation | Juv. Escapes |
|---|---|---|---|---|---|---|---|
| 0 | 1 | 0 | 1 | 0 | 0 | 0 | 0 |

| Religion | Health Insurance | Military Code | Marks, Scars | More |
|---|---|---|---|---|
| D | U | | NONE | More |

| Sentence Rec No | Docket Number | Sentencing County | Judges Name | Offense Date | Sentence Date | Jail Credit Days | Corrected Date |
|---|---|---|---|---|---|---|---|
| 1 | 7913902-FY | Washtenaw | Brown | 03/21/79 | 05/08/81 | 780 | 03/20/79 |

| Sentence Rec No | Terms | Offense Description | Compiled Law | Convict By | CTN Number |
|---|---|---|---|---|---|
| 1 | Life to Life | Controlled Substance | 333.74012A1 | J | |

| Sentence Rec No | Calendar Date | SGT/PMI/TIS/CAL | RGT/AMI/TIS/CAL | SGT/PMX | RGT/AMX |
|---|---|---|---|---|---|
| 1 | | 09/19/1996 | Life | Life | Life |

**PAROLE ELIGIBILITY DATE:**

**PREVIOUS SENTENCE INFORMATION**

| Client Prefix | Rec No | Sentence Date | Terms | Offense Description | SGT Max Date | RGT Max Date | Term/Disch Date |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**IN CASE OF SERIOUS ILLNESS OR INJURY CONTACT**

| Relationship  SISTER | Name  JANICE WARD | Address  205 CARPENTER RD |
|---|---|---|
| City & State  BAD AXE MI | | Telephone (989) 269-2226 |

08/16/2019 10:41:32
A-128267  Ward, Michael

Page 1 of 1

DISTRIBUTION: White - Record Office, Canary - Central Office Records, Pink - Counselor, Goldenrod - Prisoner

D-4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v,

HUGH WOLFENBARGER, et al.,

    Respondents.

_____/

CASE NO. 03-CV-72701

HON. ARTHUR J. TARNOW
Senior USDJ

REQUEST ORAL ARGUMENT
REQUEST EVIDENTIARY HEARING
REQUEST APPOINTED COUNSEL

## PETITIONER'S MOTION FOR ORDER FINDING AND SANCTIONING/PROSECUTING RESPONDENT AGENT "PERJURY"

Petitioner, MICHAEL WARD, moves this Honorable Court for an order finding that Respondent's agent Diana Judge (MDOC Records Administrator), knowingly and intentionally committed the Federal felony act of "perjury"; and that Respondent's counsel, Mich. Asst Attorney General John S. Pallas, knowingly and intentionally conspired, aided and abetted [1/] that "perjury", all to obstruct justice and to Petitioner Ward's injury and prejudice, as relating to the outcome of the above captioned cause. More specifically:

1. Reference John Pallas's notice of e.filing, and affidavit of Diana Judge, submitted by Mr. Pallas to this Court, under cover of Petitioner's pending MOTION FOR RECONSIDERATION, dated 8/14/19, as EXHIBITS 7-7b.

    a) On 3/8/12 at 11:08 a.m. EST, John Pallas did e.file with this Court, in the above captioned cause, the affidavit of his client, Diana Judge, dated and sworn to under penalty of perjury on 3/5/12.

_____
[1/] And suborned.

- 1 -

E

1) The intent of Pallas and Ms. Judge was to gain an unfair and unconstitutional tactical advantage, in disregard of the injury and prejudice caused unto Petitioner Ward, and with disregard and deliberate indifference to the obstruction of justice that the affidavit and its filing would have in this case above captioned.

2. Quoting relevant portions of Ms. Judge's affidavit:

¶ 2 - "That, pursuant to a request from John S. Pallas, Asst Atty General, I was directed to review the MDOC records for Michael Charles Ward, #128267, to determine if any references remained to the prisoner's convictions for possession of marijuana and possession of LSD from 1971."

¶ 4 - "The files reviewed include the prisoner's Central Office file, his Record Office file, his Counselor file, his Audit file, his Education file and his Medical file."

¶ 6 - "That Records Administration staff conducted a systematic and thorough review of these files."

¶ 7 - "That any references in these records to the prisoner's expunged 1971 convictions that were observed during this review were redacted using a black felt-tip pen."

