UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                                  Civil Nos. 03-CV-72701-DT
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                 UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A COPY OF THE COMPLETE FILE/RECORD (ECF No. 356), DENYING THE MOTION FOR RECONSIDERATION (ECF No. 357), DENYING AS MOOT THE MOTION FOR LEAVE TO EXCEED PAGE LIMIT ON MOTION FOR RECONSIDERATION (ECF No. 358), DENYING THE RENEWED MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 359), CONSTRUING THE MOTION FOR COURT CERTIFICATION AS A TIMELY FILED NOTICE OF APPEAL AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION (ECF No. 365) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (ECF No. 365), GRANTING THE MOTION TO WITHDRAW THE HABEAS PETITION (ECF No. 369), DENYING AS MOOT THE MOTION TAKE ADJUDICATIVE ACTION ON STRICKEN MOTIONS (ECF No. 371), DENYING THE MOTION TO SANCTION RESPONDENT (ECF No. 373), GRANTING IN PART RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 375), AND DENYING THE MOTION TO STRIKE THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 378).**

Pending before the Court are numerous motions filed by petitioner and respondent.

**I. Background**

On June 30, 2004, this Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth

1

Amendment right to appellate counsel on his 1971 convictions, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77. The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

On August 7, 2019, following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

## II. Discussion

### A. The motion for a complete copy of the file/record (ECF No. 356) is DENIED.

Petitioner has requested the Court to provide him with the entire court file in his case, going back to 2004.

28 U.S.C. § 2250 states:

> "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."

As of today, there are currently 381 docket entries in petitioner's case, going back to when he initially filed his habeas petition in 2003. The Court will deny petitioner's motion for the entire record, because petitioner has not specified which of the documents or pleadings in the record are needed by him, particularly when this Court has granted petitioner all the relief he is entitled to in this case. A "blanket and noncommittal request" for documents by a habeas petitioner is insufficient to enable a federal court to make a determination of necessity pursuant to § 2250. *See Cassidy v. United States,* 304 F. Supp. 864, 867 (E.D Mo. 1969); *See also Morton v. Warren,* No. 2008 WL 4386840, * 5 (E.D. Mich. Sept. 24, 2008); *See also United States v. Chambers,* 788 F. Supp. 334, 338 (E.D. Mich. 1992)(federal criminal defendant not entitled to production of trial transcripts on his "bald assertion" that he needed them to prepare § 2255 post-conviction motion to vacate sentence). In light of the conclusory nature of petitioner's motion for the production of the entire record, the motion is denied. *Id.*

**B. The motion for reconsideration (ECF No. 357) is DENIED.**

Petitioner has moved for reconsideration of this Court's opinion and order modifying the terms of the grant of the writ of habeas corpus. Petitioner in his motion and in several supplemental briefs argues that this Court should have ordered his release on his 1981 possession with intent to deliver over 650 grams of cocaine conviction for which he is currently incarcerated.

4

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 774; *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court decided upon the remedy that it ordered when it modified the terms of the original grant of the writ. This Court previously indicated in its August 7, 2019 order that to the extent that petitioner wished to challenge the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition. *Ward v. Wolfenbarger*, 2019 WL 3714517, at * 6. Petitioner has, in fact, filed a petition challenging the Parole Board's decision to deny him parole, which remains pending before this Court. See U.S.D.C. No. 19-12543. The motion for reconsideration is denied.

### C. The motion to exceed a page limit (ECF No. 358) is DENIED AS MOOT.

Petitioner filed a motion to exceed the page limit with respect to his motion for reconsideration.

Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Accordingly, it is unnecessary for petitioner to obtain permission from this Court to obtain an order permitting him to exceed the page limit for any pleadings dealing with his habeas petition. The motion is denied as moot. *See Williams-El v. Bouchard*, No. 2008 WL 660015, * 1 (E.D. Mich. Mar. 10, 2008).

### D. The renewed motion for the appointment of counsel (ECF No. 359) is DENIED.

Petitioner requests the appointment of counsel.

