UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,
_____/

Civil Nos. 03-CV-72701-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**<u>OPINION AND ORDER GRANTING THE MOTION ORDERING THE MICHIGAN DEPARTMENT OF CORRECTIONS TO PERMIT PETITIONER TO REVIEW HIS PRISON FILES (ECF No. 382), DENYING THE MOTION FOR AN EVIDENTIARY HEARING (ECF No. 385), DENYING THE MOTION FOR BOND (ECF No. 386), DENYING AS MOOT THE MOTION FOR LEAVE TO EXCEED PAGE LIMIT (ECF No. 388), DENYING THE RENEWED MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF Nos. 382, 395), DENYING THE MOTIONS TO REOPEN THE CASE (ECF Nos. 392, 397), DENYING THE MOTIONS TO AMEND OR ALTER JUDGMENT (ECF Nos. 395, 400), DENYING THE MOTION TO CONSOLIDATE THIS CASE WITH Case # 19-12543 (ECF No. 396), AND DENYING AS MOOT THE MOTION TO GRANT ALL PENDING MOTIONS (ECF No. 389).</u>**

Pending before the Court are numerous motions filed by petitioner.

**I. Background**

On June 30, 2004, this Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v.*

1

*Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77. The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

On August 7, 2019, following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

2

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

## II. Discussion

### A. The motion to order the Michigan Department of Corrections (M.D.O.C.) to permit petitioner to inspect his prison files (ECF No. 382) is GRANTED.

Petitioner filed a motion to order the Michigan Department of Corrections to permit him to inspect his own prison files to assure that all references to his 1971 convictions have been removed from the files as this Court had ordered.

The Court grants the motion and orders the Michigan Department of Corrections to allow petitioner to inspect his prison files in order to assure that the State of Michigan is in full compliance with this Court's order.

. **B. The motion for an evidentiary hearing (ECF No. 385) is DENIED.**

Petitioner requests an evidentiary hearing on his case. This Court has already granted habeas relief to petitioner and has also expanded the terms of the original grant to order the M.D.O.C. to remove all references to petitioner's

3

1971 convictions from his records. This Court granted petitioner all the relief that he is possibly entitled to. There is no reason for an evidentiary hearing. The motion is denied.

### C. The motion for bond (ECF No. 386) is DENIED.

Petitioner moved for release on bond.

Petitioner is no longer in custody on his 1971 convictions. This Court has no power in this case to order his release on his 1981 conviction for which he is currently incarcerated. Petitioner is currently separately challenging the denial of parole in his 1981 conviction in Case # 19-12543. To the extent he wishes to ask for release on bond, petitioner should move for a bond reduction in that case.

### D. The motion to exceed a page limit (ECF No. 388) is DENIED AS MOOT.

Petitioner filed a motion to exceed the page limit.

Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Accordingly, it is unnecessary for petitioner to obtain permission from this Court to obtain an order permitting him to exceed the page limit for any pleadings dealing with his habeas petition. The motion is denied as moot. *See Williams-El v. Bouchard*, No. 2008 WL 660015, * 1 (E.D. Mich. March 10, 2008).

### E. The renewed motions for the appointment of counsel (ECF Nos. 382, 395) is DENIED.

Petitioner again requests the appointment of counsel.

Petitioner has been through three different court appointed attorneys: The Federal Defender Office, Robyn Frankel, and Haralambos D. Mihas. Petitioner was unable to maintain a working relationship with any of these lawyers.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). A habeas petitioner's motion for the substitution of appointed counsel should be granted only if it is in the "interests of justice" to do so. *Martel v. Clair,* 565 U.S. 648, 658 (2012)(citing 18 U.S.C. § 3006A). Petitioner has already had four separate attorneys. His first two attorneys from the Federal Defender Office filed a lengthy brief on his behalf. (ECF No. 277). It is not in the interests of justice to appoint a fourth attorney for petitioner, particularly where he has received all of the relief this Court can grant him in this case. The motions are denied.

**F. The motions to reopen the case (ECF No. 392, 397) are DENIED.**

Petitioner filed two motions to reopen the case.

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir. 2006). If, on the other hand, the respondent meets the terms of the habeas

court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.*

Petitioner has made no showing that the respondent did not comply with the terms of this Court's order to grant relief. Accordingly, there is no basis at this time to reopen the case. The motions are denied.

### G. The motions to alter or to amend judgment (ECF Nos. 395, 400) are denied.

Petitioner has filed two motions to alter or to amend judgment regarding this Court's opinion and order modifying the terms of the grant of the writ of habeas corpus.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 774; *Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motions will be denied, because petitioner is once again presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court decided upon the remedy that it ordered when it modified the terms of the original grant of the writ. This Court previously indicated in its August 7, 2019 order that to the extent that petitioner wished to challenge the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition. *Ward v. Wolfenbarger*, 2019 WL 3714517, at * 6. (E.D. Mich. Aug. 7, 2019). Petitioner has, in fact, filed a petition challenging the Parole Board's decision to deny him parole, which remains pending before this Court. See U.S.D.C. No. 19-12543. The motions to alter or amend judgment are denied.

**H. The motion to consolidate (ECF No. 396) is DENIED.**

Petitioner moves for this Court to consolidate this case with Case # 19-12543, in which petitioner challenges the Parole Board's refusal to grant him parole on his 1981 conviction.

Rule 2(d) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 requires that a habeas petitioner who seeks to attack the validity of the judgments of two or more state courts must do so by filing separate habeas petitions. Although a federal district court has the discretion to consolidate different state convictions into a single habeas petition. *See e.g. Coleman v.*

*Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001), there is no reason to do so in this case**.** The motion to consolidate is denied.

   I. **The motion to grant all pending motions (ECF No. 389) is DENIED as moot.**

Petitioner asks this Court to grant all pending motions. In light of the fact that this Court has granted several of his motions and denied several other motions, this motion is denied as moot.

   **IT IS HEREBY ORDERED that:**

   (1) The motion ordering the Michigan Department of Corrections to permit petitioner to inspect his prison files (ECF No. 382) is GRANTED.
   (2) The motion for an evidentiary hearing (ECF No. 385) is DENIED.
   (3) The motion for bond (ECF No. 386) is DENIED.
   (4) The motion for an extension of the page limits (ECF No. 388) is DENIED AS MOOT.
   (5) The renewed motions for the appointment of counsel (ECF No. 382, 395) are DENIED.
   (6) The motions to reopen the case (ECF No. 392, 397) are DENIED.
   (7) The motions to alter or to amend judgment (ECF Nos. 395, 400) are DENIED.
   (8) The motion to consolidate (ECF No. 396) is DENIED.
   (9) The motion to grant all pending motions (ECF No. 389) is DENIED AS MOOT.

                    _s/Arthur J. Tarnow_____
                    Hon. Arthur J. Tarnow
                    United States District Judge

Dated: March 12, 2020