UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v.

HUGH WOLFENBARGER, et al., **1/**

    Respondent's.

_____/

CASE NO. 2:03-cv-72701

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge
ORAL ARGUMENT & HEARING REQUESTED

[Writ to Issue for Prisoner's Presence]

Concurrence in this motion has not been sought because the movant is an incarcerated prisoner proceeding pro-se. ED L.R. 7.1(a)(C).

## VERIFIED
## FRCP 60(b) MOTION UNDER
## PETITIONER'S "AFFIDAVIT" COUNTER STATEMENT/CERTIFICATE
## OF RESPONDENT'S NON-COMPLIANCE;
and,
## TO RE-OPEN CASE BASED ON "NEW MATERIAL EVIDENCE";
and,
## TO "SHOW CAUSE" WHY
## ADDITIONAL RELIEF SHOULD NOT BE GRANTED/ORDERED,
## AND/OR SANCTIONS LEVIED

**NOW COMES** Petitioner, MICHAEL WARD, pro-se; and having been duly sworn, declares, deposes and says the following, based on **personal knowledge**:

    A. This motion and affidavit are brought under FRCP 60(a),(b)(1,3,6); 59(e); 52(b); and this Court retains jurisdiction. FRAP 4(b)(4); Balfour v Howes, 611 F Appx. 862, 864 (CA6 2015), citing Gentry v Deuth, 456 687, 692 (CA6 2006); and see, Phifer v Warden, 53 F 3d 859, 865 (CA7 1995); Burdine v Johnson, 87 F Supp 2d 711, 717 (SD Tex. 2000). The authorities cited here should not be limited thereto; but rather, should additional or other authorities/provisions be more appropriate to the survival of this motion and any relief to be granted; Petitioner, as a pro-se

---

**1/** Hugh Wolfenbarger was Warden at time of filing this habeas petition. The **Acting** Warden is currently "Willis Chapman".

POOR QUALITY ORIGINAL

litigant, should be a "liberal construction." <u>Haines</u> v <u>Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Urbina</u> v <u>Thoms</u>, 270 F 3d 292, 295 (CA 6 2001).

1. On 8/7/19 (Dkt# 355), this Court, in what appears to be a "conditional" order for a writ of habeas corpus, ordered the MDOC (Respondent's) to remove all references to the 1971 convictions from all of Petitioner's files and records; including changing the B-prefix designation/classification <u>to "A" prefix</u>. The Court in the same order, ordered Respondent's (through their counsel), to, within 30 days file with the Court a "Certificate of Compliance."

2. On 9/6/19 (Dkt# 364), Respondent's through their counsel filed a "Certificate of Compliance," wherein Respondent's counsel of record, swears under oath, that concerning the Central Office file (maintained in Lansing), "... two assistant attorney's general and one paralegal employed by the Office of the Attorney General combed through each page of the file, redacting any reference to the expunged convictions." Regarding the two files (Institutional and Counselor files) maintained at the Macomb Correctional Facility, Respondent's counsel sworn under oath: "Macomb Correctional Facility, where Ward is housed, has both the file that is used when making Ward's security classification as well as the file that is used when making Ward's institutional classification. The same three employees of the Attorney General's Office traveled to Macomb CF, and again combed through both files, redacting any reference to the expunged convictions. And finally, Ward's prefix has been changed to an 'A.' The State has thus complied with this Court's order." <u>See</u>, Dkt# 364.

a) The certificate of compliance was prepared and e.filed, containing the names of DANA NESSEL, Attorney General; and Linus Banghart-Linn, Asst Atty General. As such, the contents of that document were (by way of counsel's signature) sworn to be true, under penalty of perjury. 28 U.S.C. § 1746.

