

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v.

HUGH WOLFENBARGER, et al., 1/

    Respondent's.
_____/

CASE NO. 2:03-cv-72701

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge

ORAL ARGUMENT & HEARING REQUESTED
[Writ to Issue for Prisoner's Presence]

Concurrence in this motion has not been sought because the movant is an incarcerated prisoner proceeding pro-se. ED L.R. 7.1(a)(C).

<u>VERIFIED
PETITIONER'S MOTION FOR ORDER TO "SHOW CAUSE"
WHY RESPONDENT'S & THEIR COUNSEL
SHOULD NOT BE SANCTIONED FOR
DELIBERATELY MISLEADING THE COURT,
FRAUD, PERJURY AND/OR CONTEMPT</u>

    NOW COMES Petitioner, MICHAEL WARD, <u>pro-se</u>, and bring his motion under FRCP 60(b)(1,3,6), or any other authority or rule, as "liberally construed" by the Court for him, <u>Haines</u> v <u>Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Urbina</u> v <u>Thoms</u>, 270 F 3d 292, 295 (CA6 2001), and moves the Court to order Respondent's, through their counsel, <u>SHOW CAUSE</u> why the Court should not be sanctioned for deliberately misleading the Court, and perpetrating what appears to be fraud, perjury, and/or contempt of Court; and thereafter Respondent's counsel answers, that the Court promptly schedule a formal evidentiary hearing, whereupon a record can be made, orally and in the taking of live testimony. This motion is brought on for good cause and reason as follows:

    1. Petitioner restates and incorporates the whole of his earlier two motions: a) Dated 3/20/20 - FRCP Rule 60(b)(6) PETITIONER'S

---

1/ Hugh Wolfenbarger was Warden at time of filing this habeas petition. The <u>Acting</u> Warden is currently "Willis Chapman".

POOR QUALITY ORIGINAL

"EMERGENCY" MOTION FOR ORDER INSTRUCTING MDOC TO PERMIT THE 'COPYING' OF ALL DOCUMENTS IDENTIFIED PER PETITIONER'S 3/19/20 COURT ORDERED INSPECTION OF HIS PRISON FILES; and b) Dated: 3/23/20 - FRCP 60(b) MOTION UNDER PETITIONER'S "AFFIDAVIT" COUNTER STATEMENT/CERTIFICATE OF RESPONDENT'S NON-COMPLIANCE; and, TO RE-OPEN CASE BASED ON "NEW MATERIAL EVIDENCE"; and, TO 'SHOW CAUSE' WHY ADDITIONAL RELIEF SHOULD NOT BE GRANTED/ORDERED, AND/OR SANCTIONS LEVIED.

2. On 8/7/19 (Dkt# 355), this Court, in what appears to be a "conditional" order for a writ of habeas corpus, ordered the MDOC (Respondent's) to remove all references to the 1971 convictions from all of Petitioner's files and records; including changing the B-prefix designation/classification <u>to "A" prefix</u>. The Court in the same order, ordered Respondent's (through their counsel), to, within 30 days file with the Court a "Certificate of Compliance."

3. On 9/6/19 (Dkt# 364), Respondent's through their counsel filed a "Certificate of Compliance," wherein Respondent's counsel of record, swears under oath, that concerning the Central Office file (maintained in Lansing), "... two assistant attorney's general and one paralegal employed by the Office of the Attorney General combed through each page of the file, redacting any reference to the expunged convictions." Regarding the two files (Institutional and Counselor files) maintained at the Macomb Correctional Facility, Respondent's counsel sworn under oath: "Macomb Correctional Facility, where Ward is housed, has both the file that is used when making Ward's security classification as well as the file that is used when making Ward's institutional classification. The same three employees of the Attorney General's Office traveled to Macomb CF, and again combed through both files, redacting any reference to the expunged

convictions. And finally, Ward's prefix has been changed to an 'A.' The State has thus complied with this Court's order." See, Dkt# 364.

 a) The certificate of compliance was prepared and e.filed, containing the names of DANA NESSEL, Attorney General; and Linus Banghart-Linn, Asst Atty General. As such, the contents of that document were (by way of counsel's signature) sworn to be true, under penalty of perjury. 28 U.S.C. § 1746.

 4. **RESPONDENT'S CONTEMPT/FRAUDULENT NON-COMPLIANCE**:

 a) On 3/19/20, Petitioner was permitted to inspect his Institutional and Counselor files at the Macomb CF. He inspected both files, page by page, over a period of six (6) hours, under direct camera and correctional officer (Mr. Hess) surveillance. Petitioner's inspection revealed: 1) Neither of the two files contains <u>any redactions</u> of any information, with the exception of a small paragraph in the PSI report, and 3 lines from letters written by Petitioner himself that were placed in the files; 2) That one hundred ninety-six (196) **REFERENCES TO THE 1971 CONVICTIONS REMAIN IN THE TWO FILES**, in various forms, i.e., explicit citation by statute and title to the 1971's; as a "B" prefix; as number (4) of prior prison terms; and as "3" Sentences Received Number.

 b) Petitioner can and does swear under oath here and now, that his inspection reveals that **NO RELEVANT AND MATERIAL REDACTIONS WERE MADE ON ANY PAGE OF EITHER OF THE TWO FILES**, except for the paragraph and 3 lines mentioned herein above; and it is impossible to determine the date or time those minute redactions were made, or by whom.

 c) Petitioner had earmarked with yellow tabs, each of the 196 pages containing 1971 conviction references; however, the Acting Warden's Administrative Assistant, Ms. Golson, at 4:15 p.m., on

-3-

3/19/20, directely REFUSED Petitioner's request to be permitted to <u>COPY</u> the 196 pages, or any portion thereof; stating to Petitioner "GO BACK TO COURT AND GET ANOTHER ORDER." Ms. Golson made it clear that a copy of the 196 pages would NOT be provided <u>without the Court ordering them</u> (<u>MDOC</u>) to do so.

