UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v.

HUGH WOLFENBARGER, et al., [1]

    Respondent's.

_____/

CASE NO. 2:03-cv-72701

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge

## PETITIONER'S EVIDENTIARY SUPPLEMENTATION TO TWO PENDING MOTIONS FOR ORDER TO PERMIT "COPYING" OF DOCUMENTS IDENTIFIED PER COURT'S 3/12/20 "FILE INSPECTION" ORDER

NOW COMES Petitioner, MICHAEL WARD, pro-se, and updates his prior two "copy" motions with the attached Step 2 Grievance Appeal response (MRF-20-03-422-17Z). EXHIBIT A-A(1)

1. On 3/20/20 (Dkt# 405 ?), Petitioner submitted for filing his pleading titled: "FRCP Rule 60(b)(6) Petitioner's 'Emergency' Motion for order instructing MDOC to permit the 'copying' of all documents identified per Petitioner's 3/12/20 Court ordered inspection of his prison files," with attached list of 196 documents identified that maintain reference to his 1971 convictions.

2. On 4/16/20 (Dkt# ___ ),[*] Petitioner submitted for filing his pleading titled: "Petitioner's 'Emergency' photocopy motion, Re: MDOC deemed necessary to complete Court's 3/12/20 file 'inspection' order (with attached evidentiary proofs)." Attached to that pleading were several exhibits; one of which was the

---

[1] Hugh Wolfenbarger was Warden at time of filing this habeas petition. The Acting Warden is currently "Willis Chapman".

[*] Petitioner mailed the pleading to the Clerk, with copy on Judge Tarnow and opposing counsel, but apparently due to the COVID 19 quaranteen, staff are limited to none, and as of date 4/23/20 according to "Pacer" has not been "filed," hence Petitioner has no "docket number."

MDOC's Step 1 Grievance response (MRF-20-03-422-17Z).

3. The hereto attached <u>EXHIBIT</u> A-A(1) Step 2 Griev. Appeal and response thereto, clearly demonstrates the MDOC (Macomb CF officials), <u>WILL NOT PERMIT PETITIONER TO OBTAIN "COPIES"</u> of the 196 pages in the two prison files he "inspected" per the Court's <u>inspection</u> order, <u>WITHOUT FURTHER ORDER OF THE COURT, ORDERING COPYING OF THOSE DOCUMENTS</u>. [2] [3]

   a) It appears from the evidence presented thus far, that Respondent's MDOC and their counsel are in bad faith, deliberately erecting hurdles, in attempt to prevent Petitioner from providing this Court with <u>outcome determinative EVIDENCE</u>, of their <u>non-compliance</u> with the Court's 8/7/19 Op/Ord (Dkt# 355); and now seek to illegally and unconstitutionally <u>shield</u> their counsel's perjurious 9/6/19 (Dkt# 364) "certificate of compliance." See, Petitioner's 4/6/20 (Dkt#    ) "Motion to 'strike' respondents certificate of compliance."

Date: 4/24/20

Respectfully submitted,

/s/ Michael Ward
Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

---

[2] Both authors to the Step 1 Griev Appeal (Steece & Stephenson) are <u>Deputy Warden's</u> at Macomb CF.

[3] For the Court's convenience, Petitioner has attached hereto the Step 1 Griev. (MRF-20-03-422-17Z), and Step 1 Griev. RESPONSE, as <u>EXHIBIT</u> B-B(1).

| | |
|---|---|
| MICHIGAN DEPARTMENT OF CORRECTIONS | 4835-4248 5/09 |
| **PRISONER/PAROLEE GRIEVANCE APPEAL FORM** | CSJ-247B |

Date Received by Grievance Coordinator at Step II: __4/13/2020__

Grievance Identifier: __MRF2003 | 422 | 17z__

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: __GC. OFFICE__ by __4/20/2020__. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| WARD | 138267 | MRF | 5-3-B | 3/19/20 ongoing | 4/13/20 |

**STEP II — Reason for Appeal**   Step 1 griev. & response are attached, restated and incorporated herein Step 2 appeal.
   GROUNDS OF ERROR FOR STEP 2 RELIEF: In my Step 1 griev. I stated "that I needed a COPY of each marked page, so that I could send it to Judge Tarnow as a pleading EXHIBIT." Step 1 response cites to PD-05.03.116, but should be .118. Per PD-05.03.118, I am entitled to COPIES, if cited as an EXHIBIT in a legal pleading. I was not given an opportunity at Step 1 to produce my PLEADING that cites the 196 documents as EXHIBITS. If given advance NOTICE to being called out on Step 2 for further interview, at that time I WILL PRODUCE MY PLEADING citing the 196 pages I marked in the inspected files, as EXHIBITS, necessary to the pleading I will be submitting to the federal court in Ward v Wolfenbarger, #2:03-cv-72701. If forced to get a COURT ORDER to get copies, it may take some time, given the COVID 19 consequences. I'd rather have MDOC (MRF) show some GOOD FAITH, and permit me to obtain the copies, without burdening the Court. IS THAT POSSIBLE? Please respond with ADDITIONAL DETAIL, rather than simply rubber stamp the Step 1 response, without more. Thank you.

