UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,

_____/

Civil Nos. 03-CV-72701-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**<u>OPINION AND ORDER GRANTING THE MOTION FOR AN EXTENSION OF TIME TO FILE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* (ECF No. 404), DENYING THE MOTION TO STRIKE (ECF No. 407), DENYING THE MOTION FOR RECONSIDERATION (ECF No. 408), DENYING THE MOTION FOR BOND (ECF No. 410), GRANTING THE MOTION TO ORDER THE MICHIGAN DEPARTMENT OF CORRECTIONS TO PHOTOCOPY DOCUMENTS FROM PETITIONER'S INSTITUTIONAL FILE (ECF No. 411), GRANTING THE MOTION FOR THE RESPONDENT TO SHOW CAUSE (ECF No. 413), AND DENYING WITHOUT PREJUDICE PETITIONER'S REMAINING MOTIONS (ECF Nos. 412, 414)</u>**

Pending before the Court are numerous motions filed by petitioner.

### I. Background

This Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ

1

upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77. The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

On August 7, 2019, following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification.

2

> The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

On March 12, 2020, this Court denied several motions filed by petitioner although the Court granted petitioner's motion to order the Michigan Department of Corrections to permit petitioner to review his prison files.  Of relevance to this order, the Court denied petitioner's motion for bond and his motion to consolidate this case with Case # 19-12543, in which petitioner challenges the denial of parole in his 1981 case. (ECF No. 403).

## II. Discussion

### A. The motion for an extension of time to file a certificate of appealability and leave to appeal in forma pauperis is GRANTED.

A court has the discretion to grant a habeas petitioner an extension of time to file a motion for a certificate of appealability. *See Maile v. Lafler*, No. 04-CV-74806-DT, 2006 WL 1374045, at * 1 (E.D. Mich. May 17, 2006).  In light of the ongoing issues with the Coronavirus Pandemic, the Court grants petitioner a sixty day extension of time to file his motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal.

3

### B. The motion to strike is DENIED.

Petitioner filed a motion to strike respondent's notice of compliance. Petitioner claims that the Michigan Department of Corrections has failed to redact all references to his 1971 expunged convictions from his prison files.

Although Fed. R. Civ. P. 12 allows for the striking of pleadings, a response to a petition for writ of habeas corpus is not an answer within the meaning of Fed. R. Civ. P. 12. *See Allen v. Perini,* 424 F.2d 134, 138 (6th Cir. 1970). Petitioner cannot avail himself of this provision to strike any portion of the responsive pleading or other documents filed by respondent.

### C. The motion for reconsideration is DENIED.

Petitioner moves for this Court to reconsider its earlier order to deny his request to consolidate this case with his parole denial case in # 19-12543.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 774; *Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion is denied, because petitioner is once again presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied his prior request to consolidate.

### D. The motion for bond is DENIED.

Petitioner moved for release on bond.

Petitioner is no longer in custody on his 1971 convictions. This Court has no power in this case to order his release on his 1981 conviction for which he is currently incarcerated. Petitioner is currently separately challenging the denial of parole in his 1981 conviction in Case # 19-12543. This Court has ordered respondent to respond to petitioner's bond motion in that case and will decide after receiving that answer whether or not to release petitioner on bond.

### E. The motion to order photocopies of the prison file is GRANTED.

Petitioner claims that he has reviewed his prison file as per this Court's prior ruling and has discovered numerous references to his 1971 expunged convictions which he alleges remains in his file. Petitioner has asked the M.D.O.C. to make copies of these documents so that he can present them to the Court to show that the respondent has not complied with this Court's order.

A court has the power to order a department of corrections to photocopy documents or materials necessary for a prisoner to prosecute a legal action. *See Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir.1991)(finding that "litigation necessarily requires some means of accurate duplication because the courts and the parties need to refer to the same documents"); *Allen v. Sakai*, 48 F.3d 1082,

5

1089 (9th Cir.1994)(upholding prisoner's right to have photocopies of court papers); *Giles v. Tate*, 907 F. Supp. 1135, 1138 (S.D. Ohio 1995)("although a prisoner does not have an unlimited right to free copying, some reasonable means of access to a photocopy machine will be necessary to protect an inmate's right of access to the courts"). This Court orders respondent to photocopy those portions of petitioner's prison file that are requested by petitioner, to permit him to attempt to show that the M.D.O.C. has not complied with this Court's order. Respondent has thirty days to comply with the order.

**F. The motion for an order to show cause is GRANTED.**

Petitioner has moved for this Court to show cause respondent whether or not the Michigan Department of Corrections has complied with this Court's prior order to expunge all references of the 1971 convictions from petitioner's file.

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir. 2006). If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.*

Respondent is ordered to show cause within **thirty days** of this order whether or not the M.D.O.C. has fully complied with the Court's prior order of expungement.

6

**G. The remaining motions are denied without prejudice.**

Petitioner in his remaining motions seeks to reopen the case and/or obtain relief from judgment, claiming that respondent failed to comply with the Court's order.

Petitioner has made no showing at this time that the respondent did not comply with the terms of this Court's order to grant relief. Accordingly, there is no basis at this time to reopen the case. The motions are denied without prejudice.

**IT IS HEREBY ORDERED that:**

(1) The motion for an extension of time to file a motion for a certificate of appealability and leave to appeal *in forma pauperis* (ECF No. 404) is GRANTED.
(2) The motion to strike (ECF No. 407) is DENIED.
(3) The motion for reconsideration (ECF No. 408) is DENIED.
(4) The motion for bond reduction (ECF No. 410) is DENIED.
(5) The motion to order the Michigan Department of Corrections to photocopy requested portions of petitioner's prison file (ECF No. 411) is GRANTED.
(6) The motion to show cause (ECF No. 413) is GRANTED. Respondent has **thirty days** to show whether or not the Michigan Department of Corrections has fully complied with the order to remove all references to petitioner's 1971 convictions from their file.
(7) The remaining motions (ECF Nos. 412, 414) are DENIED WITHOUT PREJUDICE.

       _s/Arthur J. Tarnow_
       Hon. Arthur J. Tarnow
       United States District Judge

Dated: May 21, 2020