UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

     Petitioner,

v.

HUGH WOLFENBARGER, et al.,

     Respondent's.

_____/

CASE NO. 2:03-cv-72701 (AJT)

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge

REQUEST ORAL ARGUMENT & HEARING

Concurrence in this motion has not been sought
because the movant is an incarcerated prisoner
proceeding pro-se. ED L.R. 7.1(a)(C).

## PETITIONER'S MOTION TO RE-OPEN CASE
## BASED ON NEW MATERIAL EVIDENCE

    NOW COMES Petitioner, MICHAEL WARD, pro-se, pursuant to FRCP 60(b)(1,3,6), 59(e), 52(b), Burdine v Johnson, 87 F Supp 2d 711, 717 (SD Tex. 2000), and moves the Court to re-open this case for good cause and reason as follows:

    A. Given the Macomb CF COVID 19 lockdown/quaranteen status, the prison law library is no longer accessible, and has not been so, since the beginning of March 2020.  Petitioner has no access to a computer or research material.  He is limited to only receiving xerox copies upon advance request; and the authority cited herein was obtained from pleadings he has maintained in his prison cell.

    1. It is well-settled that federal courts may take judicial notice of proceedings in other courts of record." U.S. v Mont, 723 F App'x 325, 327 n.3 (CA6), cert. granted, 139 S. Ct. 451 (2018), aff'd on other grounds, 139 S. Ct. 1826 (2019)(citation omitted).

    2. This Court retains jurisdiction to enforce its order, and grant habeas relief for reason of non-compliance ("COC"). Belfour v Howes, 611 F App'x 862, 864 (CA6 2015), citing Gentry v Deuth, 456 F

-1-

3d 687, 692 (CA6 2006); and see, <u>Phifer</u> v <u>Warden</u>, 53 F 3d 859, 865 (CA7 1995); <u>Burdine</u> v <u>Johnson</u>, 87 F Supp 2d 711, 717 (SD Tex. 2000).

a) This Court retains jurisdiction, <u>the CA6 does not</u>, until this Court adjudicates all pending <u>FRCP Rule 60</u> and ancillary motions, Dkt#'s 407 thru and including #421. [1/]   FRAP 4(a)(4); <u>Denlay</u> v <u>Shearson/American Express, Inc.</u>, 733 F 2d 39, 41 (CA6 1984); <u>Browder</u> v <u>Dir. Dept. of Corr.</u>, 434 U.S. 257 (1978).

3. <u>RESPONDENT'S NON-COMPLIANCE</u>: See, all <u>pending</u> motions, Dkt#'s 407 thru and including what should be #421.   On 8/7/19 (Dkt# 355), the Court ordered Respondent's to remove from Petitioner's prison files all references to the 1971 convictions, and change the "B" prefix designation to "A". The Court further ordered Respondent's to file a certificate of compliance within 30 days.

a) On 9/6/19 (Dkt# 364) Respondent's counsel filed the required "COC," attesting to the redaction of all 1971 conviction references and changing "B" to "A" prefix. Respondent's counsel specifically identifying the Macomb CF Institutional & Counselor files. Petitioner was <u>not represented</u> and was not allowed to take part in the alleged file(s) review together with Respondent's counsel(s).

b) On 3/12/20 (Dkt# 403), this Court ordered Respondent MDOC to permit Petitioner to inspect his prison files for references to the 1971 convictions.

c) On 3/19/20 Petitioner was allowed to review ONLY the hard-copy version of ONLY his Macomb CF Institutional & Counselor files. He was <u>not</u> permitted to review the "electronic" version of those two files.   He was <u>not</u> permitted to review any of the several other files (hard-copy or electronic) that MDOC/Parole Authorities consider

1/ The last 4 pleadings submitted to the Clerk for filing, after Dkt# 417, may not yet have been placed on the docket as of yet by the Clerk, due to COVID 19 shortage of staff? However, Petitioner retains "proof of mailing," should the Court require.

in making parole, commutation, and classification decisions, i.e., central office, audit, medical, commutation, personal mini-files created and maintained by MDOC/Parole Board Members & staff.

1) Petitioner's "inspection" of those 2 files identified <u>one hundred ninety six (196) documents</u> [2] referencing the 1971 convictions. His inspection also revealed <u>**no redactions**</u> having been made, contrary to Respondent counsel's 9/6/19 "COC" attestation.

A) The Macomb CF administrative officials have REFUSED to permit Petitioner any COPIES of the 196 documents identified, <u>without further order of this Court</u>, ordering them to do so. See, Dkt#'s 411-414, 417, for <u>proof</u> and more detail.

