UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,

_____/

Civil Nos. 03-CV-72701-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER GRANTING THE SECOND MOTION FOR AN EXTENSION OF TIME TO FILE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* (ECF No. 430), DENYING AS MOOT THE MOTIONS TO INVESTIGATE AND LOCATE MOTIONS (ECF No. 422) AND FOR DISCOVERY (ECF No. 425), DENYING WITHOUT PREJUDICE THE MOTION TO APPOINT APPELLATE COUNSEL (ECF No. 424), AND DENYING THE MOTIONS TO REOPEN THE CASE (ECF No. 421), THE MOTIONS FOR SUPPLEMENTAL AUTHORITY (ECF No. 434, 436), THE MOTION TO SCHEDULE A CONFERENCE (ECF No. 437), THE MOTION TO REINSTATE EARLIER MOTIONS (ECF No. 438), THE MOTION TO AMEND THE HABEAS PETITION (ECF No. 439), THE MOTION TO EXPAND THE MOTION TO SHOW CAUSE (ECF No. 441), AND THE MOTION TO SUPPLEMENT THE RECORD (ECF No. 442), AND DIRECTING PETITIONER TO FILE ALL FUTURE PLEADINGS WITH THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Pending before the Court are numerous motions filed by petitioner.

**I. Background**

This Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment

1

of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004).  The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77.  The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.*  The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

On August 7, 2019, following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

On March 12, 2020, this Court denied several motions filed by petitioner although the Court granted petitioner's motion to order the Michigan Department of Corrections to permit petitioner to review his prison files. (ECF No. 403).

On May 21, 2020, this Court issued an order granting and denying several motions. Of relevance to this case, the Court ordered respondent to photocopy portions of petitioner's prison file for him to review to determine whether all references to petitioner's 1971 convictions had been expunged and his classification changed from a B prefix to an A prefix. The Court granted petitioner's motion to show cause and ordered respondent to show whether or not they had complied with the modified conditional writ. (ECF No. 418).

3

Respondent filed a response to the show cause order (ECF No. 423) and petitioner filed a reply (ECF No. 426).

## II. Discussion

### A. The motion for a second extension of time to file a certificate of appealability and leave to appeal in forma pauperis is GRANTED.

A court has the discretion to grant a habeas petitioner an extension of time to file a motion for a certificate of appealability. *See Maile v. Lafler*, No. 04-CV-74806-DT, 2006 WL 1374045, at * 1 (E.D. Mich. May 17, 2006). In light of the ongoing issues with the Coronavirus Pandemic, the Court grants petitioner a second sixty day extension of time to file his motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal.

### B. The motions to investigate and locate motions and for discovery are denied as moot.

Petitioner filed a motion to ask this Court to locate several pending motions which he claims have not been filed. These motions, however, were filed and ruled upon. (ECF No. 404, 411-14). Petitioner also requests in his discovery motion that the Michigan Department of Corrections (M.D.O.C.) make photocopies of these documents so that he can present them to the Court to show that the respondent has not complied with this Court's order. Petitioner claims that the M.D.O.C. did not comply with the Court's earlier order.

A review of petitioner's various pleadings clearly shows that he was either provided with photocopies of these documents or has reviewed them. The motion for discovery is denied as moot.

### C. The motion for the appointment of appellate counsel is denied without prejudice.

Petitioner moved for this Court to appoint him appellate counsel for his appeal which remains pending in the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel. *See Murray v. Artl,* 189 F. App'x 501, 504 (7th Cir. 2006); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). Petitioner should direct his motion to the Sixth Circuit.

The motion for the appointment of appellate counsel is denied without prejudice.

### D. The remaining motions are denied with prejudice.

Petitioner in his remaining motions asks to reopen the case and amend the petition on the ground that the respondent failed to fully comply with the conditions of the modified writ. Petitioner also seeks to schedule a conference. Petitioner seeks release from custody.

The gravamen of petitioner's motions is that respondent did not fully comply with the terms of the modified grant because there are still numerous documents in the MDOC file which refer to petitioner as having a B prefix, as well as a few references to the 1971 convictions.

Respondent in their answer to the show cause order admit that there were a few references to the 1971 convictions which inadvertently remained in some documents but that these references have now been removed.  Respondent also argues that old documents which show petitioner's prisoner number beginning with a B are merely an indirect reference to petitioner's old B prefix which the modified grant did not order to be removed.  Respondent argues it would be a hardship to go through over two hundred pages of petitioner's prison documents to excise or blackout all of these indirect references.  Respondent also indicates that these indirect references to either petitioner's 1971 convictions or to his old B prefix have not prejudiced him because at least one Parole Board

member in an affidavit swears that the Parole Board did not rely on petitioner's 1971 convictions in denying him parole on his 1981 over 650 grams of cocaine conviction. This affidavit was also supplied in petitioner's related case, 19-12543, in which he challenged his parole denial.  This Court relied in part on that affidavit in denying petitioner's claim that the Parole Board was still considering these expunged convictions when denying petitioner parole.  Lastly, respondent argues that petitioner does not have "clean hands" because he keeps referencing the 1971 convictions and his old B prefix in several letters and grievances he has filed.

    A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir. 2006).  If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.* When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006).  However, "*Satterlee* does not require immediate release in all cases

where a term of the conditional writ was not performed precisely as ordered." *McKitrick v. Jeffreys*, 255 F. App'x 74, 76 (6th Cir. 2007).  A district court may make exceptions when the state has "substantially complied" with the terms of the order. *Id.; See also Ward v. Wolfenbarger,* 342 F. App'x 134, 137 (6th Cir. 2009).

The Court denies petitioner's remaining motions because the Michigan Department of Corrections has essentially complied with the terms of the modified writ.

### E. Petitioner is directed to file all future pleadings in this case with the Sixth Circuit.

As this Court previously stated, "[T]his Court granted petitioner all the relief that he is possibly entitled to." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 WL 1181484, at *2 (E.D. Mich. Mar. 12, 2020)(ECF No. 403, PageID. 6881).  After seventeen years, numerous published and unpublished opinions, and over 442 docket entries, there is nothing more that this Court can do for petitioner for his 1971 convictions.

Petitioner is **DIRECTED** to file all future pleadings on this matter in the Sixth Circuit Court of Appeals. No further pleadings will be entertained by this Court.

**IT IS HEREBY ORDERED that:**

(1) The second motion for an extension of time to file a motion for a certificate of appealability and leave to appeal *in forma pauperis* (ECF No. 430) is GRANTED.

(2) The motions to locate the pending motions and for discovery (ECF No. 422, 425) ARE DENIED AS MOOT.

(3) The motion for the appointment of appellate counsel (ECF No. 424) is DENIED WITHOUT PREJUDICE.

(4) The remaining motions (ECF No. 421, 434, 436, 437, 438, 439, 441, and 442) ARE DENIED.

(5) Petitioner is directed to file all future pleadings in this case with the Sixth Circuit. No further pleadings in this case will be entertained by this Court.

                                       s/Arthur J. Tarnow
                                       Hon. Arthur J. Tarnow
                                       United States District Judge

Dated: September 23, 2020