**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

     Petitioner,                   Civil Nos. 03-CV-72701-DT
                                        HONORABLE ARTHUR J. TARNOW
v.                             UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

     Respondent,

_____/

## OPINION AND ORDER GRANTING THE MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 447) AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

     Before the Court is petitioner's motion for a certificate of appealability.  For the reasons that follow, the motion is GRANTED.  The Court also grants petitioner leave to appeal *in forma pauperis*.

     This Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions for possession of LSD and marijuana, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004).  The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

1

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77.   The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.*  The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

Following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

On March 12, 2020, this Court denied several motions filed by petitioner although the Court granted petitioner's motion to order the Michigan Department of Corrections to permit petitioner to review his prison files.  (ECF No. 403).

On May 21, 2020, this Court issued an order granting and denying several motions.  Of relevance to this case, the Court ordered respondent to photocopy portions of petitioner's prison file for him to review to determine whether all references to petitioner's 1971 convictions had been expunged and his classification changed from a B prefix to an A prefix.  The Court granted petitioner's motion to show cause and ordered respondent to show whether or not they had complied with the modified conditional writ. (ECF No. 418).

Respondent filed a response to the show cause order (ECF No. 423) and petitioner filed a reply (ECF No. 426).

On September 23, 2020, this Court granted petitioner an extension of time to file a motion for a certificate of appealability and for leave to appeal in forma pauperis.  The Court denied petitioner's remaining motions. (ECF No. 443).  The Court directed petitioner to file all future pleadings in the Sixth Circuit. (*Id.*)  The Court indicated:

As this Court previously stated, "[T]his Court granted petitioner all the relief that he is possibly entitled to." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 WL 1181484, at *2 (E.D. Mich. Mar. 12, 2020)(ECF No. 403, PageID. 6881).   After seventeen years, numerous published and unpublished opinions, and over 442 docket entries, there is nothing more that this Court can do for petitioner for his 1971 convictions.

(*Id.*).

Petitioner has now filed a motion for a certificate of appealability.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

4

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail". *Id.*

This Court believes that it was correct in finding that the respondent had fully complied with its order of expungement. This Court also believes that it was correct in ruling that petitioner had obtained all the relief he was entitled to on his 1971 convictions. Specifically, the Court believes it was correct in repeatedly rejecting petitioner's argument that he should be released from prison on the 1981 conviction for possession with intent to deliver 650 or more grams of cocaine based on the Michigan Department of Corrections' alleged failure to remove all references to his 1971 convictions.

Nonetheless, this Court will reconsider its earlier order and will grant petitioner's motion for a certificate of appealability. Petitioner has shown through his various pleadings that jurists of reason could find this Court's rulings

5

debatable.  The Court notes that the Sixth Circuit has already granted petitioner a certificate of appealability on his related case, in which he challenges the Michigan Parole Board's refusal to grant him permission on his 1981 case. See 20-1732.  One of petitioner's claims is that the Parole Board is continuing to use his 1971 expunged convictions to deny him parole on his 1981 case.  Petitioner also repeatedly argued that this Court should have ordered the Michigan Department of Corrections to release petitioner from prison on his 1981 conviction based on their failure to order the expungement of his 1971 convictions.  Because the issues in his current case are related to the claims in his 1981 case, in which a certificate of appealability has been granted, this Court believes that a certificate of appealability should issue in this case as well.

As this Court has previously indicated: "[T]he Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner. The Court's experience, however, is to the contrary.  Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review." *Hargrave v. McKee,* 2005 WL 1028183, * 1 (E.D. Mich. April 25, 2005)(citing *Taylor v. Howes*, 26 F. App'x. 397, 399 (6th Cir. 2001)).  "[B]ecause the Court is not infallible and does not believe that its decision should be insulated from further review," *Id.,* a certificate of appealability shall issue in this case.

A court may grant *in forma pauperis* (IFP) status if it concludes that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  Good faith

6

requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.*  Because this Court granted a certificate of appealability, petitioner's appeal is being undertaken in good faith; petitioner is thus GRANTED leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

IT IS HEREBY ORDERED that Petitioner is GRANTED a Certificate of Appealability and Leave to Appeal *In Forma Pauperis.*

 s/Arthur J. Tarnow
**HONORABLE ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**
**Dated: June 15, 2021**

7