**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

     Petitioner,                           Civil Nos. 03-CV-72701-DT
                                             HONORABLE ARTHUR J. TARNOW
v.                                    UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

     Respondent,

_____/

<u>**OPINION AND ORDER DENYING THE MOTION**</u>
<u>**FOR BOND PENDING APPEAL (ECF No. 449)**</u>

     Before the Court is Petitioner's motion for bond pending appeal. For the reasons that follow, the motion is DENIED.

     This Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions for possession of LSD and marijuana, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

1

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). The Court declined to order Petitioner's release from incarceration on these convictions, because the sentences on his 1971 convictions had expired. Instead, the Court concluded that Petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Id.* at 776-77. The Court vacated the judgment of conviction against Petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of Petitioner's arrest or conviction involved with these offenses. *Id.*

Following a remand by the United States Court of Appeals for the Sixth Circuit, this Court modified the terms of the grant of the writ of habeas corpus to include the following conditions:

> The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4 (E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

On March 12, 2020, this Court denied several motions filed by petitioner although the Court granted petitioner's motion to order the Michigan Department of Corrections to permit petitioner to review his prison files.  (ECF No. 403).

On May 21, 2020, this Court issued an order granting and denying several motions.  Of relevance to this case, the Court ordered respondent to photocopy portions of petitioner's prison file for him to review to determine whether all references to petitioner's 1971 convictions had been expunged and his classification changed from a B prefix to an A prefix.  The Court granted petitioner's motion to show cause and ordered respondent to show whether or not they had complied with the modified conditional writ. (ECF No. 418).

Respondent filed a response to the show cause order (ECF No. 423) and petitioner filed a reply (ECF No. 426).

On September 23, 2020, this Court granted petitioner an extension of time to file a motion for a certificate of appealability and for leave to appeal in forma pauperis.  The Court denied petitioner's remaining motions. (ECF No. 443).  The Court directed petitioner to file all future pleadings in the Sixth Circuit. (*Id.*)  The Court indicated:

As this Court previously stated, "[T]his Court granted petitioner all the relief that he is possibly entitled to." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 WL 1181484, at *2 (E.D. Mich. Mar. 12, 2020)(ECF No. 403, PageID. 6881). After seventeen years, numerous published and unpublished opinions, and over 442 docket entries, there is nothing more that this Court can do for petitioner for his 1971 convictions.

(*Id.*).

Petitioner has now filed a motion for release on bond pending appeal.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. This Court has granted Petitioner all the relief he is possibly entitled to. In light of the fact that Petitioner has failed to establish at this time that he would prevail on the merits of his claims on appeal, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

Petitioner, however, seeks release on bond, claiming that his health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates. Petitioner, in fact, claims that he tested positive for the virus.

The Court is sympathetic to Petitioner's concerns.  Nonetheless, Petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the claims that he raised in his habeas petition.  As such, the claims and relief requested in petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at * 4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition." *Id.*

There is no allegation that petitioner has been exposed again to the Coronavirus, nor has he shown that the State of Michigan is unable or unwilling of protecting him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at * 3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020).  The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19

individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.*

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities.  These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify his release on bond.

Based on the foregoing, the Motion for Release on Bond Pending Appeal (ECF No. 449) is DENIED.

**s/Arthur J. Tarnow**
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 28, 2021**