**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

     Petitioner,                       Civil Nos. 03-CV-72701-DT
                                            HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

     Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION (ECF No. 457) AND THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 460)

Before the Court is Petitioner's motion for reconsideration of this Court's decision to deny him bond pending appeal and his related motion for the appointment of counsel to assist him with the motion for bond and the related motion for reconsideration. For the reasons that follow, the motions are DENIED.

This Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions for possession of LSD and marijuana, because the state trial court failed to advise Petitioner that he had a right to appeal and had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford Petitioner an appeal of right to the Michigan Court of Appeals with

1

the assistance of appellate counsel. *Id.*  The Court subsequently ordered that an

unconditional writ of habeas corpus issue in this case. *See Ward v.*

*Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004).  The Court declined to

order Petitioner's release from incarceration on these convictions, because the

sentences on his 1971 convictions had expired.   Instead, the Court concluded

that Petitioner was entitled to have these 1971 convictions and all of the effects

stemming from them expunged from his record. *Id.* at 776-77.   The Court

vacated the judgment of conviction against Petitioner for the offenses of

possession of LSD and possession of marijuana from the Huron County Circuit

Court from January 20, 1971 and ordered that the record of conviction be

expunged. *Id.*

Following a remand by the United States Court of Appeals for the Sixth

Circuit, this Court modified the terms of the grant of the writ of habeas corpus to

include the following conditions:

> The State of Michigan shall remove all references to the expunged
> 1971 convictions from any and all records submitted to the Michigan
> Parole Board. The Michigan Department of Corrections shall also
> remove any references to the expunged 1971 convictions from any
> records regarding Petitioner's security and institutional classification.
> The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional
> record. A certificate of compliance shall be filed with this Court within
> 30 days of the receipt of this order.

*Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at * 4

(E.D. Mich. Aug. 7, 2019).

On September 6, 2019, respondent filed a notice of compliance with the Court's order. (ECF No. 364).

On March 12, 2020, this Court denied several motions filed by petitioner although the Court granted petitioner's motion to order the Michigan Department of Corrections to permit petitioner to review his prison files. (ECF No. 403).

On May 21, 2020, this Court issued an order granting and denying several motions. Of relevance to this case, the Court ordered respondent to photocopy portions of petitioner's prison file for him to review to determine whether all references to petitioner's 1971 convictions had been expunged and his classification changed from a B prefix to an A prefix. The Court granted petitioner's motion to show cause and ordered respondent to show whether or not they had complied with the modified conditional writ. (ECF No. 418).

Respondent filed a response to the show cause order (ECF No. 423) and petitioner filed a reply (ECF No. 426).

On September 23, 2020, this Court granted petitioner an extension of time to file a motion for a certificate of appealability and for leave to appeal in forma pauperis. The Court denied petitioner's remaining motions. (ECF No. 443). The Court directed petitioner to file all future pleadings in the Sixth Circuit. (*Id.*) The Court indicated:

> As this Court previously stated, "[T]his Court granted petitioner all the relief that he is possibly entitled to." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 WL 1181484, at *2 (E.D. Mich. Mar. 12, 2020)(ECF No. 403, PageID. 6881). After seventeen years, numerous published and unpublished opinions, and over 442 docket

entries, there is nothing more that this Court can do for petitioner for
his 1971 convictions.

(*Id.*).

Petitioner subsequently filed a motion for release on bond pending appeal,
which this Court denied on June 28, 2021. (ECF No. 454).   Petitioner filed a
Notice of Appeal from this decision on July 7, 2021. (ECF No. 455).  His case
remains pending in the Sixth Circuit. See Case # 21-2743 (6th Cir.).

Petitioner has now filed a motion for reconsideration, several supplemental
pleadings in support of the motion, and a motion for the appointment of counsel
to assist him with his motion for bond pending appeal and his motion for
reconsideration.

This Court lacks jurisdiction to consider Petitioner's motion for
reconsideration because Petitioner has filed a notice of appeal in this case.  A
notice of appeal generally "confers jurisdiction on the court of appeals and
divests the district court of control over those aspects of the case involved in the
appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373,
379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58
(1982)(per curiam)); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir.
1992).  Because petitioner has filed a notice of appeal, this Court lacks
jurisdiction to amend its original opinion and order to consider the merits of
petitioner's case. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93

F. App'x. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider). Petitioner's notice of appeal likewise divests this Court of jurisdiction to consider his motion for the appointment of counsel. *See Murray v. Artl,* 189 F. App'x. 501, 504 (7th Cir. 2006); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983).

Based on the foregoing, the Motion for Reconsideration (ECF No. 457) and the motion for the appointment of counsel (ECF No. 460) are DENIED.

_s/Arthur J. Tarnow_____

**HON. ARTHUR J. TARNOW**

**Dated:** December 2, 2021     **UNITED STATES DISTRICT JUDGE**