¶8 "It is my good-faith belief, based on the review completed on 2/23/12, that there are no longer any references to the prisoner's expunged 1971 convictions in the above-named files."

3. That, in fact, and now of record, Petitioner Ward, his former Federal Defender, and Respondent's counsel Linus Banghart-Linn have discovered literally hundreds of documents in the same files reviewed by Diana Judge, containing direct and indirect references and citations to the 1971 convictions. See documents filed as exhibits to Petitioner's pro-per supplemental brief; the Federal Defender's supplemental brief; and Petitioner's pro-per Reply Brief. And see, the "certificate of compliance," of Linus

E'

Banghart-Linn, dated 9/6/19; NOTING Petitioner's objections to that certification dated 9/12/19.

4. The sum total clearly indicating that it is most likely a jury would convict on the charge of perjury, conspiracy and aiding and abetting. [2/]

WHEREFORE, Petitioner prays this Honorable Court enter an appropriate order and fact-finding, including holding a formal evidentiary hearing permitting the subpoenaing of witnesses; and imposing upon the named parties to perjury, sanctions, including but not limited to monetary, and/or recommending to the U.S. Attorney that Federal Criminal charges/indictment issue, accordingly.

_____
2/ And subornation.

Date: 10/10/19

Respectfully submitted,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lennox Twp., MI 48048

Petitioner/Pro-per

-3-

$E^2$

Date: 10/10/19

Re: Ward v Wolfenbarger, et al.
    Case#: 03-cv-72701 (AJT)

Dear Clerk & Judge Tarnow:

    ENCLOSED for filing and the Court's consideration is one (1)
original of the below pleading.  On this date, by way of separate
mailing I have mailed a "judge's copy" to Judge Tarnow's chambers.

    1. PETITIONER'S MOTION FOR ORDER FINDING AND
SANCTIONING/PROSECUTING RESPONDENT AGENT "PERJURY";

    2. Certificate/Proof of Service - See herein below.

_____

    Thank you for your time and assistance in processing this
matter.

Sincerely,

_Michael Ward #128267_
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE

    I, MICHAEL WARD, Petitioner herein, certify and declare under
penalty of perjury that on 10/10/19, I placed a copy of the above
identified "PETITIONER'S SUPPLEMENT TO PENDING MOTION FOR
RECONSIDERATION, OFFERING A REALISTIC & EQUITABLE SOLUTION, w/Exh.
attachments #1, 2," in the U.S. Mail, 1st class postage prepaid,
addressed to the presiding judge, and opposing counsel of record:
HONORABLE Arthur J. Tarnow, Senior USDJ, U.S. District Court, E.D.
Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd.,
Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich
Attorney General, Criminal Appellate Division, P.O. Box 30217,
Lansing, MI 48909.

28 USC § 1746

_Michael Ward #128267_
Affiant/Petitioner

E³

Date: 10/11/19

Re: Ward v Wolfenberger, et al.,
    Case#: 03-cv-72701 (AJT)


SUBJECT: SETTLEMENT PROPOSAL

Dear MAAG Linus Banghart-Linn:

   Judge Tarnow's opinion & order of 8/7/19 continues to suggest
that we settle this case. Should he not grant me the relief I ask
for on pending motion for reconsideration, we have a long way to
go in litigation; perhaps never ending. I do not want that, and I
assume neither does your office, given the time and expenses
incurred.

   On 10/10/19 I mailed to you my motion asking the Court to find
that John Pallas and Diane Judge committed the felony act of
"PERJURY" in their respective capacities. I asked the Court to
recommend the U.S. Attorney prosecute. There is a 50-50 % chance
he just might grant that motion. If he does, it won't look good
for your team.

   THEREFORE, in resolution of this case, may I propose, suggest
and recommend you strongly urge your client(s) to settle in the
form of REINSTATING ME TO PAROLE, forthwith; with a preferable
nunc pro tunc provision back to date of PV 7/15/05.

   If you can promptly arrange that, I am willing to voluntarily
DISMISS with prejudice this entire case, including the "perjury"
motion.

   If you have any questions or comments contact me directly.