Petitioner has been through three different court appointed attorneys: The Federal Defender Office, Robyn Frankel, and Haralambos D. Mihas. Petitioner was unable to maintain a working relationship with any of these lawyers.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). A habeas petitioner's motion for the substitution of appointed counsel should be granted only if it is in the "interests of

justice" to do so. *Martel,* 565 U.S. 648, 658 (2012)(citing 18 U.S.C. § 3006A). Petitioner has already had four separate attorneys.  His first two attorneys from the Federal Defender Office filed a lengthy brief on his behalf. (ECF No. 277).   It is not in the interests of justice to appoint a fourth attorney for petitioner, particularly where he has received all of the relief this Court can grant him in this case.  The motion is denied.

> **E. The motion for certification and to extend/stay the time for appeal (ECF No. 365) shall be construed as a timely filed Notice of Appeal. The Clerk of the Court is directed to transfer the motion to the Sixth Circuit.  Petitioner's request for an extension of time to file an appeal is moot.**

Petitioner filed a motion for certification, in which he asks for an extension of time to file a Notice of Appeal from this Court's decision to modify the terms of the original grant of the writ.  The motion is signed and dated September 4, 2019.[1]

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

---

[1] Under the "prison mailbox" rule, this Court considers petitioner's motion to be filed on September 4, 2019, the date it was signed and dated by petitioner. See *U.S. ex rel Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

A motion for an extension of time that is filed within the time period for filing a notice of appeal can be construed to be a notice of appeal where it specifies the party taking the appeal and the judgment being appealed. See *United States v. Gulley*, 29 F. App'x. 228, 230 (6th Cir. 2002); *See also United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977)("where a document is filed within the [deadline] which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require."). The Court believes that petitioner's motion for certification, in which he seeks an extension of time to file a notice of appeal, should be construed as a timely filed notice of appeal, because it evinces an intent by petitioner to file an appeal and contains the essential information needed to process the appeal.

Petitioner filed his notice of appeal along with his motion to extend time to appeal on September 4, 2019, which was within 30 days of the Court's judgment. In light of the fact that petitioner's notice of appeal was timely filed, his motion for an extension of time to file an appeal is moot. *See Steele v. Supreme Court of U.S.,* 255 F. App'x. 534 (C.A.D.C. 2007). The Court will order the Clerk of the Court to transfer the motion for certification (ECF No. 365) to the United States Court of Appeals for the Sixth Circuit.

**F. The motion to withdraw the petition (ECF No. 369) is GRANTED.**

Petitioner filed a petition for writ of habeas corpus (ECF No. 368), in which he sought enforcement of the modified terms and conditions of the writ. Petitioner has now moved to withdraw this petition, because he has now received

8

a copy of the Notice of Compliance from respondent. A habeas petitioner can withdraw a claim from a habeas petition as long as he or she does so knowingly, voluntarily, and intelligently. *See Daniel v. Palmer*, 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010); *rev'd on other grds sub nom Daniel v. Curtin,* 499 F. App'x. 400 (6th Cir. 2012). The motion to withdraw is granted.

### G. The motion take adjudicative action on stricken motions (ECF No. 371) is DENIED as moot.

Petitioner asks this Court to adjudicate several *pro se* motions that petitioner had previously filed while he was represented by counsel. The Court had stricken them from the record because a habeas petitioner who is represented by counsel is not entitled to consideration of any *pro se* motions that he or she files on his or her behalf. *See Jones v. Bradshaw*, 138 F. Supp. 3d 921, 923 (N.D. Ohio 2015). A habeas petitioner is not entitled to "proceed by means of hybrid representation" in his or her case. *Id.*

The Court permitted petitioner to resume his *pro se* filings after he had discharged his third attorney.

Petitioner asks this Court to adjudicate several motions for discovery which had been stricken. Petitioner, however, was permitted to file a renewed *pro se* motion for discovery (ECF No. 337), which this Court reviewed and denied on April 18, 2019. (ECF No. 346). Petitioner has not shown a need for discovery, particularly since the Court granted him additional relief and ordered the removal of all references to his 1971 convictions from his M.D.O.C. records and further

9

ordered that he be reclassified as an A prefix. Petitioner's motion is denied as moot.