3. Thereafter, the record demonstrates Petitioner has filed numerous dispositive, outcome determinative motions; all of which the Court apparently denied, on the premise the Court <u>believed</u> the said certificate of compliance to be true; and that the matter (this case) was put to an end; this Court, <u>over Petitioner's objection</u>, has repeatedly stated in its last two Opinions/Orders (1/9/20 [Dkt# 391] & 3/12/20 [Dkt# 403]), that "the Court has granted Petitioner <u>all the relief</u> he is entitled to in this case."

4. However, the Court must now, as a matter of fact and law, and in serving the "interest of justice," take a different position, warranting the relief Petitioner has been requesting and now rightly entitled to, for reason Respondent's through their counsel have <u>TWICE NOW</u> deliberately misled the Court on the <u>same material fact</u>, are in contempt of the Court's 8/7/19 Op/Ord, <u>perjured themselves</u>, and perpetrated a <u>fraud</u> upon both the Court and Petitioner, all to Petitioners actual and substantial <u>prejudice</u>, given attendant inordinate, inexcusable delay, as a direct result of Respondent's acts and omissions, to wit:

5. <u>RESPONDENT'S CONTEMPT/FRAUDULENT NON-COMPLIANCE</u>:

a) On 3/19/20, Petitioner was permitted to inspect his Institutional and Counselor files at the Macomb CF. He inspected both files, page by page, over a period of six (6) hours, under direct

camera and correctional officer (Mr. Hess) surveillance. Petitioner's inspection revealed: 1) Neither of the two files contains <u>any redactions</u> of any information, with the exception of a small paragraph in the PSI report, and 3 lines from letters written by Petitioner himself that were placed in the files; 2) That one hundred ninety-six (196) <u>REFERENCES TO THE 1971 CONVICTIONS REMAIN IN THE TWO FILES</u>, in various forms, i.e., explicit citation by statute and title to the 1971's; as a "B" prefix; as number (4) of prior prison terms; and as "3" Sentences Received Number.

  b) Petitioner can and does swear under oath here and now, that his inspection reveals that <u>NO RELEVANT AND MATERIAL REDACTIONS WERE MADE ON ANY PAGE OF EITHER OF THE TWO FILES</u>, except for the paragraph and 3 lines mentioned herein above; and it is impossible to determine the date or time those minute redactions were made, or by whom.

  c) Petitioner had earmarked with yellow tabs, each of the 196 pages containing 1971 conviction references; however, the Acting Warden's Administrative Assistant, Ms. Golson, at 4:15 p.m., on 3/19/20, directely REFUSED Petitioner's request to be permitted to <u>COPY</u> the 196 pages, or any portion thereof; stating to Petitioner "GO BACK TO COURT AND GET ANOTHER ORDER." Ms. Golson made it clear that a copy of the 196 pages would NOT be provided <u>without</u> the <u>Court</u> <u>ordering</u> <u>them</u> (<u>MDOC</u>) to do so.

  1) On 3/20/20, Petitioner mailed to the Clerk of this Court, with copy mailed to Judge Tarnow's Chambers, an Emergency Motion seeking the Court's order to obtain copies. The documents are relevant and material <u>evidence</u> outcome determinative in this case; and/or the companion/related habeas action of <u>Ward</u> v <u>Warren</u>, #2:19-cv-

12543 (AJT).

6. Respondent's through their counsel, have now **TWICE DELIBERATELY misled the Court on a material fact, and perpetrated a contemptuous fraud, and perjured** themselves upon the Court, ON THE SAME MATTER: **First**, when on 3/8/12 (Dkt# 145), having filed with the Court the **affidavit** of their client, Diana Judge, MDOC Records Administrator, asserting under oath that **all** references to the 1971 convictions have been redacted from all of Petitioner's files/records; a material fact found to be untrue, in the Court's 8/7/19 Op/Ord. **Second**, when on 9/6/19 (Dkt# 364) they filed their certificate of compliance, **again** stating to the Court under oath and affirmation (by way of their counsel's signature) that all references to the 1971 convictions have been removed/redacted. An outcome determinative, asserted material fact, now known and proven to be untrue; a total and deliberate, wilfull, falsehood.