  1) On 3/20/20, Petitioner mailed to the Clerk of this Court, with copy mailed to Judge Tarnow's Chambers, an Emergency Motion seeking the Court's order to obtain copies. The documents are relevant and material <u>evidence</u> outcome determinative in this case; and/or the companion/related habeas action of <u>Ward</u> v <u>Warren</u>, #2:19-cv-12543 (AJT).

  5. Respondent's through their counsel, have <u>now TWICE DELIBERATELY misled the Court on a material fact, and perpetrated a contemptuous fraud, and perjured</u> themselves upon the Court, <u>ON THE SAME MATTER</u>: <u>First</u>, when on 3/8/12 (Dkt# 145), having filed with the Court the <u>affidavit</u> of their client, Diana Judge, MDOC Records Administrator, asserting under oath that <u>all</u> references to the 1971 convictions have been redacted from all of Petitioner's files/records; a material fact found to be untrue, in the Court's 8/7/19 Op/Ord. <u>Second</u>, when on 9/6/19 (Dkt# 364) they filed their certificate of compliance, <u>again</u> stating to the Court under oath and affirmation (by way of their counsel's signature) that all references to the 1971 convictions have been removed/redacted. An outcome determinative, asserted material fact, now known and proven to be untrue; a total and deliberate, wilfull, falsehood.

  WHEREFORE, Petitioner prays the Court grant his motion, and order Respondent's through their counsel, to SHOW CAUSE, within no more than

fourteen (14) days, from date of entry of the forthcoming order. The show cause response should address all allegations and concerns herein above.

Further, Petitioner requests that after receiving Respondent's "show cause" response; that the Court promptly schedule this matter for formal evidentiary hearing, in order to make a record by permitting oral recitations in dialog with questions the Court may have, as well as the presentation to live testimony from relevant and material witnesses.

Respectfully submitted,

Date: 3/23/20

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per


## VERIFICATION – AFFIDAVIT OF TRUTH TO CONTENT

I, MICHAEL WARD, Petitioner herein the above pleading captioned: "PETITIONER'S MOTION FOR ORDER TO 'SHOW CAUSE' WHY RESPONDENT'S & THEIR COUNSEL SHOULD NOT BE SANCTIONED FOR DELIBERATELY MISLEADING THE COURT, FRAUD, PERJURY AND/OR CONTEMPT, do declare and swear under oath and affirmation by the below NOTARY PUBLIC, that I have read and know the foregoing content of said pleading, and same is true and accurate to each and every word attested, based upon my personal knowledge; and otherwise as to matters of record, same is true based upon my personal knowledge, information and belief. If called to testify, I would testify in a court of law, under oath, to the same as presented herein above.

FURTHERMORE AFFIANT SAITH NOT.

Subscribed & Sworn to before me
this 23rd day of March, 2020.

_____
NOTARY PUBLIC

Michael Ward #128267
Affiant/Petitioner

28 U.S.C. § 1746

Date: 3/23/20

Re: Ward v Wolfenbarger, et al.,
    Case#: 2:03-cv-72701 (AJT)

                                    REQUEST THIS MOTION BE PLACED
                                 ON EXPEDITED CALENDAR FOR PROMPT RULING

Dear Clerk & Judge Tarnow:

   ENCLOSED for filing and the Court's consideration is one (1) original of the below <u>prisoner pro-se</u> pleading. On this date, by way of separate mailing, I have mailed a "judge's copy" to Judge Tarnow's chambers.

   1. PETITIONER'S MOTION FOR ORDER TO 'SHOW CAUSE' WHY RESPONDENT'S & THEIR COUNSEL SHOULD NOT BE SANCTIONED FOR DELIBERATELY MISLEADING THE COURT, FRAUD, PERJURY AND/OR CONTEMPT; and

   2. Certificate/Proof of Service.  See herein below.

   Thank you for your time and assistance in processing this matter.

Sincerely,

/s/ Michael Ward
Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

<u>CERTIFICATE/PROOF OF SERVICE</u>

   I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that on 3/23/20, I placed a copy of the above identified PETITIONER'S MOTION FOR ORDER TO 'SHOW CAUSE' WHY RESPONDENT'S & THEIR COUNSEL SHOULD NOT BE SANCTIONED FOR DELIBERATELY MISLEADING THE COURT, FRAUD, PERJURY AND/OR CONTEMPT; and herein Certificate/Proof of Service, in the U.S. Mail, 1st class postage prepaid, addressed to the presiding judge, and opposing counsel of record: HONORABLE Arthur J. Tarnow, Senior USDJ, U.S. District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O. Box 30217, Lansing, MI 48909.

28 USC § 1746

                                              /s/ Michael Ward
                                              Michael Ward #128267
                                              Affiant/Petitioner



Micheal Ward #128267
Macomb Correctional Facility
34625 26 Mile Rd.
Lenox Twp., MI 48048

1st Class

To:
CLERK of the Court
U.S. District Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd, Room 564
Detroit, MI 48226

RECEIVED
APR 29 2020
CLERKS OFFICE
U.S. DISTRICT COURT