**STEP II — Response**

Date Received by Step II Respondent: 04/14/2020

Respondent's Name (Print): G. STEPHENSON
Respondent's Signature: [signature]
Date: 4/14/2020

Date Returned to Grievant: 4/14/2020

RECEIVED APR 16 2020 GRIEVANCE COORDINATOR

Step 3 Mailed to Lansing 4/23/20

**STEP III — Reason for Appeal**
Step 1 & 2, with responses are attached, restated and incorporated herein. For reason stated in Step 2 appeal, Step 1 response should have been overruled or amended, as I was deprived of DUE PROCESS in not being provided an opportunity to present my PLEADING, that cited the requested COPIES, as EXHIBITS, necessary to the legal pleading. ADDITIONALLY, DUE PROCESS is violated when Deputy Stephenson authors BOTH Step 1 griev. AND the Step 2 appeal, as he is inherently BIASED and not IMPARTIAL as Step 2 respondent, when he denied the Step 1 griev.; being inherently unwilling to reverse himself on Step 2. RELIEF SOUGHT: Remand with instruction to grant the relief asked for in Step 1; and note Step 2 appeal grounds for Step 1 error(s).

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant      EW/R

MICHIGAN DEPARTMENT OF CORRECTIONS

DRAFT CSJ-247BR 2/12/2020

## STEP II GRIEVANCE RESPONSE FORM
(USE FOR STEP II WARDEN RESPONSES)

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| WARD | 128267 | HU5/31B | MRF-20-03-422-17Z<br>If recoded at Step II then enter the new code and explain below in SECTION ONE: - - - - |

| Extension Granted at Step II: | YES ☐ | NO ☐ | If "YES", Enter End Date: | IF "YES", Enter End Date |

**SECTION ONE:**

☐ The Step I grievance and response were reviewed along with the prisoner's reasons for appealing to Step II and,
  ☐ The Step I REJECTION IS UPHELD.

☐ The Step II appeal is REJECTED pursuant to PD 03.2.130 "Prisoner/Parolee Grievances" for the following reason(s):

☒ The Step I grievance and response were reviewed along with the prisoner's reasons for appealing to Step II and the Step I determination on the merits was appropriate. Therefore, **the Step I DENIAL IS UPHELD at Step II.**

☐ The Step I response on the merits was only **PARTIALLY RESOLVED**, however, this grievance is now considered **RESOLVED** based on the actions described in SECTION TWO below.

☐ The Step I determination on the merits was appropriate and **this grievance is considered RESOLVED.**

**SECTION TWO** (Describe any further actions taken at Step II to resolve the issue on the merits):
N/A

**DECISION SUMMARY:**
N/A

| RESPONDENT NAME: | Steece | TITLE: | ADW |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 4/14/20 |
| WARDEN: | DEP. STEPHENSON | | |
| WARDEN'S SIGNATURE: | [signature] | DATE: | 4/14/2020 |

Distribution: Original - Step I Grievance Coordinator   Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

RECEIVED
MAR 25 2020
GRIEVANCE COORDINATOR

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I 3/25/2020      Grievance Identifier: MRF2003 | 422 | 17z

| Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library. | | | | | |
|---|---|---|---|---|---|
| Name (print first, last) Michael WARD | Number 128267 | Institution MRF | Lock Number 5-31-B | Date of Incident 3/19/20 | Today's Date 3/20/20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 3/19/20
If none, explain why.

Personally spoke with Ms. Golson in the visit room. Issue unresolved.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 3/12/20 Federal Judge Arthur Tarnow in the matter of Ward v Wolfenberger, #03-cv-72701, issued an order, commanding that MDOC permit me to inspect my prison files, in search of information relevant to that action. On 3/19/20, in the visit room, supervised by C/O Hess, I did inspect both my Institutional and Counselor files. I marked each page with yellow post-it-note tabs that contained the information that is needed by the court. At approx. 4:15 p.m., 3/19/20 Ms. Golson came into the room to retrieve the said files. I advised Ms. Golson that I marked each page with the yellow tabs, and that I needed a COPY of each marked page, so that I could send it to Judge Tarnow as a pleading exhibit. Ms. Golson told me I COULD NOT GET A COPY of anything from the files, without a COURT ORDER. Common sense dictates that the reason the court ordered MDOC to permit me to inspect the files in search of specific information relating to the case; that I should be automatically allowed to get a copy of each page that contained that court ordered information, so that the court can see for itself. The court will not take my word that information exists; rather, it needs to see hard copy evidence. It does no good for me to visually inspect a file, if I can't get a copy of relevant documents identified.
 I am willing to fill out a photocopy disbursement to cover the cost of copying. In denying me copies without a court order, Ms. Golson violates the following: PD-01.04.130, p. 3, ¶'s S & T (right to challenge inaccurate information); and the policy and constitutional right of ACCESS TO THE COURT, as I cannot follow thru with the spirit of the 3/12/20 court order (i.e., access), without accessing a copy of the relevant documents, and sending them to the court. The denial acts as an unreasonable HURDLE, and delay in obtaining a court order is prejudicial. RELIEF SOUGHT: That I be provided a copy of the 156 pages
I put a yellow tab on in the said files; and if a photocopy
disbursement is needed, call me out and I will bring a signed
disbursement to cover costs.                      Grievant's Signature /s/ Mic Ward

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No   If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED.