2) MDOC/Parole Authorities <u>continue</u> to consider the 1971 convictions in parole, commutation and classification decisions, to date May 2020. As of date, May 2020, MDOC/Parole Authorities have <u>not</u> provided Petitioner with any "<u>**genuine reconsideration**</u>" of their several prior adverse decisions, <u>post</u> 8/7/19 Op/Ord (Dkt# 355). Petitioner continues to suffer the unconstitutional collateral consequences (<u>Gall</u> v <u>Scroggy</u>, 603 F 3d 346, 352-57 (CA6 2010)) of the unconstitutional 1971 convictions, in his attempt to be paroled, or his sentence commuted on his current 1981 Washtenaw Cnty sentence. See, <u>Burgett</u> v <u>Texas</u>, 389 U.S. 109, 115 (1967); <u>Lackawanna Cnty Dist Atty</u> v <u>Coss</u>, 532 U.S. 394, 404 (2001); <u>Majchszak</u> v <u>Ralston</u>, 454 F Supp 1137, 1142-44 (WD Wis. 1978); <u>Tunks</u> v <u>Sigler</u>, 427 F Supp 455, 456-57 (CD Calif. 1976)("It is the <u>burden</u> of the parole board, <u>not</u> of the parolee, to see that a <u>proper</u> <u>hearing</u> is conducted." "<u>The mere correction of the record, without any evidence that there was a</u>

---

[2] See, list of 196 documents, attached to Petitioner's Dkt# 411 motion pleading.

-3-

GENUINE RECONSIDERATION of the decision's based upon that record, constitutes a denial of DUE PROCESS."); Majchszak, supra., 454 F Supp, at 1143 ("Reliance on material misinformation may constitute a denial of due process.").

   4.  ADDITIONAL NEW EVIDENCE WARRANTING RE-OPENING OF #03-cv-72701. COURT'S REVERSIBLE ERROR IN "MISFRAMING" AND DISMISSING CLAIM #1 IN HABEAS CASE #19-cv-12543. REINSTATEMENT TO CLAIM FOR HABEAS RELEASE IN CASE #03-cv-72701, ON CURRENT 1981 WASHTENAW CNTY SENTENCE:

   Self-creating reversible error, it appears this Court's decisions in the related cases of 03-cv-72701 and 19-cv-12543 are in conflict, to Petitioner's prejudice, as on 5/11/20, the Court in its Op/Ord, pp. 2, 4, 5, in Ward v Chapman, #19-cv-12543 (AJT),

   for the first time, rejects and summarily dismissed Petitioner's habeas claim that from years 2004 to date present (now 2020), (See, 19-cv-12543, Op/Ord 5/11/20 (Dkt# 21), p. 5), the MDOC/Parole Authorities have and continue to unconstitutionally consider the unconstitutional 1971 convictions as reason, in part, to deny parole and commutation on his 1981 Washtenaw Cnty current sentence; WHEN IN FACT, that claim is exactly what the Court in case# 03-cv-72701, 8/7/19 Op/Ord, Dkt# 355), pp. 12-13; 2019 WL 3714517, at *6 suggested (i.e., "to the extent that Petitioner is challenging the Mich. Parole Bd's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a SEPARATE HABEAS PETITION." (citation omitted).

   a) THE COURTS MISFRAMING OF CLAIM #1 IN #19-cv-12543:

The habeas petition in 19-cv-12543 (Dkt# 1), pp. 5-5b, states CLAIM #1 as: "Petitioner's rights under U.S. Const., Am's 5,6,14 have been violated, rendering his 1981 Washtenaw Cnty sentence/present imprisonment unconstitutional, as a <u>continuing</u> violation of the U.S. Const., Am 6; where acts/omissions of 'state' (MDOC/Parole Authorities) effectively unconstitutionally ENHANCE the 1981 PUNISHMENT, using EXPUNGED 1971 convictions ... the constitutional issue/claim here is: 'CHALLENGING THE MICH. PAROLE BOARD'S DECISION TO DENY HIM PAROLE RELEASE ON HIS 1981 CONVICTION FOR POSSESSION WITH INTENT TO DELIVER OVER 650 GRAMS OF COCAINE.' Mich. Dept. of Corrections (MDOC) & Parole Authorities, past & present, arbitrarily & capriciously, unconstitutionally initiated/pursued Petitioner's 2005 parole violation, denied parole, and recommended to the Governor denial of commutation, 5 times; effectively resulting in an unconstitutional ENHANCEMENT of PUNISHMENT on his 1981 Washtenaw Cnty sentence; thus rendering continued confinement on the 1981 sentence unconstitutional; when creating, distributing, using, considering, federal court ordered EXPUNGED 1971 convictions, adverse and to Petitioner's prejudice, in violation of controlling authorities: U.S. Const., Am's 5,6,14; <u>Burgett</u> v <u>Texas</u>, 389 U.S. 109, 115 (1967); <u>Lackawanna Cnty Dist. Atty.</u> v <u>Coss</u>, 532 U.S. 394, 404 (2001); <u>Robards</u> v <u>Rees</u>, 789 F 2d 379, 385 (CA6 1986); <u>Ward</u> v <u>Wolfenbarger</u>, 340 F Supp 2d 773 (ED Mich. 2004)(Ward II)." And see, <u>Majchszak</u> v <u>Ralston</u>, 454 F Supp 1137, 1142-44 (WD Wis. 1978); <u>Wren</u> v <u>U.S. Bd of Parole</u>, 389 F Supp 938, 941 (ND Ga. 1975), also cited at pp. 5a-b of habeas petition (Dkt# 1).