Sincerely,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lennox Twp., MI 48048

Petitioner/Pro-per


cc: file

MICHIGAN DEPARTMENT OF CORRECTIONS

**BASIC INFORMATION SHEET**

CSX-117
Rev 09/01

| Message  CTCU/QCU/E. Goniea 9/19/2011  Inaccurate PED provided. | Date Received 03/30/1990 |
|---|---|

| Client Number B-128267 | Client Name Ward, Michael | | Commit Status R-05 | Commitment Reason New Commitment (Reception Center Only) | Curr Loc DRF |
|---|---|---|---|---|---|

| FBI Number 620972H | SID Number 0661454H | SSN 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 | Birthdate 04/05/1951 | Race W | Sex M | Height 5' 9" | Weight 164 | Hair BRN | Eyes BRN | Complexion MED | Build MED | Marital N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Adult Jail Term 2 | Adult Prison 4 | Adult Escapes 0 | Adult Probation 1 | Sex Offense 0 | Juv. Commits 0 | Juv. Probation 0 | Juv. Escapes 0 |
|---|---|---|---|---|---|---|---|

| Religion D | Health Insurance U | Military Code | Marks, Scars NONE | More More |
|---|---|---|---|---|

| Sentence Rec No | Docket Number | Sentencing County | Judges Name | Offense Date | Sentence Date | Jail Credit Days | Corrected Date |
|---|---|---|---|---|---|---|---|
| 3 | 7913902-FY | Washtenaw | Brown | 03/21/79 | 05/08/81 | 780 | 03/20/79 |

| Sentence Rec No | Terms | Offense Description | Compiled Law | Convict By | CTN Number |
|---|---|---|---|---|---|
| 3 | Life to Life | Controlled Substance | 333.74012A1 | J | |

| Sentence Rec No | Calendar Date | SGT/PMI/TIS/CAL | RGT/AMI/TIS/CAL | SGT/PMX | RGT/AMX |
|---|---|---|---|---|---|
| 3 | | Life | Life | Life | Life |

PAROLE ELIGIBILITY DATE:

### PREVIOUS SENTENCE INFORMATION

| Client Prefix | Rec No. | Sentence Date | Terms | Offense Description | SGT Max Date | RGT Max Date | Term/Disch Date |
|---|---|---|---|---|---|---|---|
| A | 2 | 02/10/71 | 2y6m-4y | Vio Drug Law, 335.341 | | | 09/14/04 |
| A | 1 | 02/10/71 | 2y6m-10y | Vio Drug Law, 335.341 | | | 09/14/04 |

### IN CASE OF SERIOUS ILLNESS OR INJURY CONTACT

| Relationship  SISTER | Name  JANICE WARD | Address  205 CARPENTER RD |
|---|---|---|
| City & State  BAD AXE MI | | Telephone  (989) 269-2226 |

*2016!*

02/24/2016 09:23:13
B-128267  Ward, Michael

Page 1 of 1



DISTRIBUTION: White - Record Office, Canary - Central Office Records, Pink - Counselor, Goldenrod - Prisoner



|  | State of Michigan |  |
| RICK SNYDER<br>GOVERNOR | DEPARTMENT OF CORRECTIONS<br>LANSING | Daniel H. Heyns<br>DIRECTOR |

DATE:     12/04/2013

TO:       WHOM IT MAY CONCERN

SUBJECT:  VERIFICATION OF INCARCERATION

          B-128267 - Ward, Michael        DOB: 04/05/1951

The above named offender is currently incarcerated with the Michigan Department of Corrections.  The offender is currently serving on the charge(s) listed below, that do not have a termination date.

|   | Term | Charge | Sentence Date | Termination Date |
|---|------|--------|---------------|------------------|
| 3 | Life to Life | Controlled Substance | 05/08/81 | |
| 2 | 2y6m-4y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 |
| 1 | 2y6m-10y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 |

For further information regarding this offender you may log in to the MDOC OTIS website at http://www.michigan.gov/corrections.  This website will provide further details regarding the offender including location, earliest release and maximum dates, alias names, identifiers, as well as an offender photo.

If further information is required once in the OTIS website, click on the name of the offender's location to link to the facility information.  This will display the facility address and telephone number for further information.