### H. The motion for sanctions (ECF No. 373) is DENIED.

Petitioner claims that Diana Judge, the M.D.O.C.'s records administrator, committed perjury before this Court when she previously submitted an affidavit that she believed that all of the references to petitioner's 1971 convictions had been redacted or blacked out from his institutional records. Petitioner further claims that John Pallas, the Assistant Attorney General for the State of Michigan, attempted to obstruct justice when they filed this affidavit.

Attorneys and parties are obliged to present to the court only such "allegations and other factual contentions" as "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigants conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F. 3d 491, 507 (6th Cir. 1998)(citation omitted). Fraudulent behavior by a party to litigation is certainly unreasonable. *See Bout v. Bolden,* 22 F. Supp. 2d 653, 654 (E.D. Mich. 1998). However, alleged misrepresentations of fact do not warrant imposition of sanctions under Fed. R. Civ. P. 11, where the misrepresentations might have resulted from mistake or inadvertence, and the movant does not prove that the alleged misrepresentations were intentional. *See Danese v. City of Roseville*, 757 F. Supp. 827, 829, n. 2 (E.D. Mich. 1991).

Petitioner is not entitled to sanctions because he failed to show that Mr. Pallas' or Ms. Judge's misrepresentations were intentional, as opposed to mistaken or inadvertent. Petitioner's motion is denied.

I. **The motion for relief from judgment (ECF No. 375) is GRANTED IN PART.**

Respondent has filed a motion for relief from judgment, which in reality, is a motion for the Court to clarify the terms of its order dated August 7, 2019.

Respondent in their motion notes that this Court's order did not explicitly require the M.D.O.C. to act prospectively to prevent new references to petitioner's expunged convictions from entering his files, but acknowledged that the "spirit" of the Court's order would require the redaction of any new references to these expunged convictions being placed in petitioner's file. Respondent, however, notes that petitioner himself has sent several "kites" to the M.D.O.C., in which he has referenced to these expunged convictions. Respondent seeks clarification from this Court as to whether M.D.O.C. personnel are required to redact all references to petitioner's expunged convictions, even if the references are made by petitioner himself.

The Court believes that in order for the M.D.O.C. to fully comply with this Court's order, all references to petitioner's 1971 expunged convictions in any documents must be redacted or blacked out before these documents can be placed in petitioner's institutional files, even if the references come from petitioner himself. Accordingly, the Court clarifies that its Opinion and Order of

August 7, 2019 will require the M.D.O.C. to redact all references to petitioner's expunged convictions, even if they come from petitioner himself.

### J. The motion to strike the motion for relief from judgment (ECF No. 378) is DENIED.

Petitioner moved to strike the motion for relief from judgment.

Petitioner provides no basis to strike the motion, accordingly, his motion is denied.

### IT IS HEREBY ORDERED that:

(1) The motion for a complete copy of the file/record (ECF No. 356) is DENIED.
(2) The motion for reconsideration (ECF No. 357) is DENIED.
(3) The motion for an extension of the page limits (ECF No. 358) is DENIED AS MOOT.
(4) The renewed motion for the appointment of counsel (ECF No. 359) is DENIED.
(5) The motion for certification (ECF No. 365) is construed to be a timely filed notice of appeal. The Clerk of the Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit.
(6) The motion to withdraw the habeas petition (ECF No. 369) is GRANTED.
(7) The motion to take adjudicative action (ECF No. 371) is DENIED.
(8) The motion for sanctions (ECF No. 373) is DENIED.
(9) The motion for relief from judgment (ECF No. 375) is GRANTED IN PART. The Michigan Department of Corrections shall redact all references to petitioner's expunged 1971 convictions from his institutional records, even if the references come from documents supplied by petitioner.
(10) The motion to strike (ECF No. 378) is DENIED.

                                                s/Arthur J. Tarnow
                                                Hon. Arthur J. Tarnow
                                                United States District Judge

Dated: January 9, 2020