WHEREFORE, Petitioner requests the Court fashion an appropriate Opinion and Order, addressing, sanctioning, ordering, and granting the following, but not limited to:

1. Re-appointing the Federal Defender, other attorney, or an investigator for purpose of obtaining and inspecting files/records that are not available to Petitioner, but which the MDOC/Parole Authorities do consider when making decisions regarding classification, parole, commutation of sentence, i.e., HARD COPY & ELECTRONIC files - Central Office, Audit, Commutation, on the "OMS" data base system, and personal mini-files created and maintained by MDOC Central Office Record's Administrator, Parole Board Members and

their staff.

2. Issue a **SHOW CAUSE** order upon Respondent's to show cause (within no more than 14 days after date of said order to issue), why the Court should not:

a) Grant Petitioner an order of release from custody (<u>Burgett</u> v <u>Texas</u>, 389 U.S. 109, 115 (1967); <u>Satterlee</u> v <u>Wolfenbarger</u>, 453 F 3d 362, 369 (CA6 2006); <u>Majchszak</u> v <u>Ralston</u>, 454 F Supp 1137, 1142-44 (WD Wis. 1978)); or order Petitioner's **REINSTATEMENT TO PAROLE**, nunc pro tunc to 7/15/05, <u>Tunks</u> v <u>Sigler</u>, 427 F Supp 455, 457 (CD Calif. 1976), upon an unconditional writ of habeas corpus; given Respondent's have failed to comply with the 8/7/19 "conditional" order to remove all references to the 1971 convictions from MDOC files/records; given the 1971 convictions (albeit of long past service of sentence), have and continue to **ENHANCE PUNISHMENT** (duration of time served in a prison cell, compared to "conditional" liberty out on parole), on his current service of his 1981 parolable life sentence for a non-violent drug law offense some 42 years in the past, <u>Burgett</u>, supra.; <u>Majchszak</u>, supra.; and given the parole officer on 7/15/05 as evidenced in his "PV Worksheet & Decision," (of record - see Briefs and Exhibits in support under Dkt#'s 277, 306), considered as reason, in part, the 1971 convictions to **INITIATE** and **PURSUE** the parole violation process.

b) Find Respondent's and/or their counsel, having: 1) deliberately misled the Court on a relevant and material fact(s); 2) perpetrated a fraud upon the Court and Petitioner; 3) to be in "contempt" of the Court's 8/7/19 Op/Ord; 4) to have <u>perjured</u> themselves, given the deliberate material falsehood non-factual

presentation in their 9/6/19 certificate of compliance.

c) Appropriately and severely sanction Respondent's and/or their counsel for their misconduct, as set forth herein.

3. Reassign the Federal Defender, other counsel, or an investigator for purpose of obtaining and inspecting all files/records mentioned herein above, that Respondent's counsel has <u>NOT certified</u> compliance; and that which Petitioner, as a prisoner, (exempt from FOIA by state statute) <u>**CANNOT ACCESS AND INSPECT**</u>; noting that notwithstanding the falsehood of Respondent's 9/6/19 certificate of compliance, 196 references to the 1971 convictions remain in the Institutional and Counselor files; that it is reasonable to assume that the <u>remaining</u> files articulated herein above, also continue to reference the 1971 convictions in one form or another; and Respondent's in fact, despite the Court's <u>and</u> <u>CA6</u> several notices, suggestions and direct order's, <u>TO PETITIONER'S ACTUAL AND SUBSTANTIAL PREJUDICE</u>, remain, <u>to date</u> 3/23/20, in <u>**NON-COMPLIANCE**</u>.

4. Promptly schedule and conduct a <u>**FORMAL HEARING**</u>, <u>evidentiary, or otherwise</u>, to provide both parties an opportunity to <u>verbalize</u> their positions (on the record); and/or to present and examine live witness testimony whom are responsible for the acts/omissions stated herein -- in a question/answer process, with the Court involved in the dialog; whereupon permitting the Court to then decide the appropriate and fair course of action to take in remedying the matter and granting/ordering appropriate relief and/or sanctions.