Respondent's Signature _____ Date _____ Reviewer's Signature _____ Date 4/5/2020

Respondent's Name (Print) _____ Working Title _____ Reviewer's Name (Print) STEPHENS Working Title Deputy

Date Returned to Grievant: 4/6/2020   If resolved at Step I, Grievant sign here. Resolution must be described above.  Grievant's Signature _____ Date _____

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Ward | 128267 | 5/31B | MRF-20-03-0422-17Z |

| Prisoner Interviewed: | YES ☒ | NO ☒ | If "NO", Reason: | |
|---|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: | IF "YES", Enter End Date |

**COMPLAINT SUMMARY:**
Prisoner Ward 128267 states, an order was issued allowing him to inspect his prison files in search of information relevant to his case. While inspecting his files he placed several post-it notes as tabs throughout the file, which he states were needed by the court. At 1615 hours, A.A. Golson arrived to retrieve the files. He then advised Ms. Golson, he needed copies of the pages he had marked so he could send them to the Judge. Mr. Ward believes he should automatically be allowed to have copies so that the court can see the information for themselves.

**INVESTIGATION SUMMARY:**
Mr. Ward was interviewed in which he stated; Ms. Golson stated he could not have copies of the pages in which he tagged. Mr. Ward stated he would be fine with getting a court order for that as well, he just needed something in writing to send to the courts. Mr. Ward then sent several different Kites to administrators requesting the same actions.

Ms. Golson was interviewed, she stated she received a court order to allow prisoner Ward 128267 the opportunity to view his Records and Counselor files, which he viewed on March 19, 2020 at approximately 10:10am to 4:28pm in the Macomb Correctional Facility visiting room.

**APPLICABLE POLICY, PROCEDURE, ETC.:**
05.03.116 Prisoner Access to the Courts

**DECISION SUMMARY:**
Per the order of the court, Prisoner Ward 128267 was allowed to review his prisoner files per his request, however per PD 05.03.116 which states in-part: A prisoner may be required to present documentation (e.g., court rule, copy of the pleading) to show that requested copies are necessary. Mr. Ward was only to inspect the files. Mr Ward has not received an order from the Courts to have or receive copies from his Prisoner files. Grievance denied at this level.

| RESPONDENT NAME: | E. Malloy | TITLE: | A/ADW-14 |
|---|---|---|---|
| RESPONDENT SIGNATURE: | [signature] | DATE: | 3/30/2020 |
| REVIEWER NAME: | Deputy Stephenson | TITLE: | Deputy Warden |
| REVIEWER SIGNATURE: | [signature] | DATE: | ~~3/30/2020~~ 4/5/2020 |

Distribution: Original - Step I Grievance Coordinator   Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

Date: 4/24/20

Re: Ward v Wolfenbarger, et al.,
    Case#: 2:03-cv-72701 (AJT)

Dear Clerk & Judge Ternow:

    ENCLOSED for filing and the Court's consideration is one (1) original of the below prisoner pro-se pleading. On this date, by way of separate mailing, I have mailed a "judge's copy" to Judge Ternow's chambers.

    1. PETITIONER'S EVIDENTIARY SUPPLEMENTATION TO two pending motions for order to permit "COPYING" OF DOCUMENTS IDENTIFIED PER COURT'S 3/12/20 "FILE INSPECTION" ORDER, w/Exhibit attachments

    2. Certificate/Proof of Service. See herein below.
===============

Thank you for your time and assistance in processing this matter.

Sincerely,

/s/ Michael Ward
Michael Ward #128267
Macomb Corr Fac
34625 26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE

    I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that on 4/24/20, I placed a copy of the above identified PETITIONER'S EVIDENTIARY SUPPLEMENTATION TO two pending motions for order to permit "COPYING" OF DOCUMENTS IDENTIFIED PER COURT'S 3/12/20 "FILE INSPECTION" ORDER, w/Exhibit attachments; and herein Certificate/Proof of Service, in the U.S. Mail, 1st class postage prepaid, addressed to the presiding judge, and opposing counsel of record: HONORABLE Arthur J. Tarnow, Senior USDJ, U.S. District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O. Box 30217, Lansing, MI 48909.

28 USC § 1746

/s/ Michael Ward
Michael Ward #128267
Affiant/Petitioner

Prisoner Name: Michael Ward
Prisoner Number: 128267
MACOMB CORRECTIONAL FACILITY
34625 26 Mile Rd.
New Haven, MI 48048

48225-271839

CLERK of the Court
U.S. District Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
MAY 06 2020
CLERK'S OFFICE
DETROIT

U.S. POSTAGE
$000.65
ZIP 48048
0000344109 APR 24 2020
PITNEY BOWES