   1) <u>THE COURT IN #19-cv-12543 MISFRAMED CLAIM #1 IN ITS</u>

5/11/20 (Dkt# 21) OP/ORD, p. 4 AS: "Petitioner's April 2017 denial of parole was improperly based on 1971 convictions that were ordered expunged in Case No. 03-72701."

  A) Claim #1 in 19-cv-12543 was both timely and state remedies (if any) exhausted, for the same reason the Court found in its 5/11/20 Op/Ord (Dkt#21), pp. 6-7, as to the surviving Claim #2 (vindictive retaliation).   Both Claim 1 & 2 were raised in the Muskegon Cnty Cir. Court, Ward v Macomb Corr Facility Warden, #157435, filed 8/2/17; and the Mich. Supreme Court denied leave to appeal on 9/12/18, Ward v Macomb Corr Facility Warden, 503 Mich 860 (2018).

  B) ERROR IN FACT:  No where in the habeas petition (Dkt# 1) state that his "April 2017 denial of parole was improperly based on 1971 convictions ...".  In fact, the petition at p. 5a sets the time frame claim "from 2004 TO DATE" (i.e., date of the petition, 8/26/19), continuously spanning the range of time from time "initiated/pursued Petitioner's 2005 parole violation, denied parole, and recommended to the Governor denial of commutation, 5 times ...". "In fact, from 2004 to date, the State of Michigan (Dept. of Corrections, Parole Authorities), in 'contempt' of the 2004 expungement order, have and continue to create, disseminate, use and consider, adverse to Petitioner's prejudice the 1971 convictions. Specifically, Petitioner's parole officer (Todd Kloska) in 2005 explicitly used the 1971's as reason, in part, to pursue and initiate parole violation proceedings; in 2006 by the parole board as reason, in part, to revoke Petitioner's parole; and 5 times since 2006, as

-6-

reason, in part, to deny (take no interest) in re-paroling Petitioner, and in recommending to the Governor that Petitioner's commutation application(s) had no merit, and should be denied." <u>NOTE</u>: the record shows that as late as <u>November 30, 2018</u>, the parole board considered the unconstitutional 1971 convictions, in part, as reason to recommend the Governor deny commutation. <u>See</u>, Exhibit documents (G-G[33]), appended to Petitioner's pending Motion for Summary Disposition, dated 4/24/20 (Dkt# ____). <u>3/</u>  And, specifically see, <u>Id.</u>, EXHIBIT G(33).

C) The habeas petition in 19-cv-12543 never used the term "improperly"; rather, at all times Petitioner asserted the "<u>UNCONSTITUTIONALITY</u>" of the <u>several</u> Parole Authority decisions, adverse to Petitioner, <u>commencing</u> with the parole officer's 2005 decision to initiate and pursue a parole violation, thru revocation of parole in 2006, the parole denials years 2007 thru 2017, and several parole board recommendations the Governor deny commutation, years 2007 to the last on 11/30/18.  In his 19-cv-12543 habeas petition, at all times relevant, Petitioner asserted that the unconstitutional 1971 convictions, from 2004 to date of petition 8/26/19 had been used by the MDOC/Parole Authorities as <u>reason/cause</u> to initiate, revoke and deny parole and commutation on his 1981 Washtenaw Cnty sentence under current service, as a <u>continuation</u> of the initial uncounseled unconstitutional <u>SIXTH AMENDMENT</u> violation relating to the 1971 convictions; thereby unconstitutionally <u>ENHANCING PUNISHMENT "ANEW"</u> by extending the "duration" (<u>Preiser</u> v <u>Rodriguez</u>, 411 U.S. 475, 490 (1973)), of time to be served on the 1981 Washtenaw Cnty sentence, before being paroled or his sentence

---

<u>3/</u> See, fn. 1, <u>supra.</u>

commuted.

b)   BY   CONTRASTING   #03-cv-72701   &   19-cv-12543   THERE   IS,
ACCORDING TO THE COURT in 03-cv-72701, ONLY ONE FORM OF "RELIEF" THAT
CAN BE GRANTED IN THAT CASE:

1) "The Court granted Petitioner all the relief that he is
possibly entitled to." #03-cv-72701, (Dkt# 403), 3/12/20 Op/Ord, p.
4; Op/Ord 1/9/20 (Dkt# 391), p. 7.   Over the objection of both
Petitioner and his former Federal Defender, according to the Court in
72701, the ONLY RELIEF the Court could and did grant was to order the
MDOC to remove all references to the 1971 convictions and change "B"
prefix to "A," Op/Ord of 8/7/19 (Dkt# 355), without Court specified
consequences for failing to do so, or in a timely manner.