Michigan Department of Corrections

H





RICK SNYDER
GOVERNOR

State of Michigan
DEPARTMENT OF CORRECTIONS
LANSING



Daniel H. Heyns
DIRECTOR

DATE:    06/18/2012

TO:    WHOM IT MAY CONCERN

SUBJECT:  VERIFICATION OF INCARCERATION

B-128267 - Ward, Michael    DOB: 04/05/1951

The above named offender is currently incarcerated with the Michigan Department of Corrections. The offender is currently serving on the charge(s) listed below, that do not have a termination date.

|   | Term | Charge | Sentence Date | Termination Date |
|---|------|--------|---------------|------------------|
| 3 | Life to Life | Controlled Substance | 05/08/81 | |
| 2 | 2y6m-4y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 |
| 1 | 2y6m-10y | Vio Drug Law, 335.341 | 02/10/71 | 09/14/04 |

For further information regarding this offender you may log in to the MDOC OTIS website at http://www.michigan.gov/corrections. This website will provide further details regarding the offender including location, earliest release and maximum dates, alias names, identifiers, as well as an offender photo.

If further information is required once in the OTIS website, click on the name of the offender's location to link to the facility information. This will display the facility address and telephone number for further information.

Michigan Department of Corrections

## COM/LAS SCREENS

| PRIS # | PFX RCD | DOCK # | MCL | HAB OR OTHER CODE | CRIME NARRATIVE | CNT | GUN LAW | JC | SENT DATE | CORR DATE | OFF DATE | COMP TYPE | MIN TERM | MAX TERM | TERM DATE | TERM TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128287 | A01 | 2478 | 335341 | | VIOLATION DRUG | 0 | 0 | 0 | 2/10/1971 | | 2/10/1971 | G | 002/06/00 | 010/00 | 9/14/2004 | 28 |
| 128287 | A02 | 2478 | 335341 | | VIOLATION DRUG | 0 | 0 | 0 | 2/10/1971 | | 2/10/1971 | G | 002/06/00 | 004/00 | 9/14/2004 | 26 |
| 128287 | B03 | 7913902FY | 33374012A1 | | UNLAWFUL MFG,DE | 0 | 0 | 780 | 5/08/1981 | 3/20/1979 | 3/22/1979 A1 | J | LIFE | LIFE | | |

Before chart?

Audit Sheet

Printed by C. Evenson on 8/25/2011

I

*[handwritten left margin, sideways:] This Show KJ to be "A" if (871) "A" were expunged*

MICHIGAN DEPARTMENT OF CORRECTIONS
PAROLE VIOLATION WORKSHEET AND DECISION

CFJ-Z26 2/02

### OFFENDER INFORMATION

| Name | MDOC Nbr | Agent and Caseload Number | Office Code |
|---|---|---|---|
| WARD, MICHAEL | 128267 | TODD A KLOSKA - 2520 ( 989 ) 269-9975 | Huron/Bad Axe - PBX |

| Parole Dates | PMX/SGT Max | Risk Levels | |
|---|---|---|---|
| 11/11/2004 - 11/11/2008 | Life/Life | Assaultive Risk Low, Property Risk Low | |

| Supervision Level | TRV Eligible / STOP Eligible | Decision Level |
|---|---|---|
| Parole Maximum Unemployed | Yes/Unknown | Level 3 A.M. |

**Special Conditions:** 1.2, 2.0, 2.1, 2.3, 4.0, 4.16, 7.1, 99

### CONVICTION HISTORY

| Prefix | Sentence Date | Offense | Min Term Yr(s)/Mo(s) | | Max Term Yr(s)/Mo(s) | |
|---|---|---|---|---|---|---|
| | | | | | 0 | 0 |
| B | 05/08/1981 | 333.74012A1 Controlled Substance - Del/Manuf. - Narc/Coc 650G or More | 2 | 6 | 4 | 0 |
| A | 02/10/1971 | 335.341 Violation Drug Law | 2 | 6 | 10 | 0 |
| A | 02/10/1971 | 335.341 Violation Drug Law | | | | |

### VIOLATIONS SINCE PAROLED

### ARRESTS SINCE PAROLED

| Date | Violations | | Date | Charges |
|---|---|---|---|---|
| 04/08/2005 | 2.3 No paging device | | | |

### CURRENT ARREST INFORMATION - Record 1

| Arrest Date | Arresting Agency | Booking Name |
|---|---|---|
| 07/15/2005 | Bad Axe Police Department | Ward, Michael |

**Offense - Disposition**

| Bond Type | Bond Amount | Posted | Custody Location |
|---|---|---|---|
| None | | No | Huron County Sheriff's Department |