Date: 3/23/20

**VERIFICATION - CONTENTS SWORN TO**
[See next page]

Respectfully submitted,

*[signature]*
Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

-7-

## VERIFICATION - AFFIDAVIT OF TRUTH TO CONTENT

I, MICHAEL WARD, Petitioner herein the above pleading captioned: "FRCP 60(b) MOTION UNDER PETITIONER'S "AFFIDAVIT" COUNTER STATEMENT/CERTIFICATE OF RESPONDENT'S NON-COMPLIANCE; and, TO RE-OPEN CASE BASED ON "NEW MATERIAL EVIDENCE"; and, TO "SHOW CAUSE" WHY ADDITIONAL RELIEF SHOULD NOT BE GRANTED/ORDERED, AND/OR SANCTIONS LEVIED," do declare and swear under oath and affirmation by the below NOTARY PUBLIC, that I have read and know the foregoing content of said pleading, and same is true and accurate to each and every word attested, based upon my <u>personal knowledge</u>; and otherwise as to matters of record, same is true based upon my personal knowledge, information and belief. If called to testify, I would testify in a court of law, under oath, to the same as presented herein above.

FURTHERMORE AFFIANT SAITH NOT.

Subscribed & Sworn to before me
this 23rd day of March, 2020.

_____
NOTARY PUBLIC

EMILY FLETCHER
NOTARY PUBLIC, ST...
COUNTY OF ...
MY COMMISSION EXP... ...22
ACTING IN COUNTY OF

_____
Michael Ward #128267
Affiant/Petitioner

28 U.S.C. § 1746

-8-

Date: 3/23/20

Re: Ward v Wolfenbarger, et al.,
    Case#: 2:03-cv-72701 (AJT)

                                REQUEST THIS MOTION BE PLACED
                           ON EXPEDITED CALENDAR FOR PROMPT RULING

Dear Clerk & Judge Tarnow:

   ENCLOSED for filing and the Court's consideration is one (1) original of the below prisoner pro-se pleading. On this date, by way of separate mailing, I have mailed a "judge's copy" to Judge Tarnow's chambers.
   **VERIFIED**
   1. FRCP 60(b) MOTION UNDER PETITIONER'S "AFFIDAVIT" COUNTER STATEMENT/CERTIFICATE OF RESPONDENT'S NON-COMPLIANCE; and, TO RE-OPEN CASE BASED ON "NEW MATERIAL EVIDENCE"; and, TO "SHOW CAUSE" WHY ADDITIONAL RELIEF SHOULD NOT BE GRANTED/ORDERED, AND/OR SANCTIONS LEVIED; and

   2. Certificate/Proof of Service. See herein below.


   Thank you for your time and assistance in processing this matter.

Sincerely,

_/s/ M. Ward_
Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE

   I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that on 3/23/20, I placed a copy of the above identified FRCP 60(b) MOTION UNDER PETITIONER'S "AFFIDAVIT" COUNTER STATEMENT/CERTIFICATE OF RESPONDENT'S NON-COMPLIANCE; and, TO RE-OPEN CASE BASED ON "NEW MATERIAL EVIDENCE"; and, TO "SHOW CAUSE" WHY ADDITIONAL RELIEF SHOULD NOT BE GRANTED/ORDERED, AND/OR SANCTIONS LEVIED; and herein Certificate/Proof of Service, in the U.S. Mail, 1st class postage prepaid, addressed to the presiding judge, and opposing counsel of record: HONORABLE Arthur J. Tarnow, Senior USDJ, U.S. District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O. Box 30217, Lansing, MI 48909.

28 USC § 1746

                                               _/s/ M. Ward_
                                               Michael Ward #128267
                                               Affiant/Petitioner

                                                  28 U.S.C. § 1746





1st Class