A) Throughout the litigation in this case post 2004, and
to date 2020, Petitioner and his former Federal Defender,
consistently argued that in fact and law, he was entitled to release
on unconditional writ of habeas corpus, on the ground that parole
revocation on his 1981 Washtenaw Cnty sentence was initiated/pursued
in 2005, his parole revoked in 2006, and the Parole Board denied
parole several times from 2007 to 2017, and recommended the Governor
deny his commutation application several times, the lasted being
11/30/18, because the MDOC/Parole Authorities from years 2005 to 2018
(and continuing to date 2020) considered the unconstitutional 1971
convictions against Petitioner, in their various and several decision
making processes.   See, briefing in 03-cv-72701, Dkt#'s 277, 302,
306, 334-335, 387.   HOWEVER, in the end, all the Court did was to
modify its 2004 expungement order, and specifically order MDOC to
remove all references to the 1971 convictions, and change "B" prefix

to "A".  The Court in 72701 has consistently taken the position that it cannot order Petitioner's release, because his constitutional challenge goes ONLY to the 1971 conviction references in his files, and the Court is without jurisdiction to order release on the 1971 convictions, because Petitioner has long ago served full term on those two 1971 sentences.  In taking that position, the Court completely avoided the controlling U.S. Supreme Court authorities and other consistently cited, and the fact Petitioner has always claimed that he was not being paroled/sentence commuted, on his 1981 Washtenaw Cnty sentence, because the MDOC/Parole Authorities have been, since year 2004 continuously considering, as a factor in the several denials, the unconstitutional 1971 convictions.  In the end, the Court in 72701 advised/suggested Petitioner file a "separate" habeas petition, as he did in 12543, directly asserting the 1971 convictions were being considered by Respondent's as reason, in part, to deny parole on his 1981 Washtenaw Cnty sentence, currently being served; even though case law and Rule 2, Rules Governing § 2254 Cases, did not/does not require the "seperate" 19-cv-12543 habeas petition, as a form of "parole revocation" challenge.  See, case law herein below.

AA)  THE COURT IN 72701 NOT CONSIDERING HABEAS RELEASE FROM FORMAL CUSTODY ON HIS 1981 SENTENCE CURRENTLY BEING SERVED, ON THE FACTS & EVIDENCE PRESENTED; THEN SUGGESTING HE FILE A "SEPARATE" HABEAS PETITION, AND WHEN HE DOES IN 19-cv-12543, THE SAME PRESIDING JUDGE DISMISSES THE CLAIM BY "MISFRAMING" IT, AND ASSERTING THE CLAIMS & ARGUMENTS IN 19-cv-12543 ARE "DUPLICATIVE" AND INVOLVE THE "SAME SUBJECT MATTER" OF THAT IN 03-cv-72701, AND THEREON DETERMINING

CLAIM #1 in 19-cv-12543 IS TO BE SUMMARILY DISMISSED, WITHOUT
RESPONSE ON THE MERITS FROM RESPONDENT, IS UNFAIR, CONTRADICTORY
WITHIN, AND CONSTITUTES VIABLE/COGNIZABLE REVERSIBLE ERROR, SHOULD
THE COURT NOT CORRECT ITSELF:

While the facts and arguments/authorities presented in 72701 are
basically duplicative of those presented (on the Court's 72701
suggestion at that), in 12543, the Court in 72701 stated the RELIEF ✱
SOUGHT by Petitioner in 72701 could not be granted, when, as a matter
of law, Patitioner's claims in 72701 and 12543 are inseparable; and
should have been, and still can be, consolidated and decided together
in 72701.   See, line of case law: Aguilar v Ryan, 2016 U.S. Dist.
LEXIS 119083 (D. Ariz. 2016)(Rule 2, of Rules Governing § 2254 Cases,
does NOT bar petitioner from seeking relief in a SINGLE § 2254
petition.   Respondent's do not object to Patitioner challenging two
seperate judgments in a single petition.).   NOTE: Respondent's in
this case 72701 never did object; therefore, the Court in 72701
should follow Aguiler.   See also, Lockridge v Curtin, 2013 U.S. Dist.
LEXIS 188687, at fns 2, 4, and *3, 17 (ED Mich.)(Hon. Paul J.
Komives; Arthur J. Tarnow)(under very similar fact circumstances,
considered but distinguished application of Rule 2, Rules Governing §
2254 Cases, ultimately addressing the claims on their merits, and
stating "It is not clear, however, that this rule applies to a
challenge to PAROLE REVOCATION." Id., fn.2, at *3.   NOTE: Here, in
72701, Petitioner has all along, since 2004, effectively been
challenging his "parole revocation," (years 2005-2006, and denials of
parole thereafter, to date).   See also, Story v Collins, 920 F 2d
1247, 1251 (CA5 1991); King v Cox, #4:08-cv-13671, 2008 WL 4449652,