### CURRENT ARREST INFORMATION - Record 2

| Arrest Date | Arresting Agency | Booking Name |
|---|---|---|
| 07/19/2005 | Bad Axe Police Department | Ward, Michael |

*[handwritten:] 3/15/06*

**Offense - Disposition**
Children-Accosting - Charges Dropped
Indecent Exposure - Charges Dropped
Alcohol-Sell Minor - Charges Dropped
Mal Dest Bldg<$200 - Charges Dropped

*[handwritten:] all dismissed — No prob. cause court ordered expunged 6/26/06*

| Bond Type | Bond Amount | Posted | Custody Location |
|---|---|---|---|
| Cash | 10000.00 | No | Huron County Sheriff's Department |

### CURRENT INCIDENT INFORMATION

*[handwritten left margin, sideways:] Same incident Same conduct*

| Viol. Date | Count | Code / Description | Prelim Finding | Finding Date |
|---|---|---|---|---|
| 07/15/2005 | 1 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 2 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 3 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 4 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 5 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 6 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 7 | 04 Conduct | Waived | 07/19/2005 |
| 07/15/2005 | 8 | 04 Conduct | Waived | 07/19/2005 |
| 07/14/2005 | 9 | 2.0 Not use alcohol | Waived | 07/21/2005 |
| 07/15/2005 | 10 | 1.2 No contact w/o adult | | |

### PV INFORMATION

| PV Date | Date Served | Date Available | Date Unavailable | 45-Day Date | PV Warrant Type | PV Warrant Date | Dead Time | Dead Time Days |
|---|---|---|---|---|---|---|---|---|
| 07/14/2005 | 07/19/2005 | 03/15/2006 | | 04/29/2006 | #2 | 07/26/2005 | No | |

### RECOMMENDATION

**Recommendation:** Return for Parole Revocation Process

Page 1 of 2

**Agent:** TODD A KLOSKA

WARD, MICHAEL - 128267
06/22/2006 09:32:48

*[handwritten:] Exh. # J*



STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
LANSING

RICK SNYDER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

March 27, 2018

**Michael Ward, #128267**
Macomb Correctional Facility (**MRF**)
34625 26 Mile Road
New Haven, Michigan. 48048

Dear Mr. Ward:

Thank you for contacting the Michigan Parole Board.

If a CFJ-226 *Parole Violation Worksheet and Decision* form exists for a prisoner, the Parole Board would consider it in the decision making process.

Again, thank you for your letter.

Sincerely,

Michigan Parole Board

MPB/pae

Exh. # J'

Date: 12/30/19

Re: Ward v Wolfenbarger, et al.
    Case#: 03-cv-72701 (AJT)

Dear Clerk & Judge Tarnow:


ENCLOSED for filing and the Court's consideration is one (1)
original of the below pleading.  On this date, by way of separate
mailing I have mailed a "judge's copy" to Judge Tarnow's chambers.


1. PETITIONER'S NOTICE OF RESPONDENT COUNSEL'S UNCLEAN HANDS, RE:
SUBORNATION OF PERJURY, AIDING & ABETTING, CONSPIRACY; and FRAUD


2. Certificate/Proof of Service - See herein below.


Thank you for your time and assistance in processing this matter.

Sincerely,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE


I, MICHAEL WARD, Petitioner herein, certify and declare under
penalty of perjury that on 12/30/19, I placed a copy of the above
identified PETITIONER'S NOTICE OF RESPONDENT COUNSEL'S UNCLEAN
HANDS, RE: SUBORNATION OF PERJURY, AIDING & ABETTING, CONSPIRACY;
and herein Certificate/Proof of Service, in the U.S. Mail, 1st class
postage prepaid, addressed to the presiding judge, and opposing
counsel of record: HONORABLE Arthur J. Tarnow, Senior USDJ, U.S.
District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W.
Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-
LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O.
Box 30217, Lansing, MI 48909.

28 USC § 1746

Michael Ward #128267
Affiant/Petitioner

Michael Ward #12R267
Macomb Correctional Facility
34625 26 Mile Rd.
Lenox Twp., MI 48048



12/30/19



1st Class



RECEIVED
JAN -2 2020
CLERK'S OFFICE
U.S. DISTRICT COURT





CLERK of the Court
U.S. District Court, E.D. Mich.
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226