at *1 (ED Mich., 10/1/08)(Murphy, J.).

Further, in <u>Lowrey</u> v <u>Young</u>, 887 F 2d 1309, 1312 (CA7 1989), the court said "In order to adequately claim that his Georgia convictions unconstitutionally <u>enhanced</u> his Wisconsin sentence, Lowery must assert that there was a "positive and demonstrable <u>nexus</u> between the <u>current custody</u> and the <u>prior conviction</u>," citing <u>Young</u> v <u>Lynaugh</u>, 821 F 2d 1133, 1137 (CA5 1987), cert. den., 484 U.S. 986 (1987), 484 U.S. 1071 (1988). In <u>Young</u>, at 1137, the court held that the petitioner's being "<u>in custody</u> for jurisdiction under § 2254 does not necessarily mean 'in custody for the offense being attacked.' There is clearly (and admittedly) a positive and demonstrable <u>nexus</u> between Youngs <u>current custody</u> and the allegedly <u>unconstitutional conviction</u>, sufficient to meet the jurisdictional requirement of § 2254(a)."

Here, such a "nexus" exists between the unconstitutional 1971 convictions and their use/consideration as reason, in part, to initiate/pursue the alleged 2005 parole violation, revoke parole, deny parole several times, and recommend denial of a Governor's commutation several times, the last being on 11/30/18. The Court in 72701 should re-evaluate its prior decision and re-open 72701 with further <u>modified</u> order(s) and instruction.

Now, given thus far in 72701 the Court has not granted <u>any</u> RELIEF concerning the 1981 sentence; and the Court in 12543 (same presiding judge as in 72701), summarily dismissed Claim #1 (Dkt# 21); the Court has <u>LEFT PETITIONER WITHOUT ANY RECOURSE OR REMEDY FOR RESPONDENT'S CONTINUED TRANSGRESSION OF HIS SIXTH & FOURTEENTH AMENDMENTF RIGHTS (U.S. Const.)</u>, relating to the <u>DURATION</u> of service

of his 1981 Washtenaw Cnty sentence; noting he has served 42 yrs for a non-violent, possessory type antiquated drug law offense, and is now 69 years old.

5. **CASE HISTORY IN CLAIM:**

Initially, when 03-cv-72701 was initiated, Petitioner sought only the Court's adjudication that his two 1971 convictions were uncounseled, and that he was not informed of his right to appeal, and therefore those convictions were <u>unconstitutional</u>.

On 8/7/03 (Dkt# 7) Petitioner moved the Court to <u>consolidate</u> 03-cv-72701 <u>with</u> 03-cv-72858.   On 3/1/04 (Dkt# 13), the Court GRANTED consolidation.   On 4/8/04 (Dkt# 22), Petitioner <u>partially amended</u> his habeas petition, to <u>include a claim that he was being DENIED PAROLE ON HIS current 1981 Washtenaw Cnty sentence, because Respondent's were considering him as a 2nd time felony commitment drug-law offender, utilizing the claimed to be two unconstitutional 1971 convictions</u>, as justification in doing so.   <u>EVER SINCE THAT AMENDMENT, AND TO DATE, PETITIONER HAS BEEN HOLDING TO THAT CLAIM, AND ENTITLEMENT TO RELEASE FROM STATE CUSTODY on his 1981 sentence</u>.

=================

When 03-cv-72701 was first published, the Court stated: "The Court will therefore, <u>construe this petition as an ATTACK UPON HIS PAROLABLE LIFE SENTENCE FOR WHICH PETITIONER IS STILL IN CUSTODY</u>." <u>Ward</u> v <u>Wolfenbarger</u>, 323 F Supp 2d 818, 828 (ED Mich. 2004), citing <u>Feldman</u> v <u>Perrill</u>, 902 F 2d 1445, 1449 (CA9 1990).   Throughout 323 F Supp 2d 818, the Court addresses the challenge to the <u>1981 sentence</u> relating to the 1971 convictions.   <u>Id.</u>, at 822, 824, 825, 827, 828. Likewise, in the subsequent published opinion, <u>Ward</u> v <u>Wolfenbarger</u>,

340 F 2d 773 (ED Mich. 2004), the claim persists as the Court relates. <u>Id.</u>, at 775, 776. In fact, the Court found as <u>FACT</u>, that "these 1971 convictions <u>ARE BEING USED, IN PART, TO DENY PETITIONER PARLOE RELEASE ON HIS 1981 CONVICTION.</u>" <u>Id.</u>, at 776.

e) <u>FACT-FINDING/LACK OF FACT-FINDING</u>: This Court in 72701 found the <u>FACT</u> that post 2004 expungement order, and at least until 8/7/19, Respondent's had <u>not</u>, in fact, expunged the 1971 convictions; and that in <u>fact</u>, references to those unconstitutional convictions <u>remained</u> in Petitioner's various prison files. However, although the CA6 was concerned whether the MDOC/Parole Board were <u>CONSIDERING</u> the unconstitutional 1971 convictions, and "B" prefix designation (342 F App'x 134 (CA6 2009); and see <u>remand</u> order of 7/14/14, [Dkt# 162]); and all CA6 oral argument and opinions focused on "consideration," over that of "presence" of the 1971 convictions, by MDOC/Parole Board in its parole and classification decisions; <u>THIS COURT, over Petitioner's objection, NEVER DID MAKE THE REQUISITE FACT-FINDING OF WHETHER the MDOC/Parole Authorities did or did not "CONSIDER" to Petitioner's prejudice, the 1971 convictions in its decision making process</u>, when rendering adverse decisions against Petitioner years 2004 to present.

1) <u>THE COURT'S FATAL FLAW IN SUMMARILY DISMISSING CLAIM #1 IN 19-cv-12543</u>, as "duplicative"/same subject matter of 03-cv-72701, IS THE FACT OF RECORD, that in 72701 the Court stated it <u>could</u> <u>not</u> grant the <u>RELIEF</u> of unconditional release, and did <u>NOT</u> make the critical fact-finding of whether the MDOC/Parole Authorities had <u>CONSIDERED</u> the unconstitutional 1971 convictions as reason, in part, to initiate a parole violation process, revoke parole, several times

-13-

deny parole, and recommend denial of commutation.  Petitioner assumed that critical fact-finding, and RELIEF to be granted, was reserved ✳ for the "separate" habeas petition (19-cv-12543) suggested by the Court in its 8/7/19 Op/Ord (Dkt# 355), pp. 12-13.  HOWEVER, such was not the case, when, IN ERROR, the Hon. A.J. Tarnow on 5/11/20 (Dkt# 21) in 19-cv-12543 summarily dismissed Claim #1, upon the Courts determination that Claim, #1 in 19-cv-12543 was "duplicative" and covered the "same subject matter" as in 03-cv-72701.  Thus leaving Petitioner with NO ADEQUATE REMEDY OR RELIEF from Respondent's PAST, PRESENT & CONTINUED unconstitutional CONSIDERATION in its various decision making, adverse to Petitioner's interests, of the UNCONSTITUTIONAL 1971 convictions, and "B" prefix designation.

  b) POTENTIAL REMEDIES:

  1) Re-Open 72701, hold such oral argument and hearing as the Court may decide, to determine and make a fact-finding, of whether Respondent's counsel deliberately (or with gross negligence) falsified/misled the Court on the material attestations in their 9/6/19 (Dkt# 364) certificate of compliance; and if found in non-compliance with the 8/7/19 Op/Ord (Dkt# 355)(a conditional writ of habeas corpus), to sanction appropriately, including an order to reinstate Petitioner to his earlier parole, nunc pro tunc 7/15/05 (a form of "conditional" liberty), (Tunks v Sigler, 427 F Supp 455, 456-57 (CD Calif. 1976); 432 F Supp 615, 616 (CD Calif. 1977)); or order Petitioner's permanent release from state custody on his 1981 Washtenaw Cnty sentence, upon an unconditional writ of habeas corpus, after finding Respondent's, in fact, did not comply with its 8/7/19 Op/Ord (Dkt# 355).  Satterlee v Wolfenbarger, 453 F 3d 362, 369 (CA6 2006); Burgett v Texas, 389 U.S. 109, 115 (1967); Lackawanna Cnty

-14-

Dist. Atty. v Coss, 532 U.S. 394, 404 (2001); Majchszak v Ralston, 454 F Supp 1137, 1141-44 (WD Wis. 1978).

 2) Re-Open 72701, hold an evidentiary hearing, and make the requisite fact-finding of whether the MDOC/Parole Authorities, to Petitioner's prejudice have, from 2004 to present, "considered" the 1971 convictions and/or "B" prefix designation; and if determined to have done so, either reinstate Claim #1, and order Respondent's to answer on the merits, in 19-cv-12543; or "consolidate" as active 72701 with 12543; or, grant Petitioner's release from custody either by reinstating parole nunc pro tunc 7/15/05 (Tunks, supra.); or upon an unconditional writ of habeas corpus, Satterlee, supra.; Burgett, supra.; Lackawanna, supra.; Majchszak, supra.

==================

 "Collateral consequences are essentially PRESUMED by virtue of an unconstitutional convictions CONTINUED EXISTENCE.  Thus, once a habeas petitioner provides the MINIMAL showing of the existance of collateral consequences that are required, it becomes the State's BURDEN to show CONCLUSIVELY that collateral consequences to not exist in a case of an unconstitutional conviction remaining on one's record.  ... It is equally settled that a petitioner need not show much more than the POSSIBILITY of tangible collateral consequences for the BURDEN TO SHIFT to the State to show that the consequences are not in fact possible." Gall v Scroggy, 603 F 3d 346, 352-57 (CA6 2010).

 The writ of habeas corpus is veiwed as lying to:  "Enforce the right to personal liberty, when that right is denied and a person is confined, the federal court has the power to release him.  Indeed, it

has no other power; it cannot revise the state court judgment; it <u>can</u>
<u>act only on the body of the petitioner</u>." <u>Letzer</u> v <u>Abrams</u>, 615 F Supp
1226, 1229 (E.D.N.Y. 1985), quoting <u>Fay</u> v <u>Noie</u>, 372 U.S. 391, 430-31
(1963).

"Conditional writs must be TAILORED to ensure that ALL
constitutional defects will be CURED by the satisfaction of that
condition." <u>Ward</u> v <u>Wolfenbarger</u>, 323 F Supp 2d 818, 830 (ED Mich.
2004), citing <u>Henderson</u> v <u>Frank</u>, 155 F 3d 159, 168 (CA3 1998).

See, <u>McCray</u> v <u>Vasbinder</u>, 2006 U.S. Dist. LEXIS 94716, at *2-4 (ED
Mich., Hon. A.J. Tarnow):

> Conditional grants of the writ of habeas corpus are
> "'accommodations accorded to the state. They represent a
> [habeas] court's holding that a[n] ... infirmity justifies
> release.'" <u>Satterlee</u> v <u>Wolfenbarger</u>, 453 F 3d 362, 369 (CA6
> 2006), quoting <u>Phifer</u> v <u>Warden</u>, 53 F 3d 859, 864-65 (CA7 1995).
> "The sole distinction between a conditional and an absolute
> grant of a writ of habeas corpus is that the former lies latent
> unless and <u>until the state fails to perform the established</u>
> <u>condition</u>, at which time the writ springs to life." <u>Gentry</u> v
> <u>Deuth</u>, 456 F 3d 687, 692 (CA6 2006). Thus, "[w]hen the state
> <u>fails to cure the error, i.e., when it fails to comply with the</u>
> <u>orders conditions</u>, '[a] conditional grant of a writ of habeas
> corpus <u>requires</u> the petitioners <u>release</u> from custody.'"
> <u>Satterlee</u>, 453 F 3d at 369, quoting <u>Fisher</u> v <u>Rose</u>, 757 F 2d
> 789, 791 (CA6 2005). Conditional grants of the writ of habeas
> corpus "would be meaningless if a habeas court could not order
> a non-compliant state to release a prisoner." <u>Id.</u>, at 369 n.5

=====================

6. <u>AS A MATTER OF DUE PROCESS, AND IN "THE INTEREST OF JUSTICE,"</u>
<u>03-cv-72701 NEED BE "CONSOLIDATED" WITH 19-cv-12543</u>, for although the
"subject matter" "court," and "parties" may be the <u>same</u> in 72701 and
12543, the FACTS YET TO BE FOUND (i.e., Respondent's <u>consideration</u> of
the unconstitutional 1971 convictions and "B" prefix designation),
and <u>RELIEF</u> to be (or that could be) granted in 12543 <u>were</u> <u>NOT</u> <u>found</u>,
<u>granted</u>, or considered, in 72701; but could and should be granted in

12543; "but for" the erroneous dismissal of Claim #1 in 12543. See, Post v Gilmore, 111 F 3d 556, 557-58 (CA7 1997)(If one plaintiff files two suits arising out of the same transaction, but SEEKING DIFFERENT RELIEF, a court should CONSOLIDATE them, or perhaps defer handling one until the other has been resolved). Id., at 557. And, see Id., at 558, discussing how requiring the filing of TWO 'SEPARATE' HABEAS ACTIONS, may DOOM one of the two, if not consolidated.

Here, given the special circumstances attached to these two habeas cases (72701 & 12543), the Court committed reversible error in denying Petitioner's motion to consolidate in its Op/Ord of 3/12/20 (Dkt# 403)(72701), and in 12543 (Op/Ord 5/11/20 [Dkt# 21]), pp. 8-9, for as warned in Post v Gilmore, according to the Court's reasoning (albeit in error as it was), Claim #1 in 19-cv-12543 was doomed; and the RELIEF that according to the Court in 72701 could be granted only upon the filing of a "separate" petition (i.e., 19-cv-12543) would be available in 12543 but not 72701. On re-opening of 72701, the Court, in its infinite wisdom, on reconsideration, should "consolidate" 72701 with 12543, and resurrect as valid Claim #1 in 12543, or outright grant the same relief in 72701 that would or could have been granted, as prayed for in 12543 (Claim #1), but was not in 72701. It was unreasonable for the Court (with same presiding judge in both habeas cases) to summarily dismiss Claim #1 in 12543, on the basis that the foundation (in fact and law) was established in the record in 72701, but where the RELIEF awarded in 72701 has now proven to be wholly ineffective and inadequate to remedy Respondent's past, present and continued violation of his Sixth Amendment U.S.

-17-

Constitutional right.   Burgett, supra.; Majchszak, supra.

===================

a) In the 12543 Op/Ord (Dkt# 21), p. 9, the Court justified its decision to deny consolidation "because the issues are **not identical** ...".   This language is both conflicting within that Op/Ord; and clearly erroneous.   **First**, at p. 5 of the Op/Ord, the Court dismisses Claim #1 for reason, in part, of "same subject matter," and "duplicate" of the claim in 72701; but refuses to "consolidate" the cases, asserting "the issues (Claims #1 & 2) are **not identicle**."   **Second**, the language is clearly erroneous because both Claims #1 & 2 were raised in 72701.   **See**, Petitioner and former Federal Defender briefing, Dkt#'s 277, 302, 334-335, 387.   As to Claim #1, the Court in 72701 refused to grant the relief Petitioner and his former Federal Defender requested; and as to Claim #2, although the Court in 72701 never did address the "VINDICTIVE RETALIATION" claim, that claim was properly raised and argued at length by both Petitioner and his former Federal Defender; Petitioner in his pro-se briefing explicitly invoked the Court's "Supplemental Jurisdiction," under 28 U.S.C. § 1367(a).

In order that this Court's integrity survive, the Court has but two choices, in order to survive an appeal, upon CA6 scrutiny: 1) Re-Open 72701 and grant new and additional relief Petitioner has suggested and prayed for; or   2) **Reinstate** Claim #1 to 12543, **and** order Respondent's to answer to that claim on its merit; and/or **3)** that the Court in 72701 re-open that case, and entertain **oral** argument and hold an evidentiary hearing on all matters **deemed**

appropriate by the Court, and then decide on how to move forward, all in the "interest of justice."

WHEREFORE, Petitioner prays the Court GRANT his motion, fashion and enter such orders and/or instruction consistent with the above facts, circumstances and authorities, in the "interest of justice."

Respectfully submitted

Date: 5/19/20

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

Date: 5/19/20

Re: Ward v Wolfenbarger, et al.,
    Case: 2:03-cv-72701 (AJT)

Dear Clerk & Judge Tarnow:

   ENCLOSED for filing and the Court's consideration is one (1) original of the below prisoner pro-se pleading.  On this date, by way of separate mailing, I have mailed a "judge's copy" to Judge Tarnow's chambers.

   1. PETITIONER'S MOTION TO RE-OPEN CASE BASED ON NEW MATERIAL EVIDENCE; and,

   2. Certificate/Proof of Service.  See herein below.
                        ===============

Thank you for your time and assistance in processing this matter.

Sincerely,

Michael Ward #128267
Macomb Corr Fac
34625 26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

## CERTIFICATE/PROOF OF SERVICE

   I, MICHAEL WARD, Petitioner herein, certify and declare under penalty of perjury that on 5/1/20, I placed a copy of the above identified PETITIONER'S MOTION TO RE-OPEN CASE BASED ON NEW MATERIAL EVIDENCE; and herein Certificate/Proof of Service, in the U.S. Mail, 1st class postage prepaid, addressed to the presiding judge, and opposing counsel of record: HONORABLE ARTHUR J. TARNOW, Senior USDJ, U.S. District Court, E.D. Mich., Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 124, Detroit, MI 48226; and LINUS BANGHART-LINN, Asst Mich Attorney General, Criminal Appellate Division, P.O. Box 30217, Lansing, MI 48909.

28 USC § 1746

Michael Ward #128267
Affiant/Petitioner



Michael Ward #128267
Macomb Correctional Facility
34625 26 Mile Rd.
Lenox Twp., MI 48048

5/19/20



U.S. MARSHALS

CLERK of the Court
U.S. District Court, E.D. Mich.
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226